```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x
                                   :
UNITED STATES OF AMERICA           :    PROTECTIVE ORDER
                                   :
        - v. -                     :    S1 16 Cr. 371 (RA)
                                   :
JASON GALANIS,                     :
GARY HIRST,                        :
JOHN GALANIS,                      :
HUGH DUNKERLEY,                    :
MICHELLE MORTON,                   :
DEVON ARCHER, and                  :
BEVAN COONEY,                      :
                                   :
        Defendants.                :
                                   :
- - - - - - - - - - - - - - - - - x
```

RONNIE ABRAMS, District Judge:

WHEREAS the Government has produced and intends to produce to the defendants (along with the Government, the "parties") certain discovery materials pursuant to Federal Rule of Criminal Procedure 16 ("Rule 16"), Title 18, United States Code, Section 3500, *Brady* v. *Maryland*, and/or *United States* v. *Giglio*, which contain and/or reflect confidential information, including but not limited to personally identifying information such as names, social security numbers, dates of birth, home addresses, and telephone numbers, as well as confidential bank account information and other personal business or financial information. Such discovery materials are referred to herein as "Confidential Material"; and

WHEREAS pursuant to Rule 16(d)(1), and for good cause shown, the parties desire to protect the confidentiality of Confidential Material;

IT IS HEREBY ORDERED:

1. Any Confidential Material produced by the Government in this action shall be Bates-stamped with the designation "Confidential" or otherwise clearly identified by the Government to counsel for the defendants as subject to the provisions of this Order.

2. Confidential Material:

    (a) shall be used by the defendants and their counsel only for purposes of this action;

    (b) shall not be disclosed in any form by the defendants or their counsel except as set forth below;

    (c) may be disclosed only to the following persons (hereinafter "Designated Persons"):

        (i) investigative, secretarial, clerical, paralegal, and student personnel employed full-time or part-time by each defendant or his or her counsel;

        (ii) independent expert witnesses, investigators, or advisors retained by or on behalf of any defendant in connection with this action;

        (iii) other prospective witnesses and their counsel, to the extent deemed necessary by counsel for any defendant for purposes of trial preparation; and

        (iv) such other persons as hereafter may be authorized by the Court upon a motion by any defendant; and

    (d) shall be, at the conclusion of this case, destroyed together with any and all copies thereof. For purposes of this Order, the conclusion of this case means the latest of: (i) 30 days after the expiration of the period for direct appeal from any trial verdict; (ii) if an appeal is taken, 30 days after the issuance of the mandate following a final and non-appealable order disposing of the last remaining issues in this case; (iii) 30 days after the expiration of the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or (iv) 30 days after the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case.

3. The defendants and/or their counsel shall provide a copy of this Order to Designated Persons to whom they disclose Confidential Material pursuant to paragraph 2(c). Each defendant and/or his or her counsel shall maintain a record of all such Designated Persons to whom they provide Confidential Material. If Confidential Material is provided to any prospective witnesses, pursuant to paragraph 2(c)(iii), counsel shall make reasonable efforts to seek the return or destruction of such materials in accordance with paragraph 2(d), above. Prior to disclosure of Confidential Material to Designated Persons, pursuant to paragraph 2(c), any such Designated Person

shall agree to be subject to the terms of this Order by signing a copy hereof and stating that they "Agree to be bound by the terms herein," and providing a copy to the relevant defendant's counsel.  However, defendants and their counsel need not obtain signatures from any member of the defense team (e.g., attorneys, experts, consultants, paralegals, investigators, support personnel, and secretarial staff involved in the representation of the defendants in this case), all of whom are nonetheless bound by this Protective Order.

4. The defendants and their counsel shall use reasonable care to ensure that the Confidential Material is not disclosed or disseminated to any third parties in violation of this Protective Order.  In the event of an inadvertent disclosure of Confidential Material, the relevant defendant and/or his or her counsel shall promptly notify the Court and the Government as to the identity of the recipient of the inadvertently produced Confidential Material and shall use reasonable efforts to secure the return or destruction of the inadvertently produced Confidential Material.

5. The provisions of this Order shall not be construed as preventing or permitting the disclosure of any information in any motion, hearing, trial, appeal, or sentencing proceeding held in connection with the above-captioned action or to any District Judge or Magistrate Judge of this Court (or their staff) for purposes of the above-captioned action, provided,

however, that Confidential Material referenced or included in any written filing should initially be publicly filed in redacted form or under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

6. The provisions of this Order shall not terminate at the conclusion of this case and the Court will retain jurisdiction to enforce this Order following termination of the case.

IT IS SO ORDERED.

Dated:   New York, New York
         August ____, 2017

                                          _____
                                          HONORABLE RONNIE ABRAMS
                                          United States District Judge