

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 25, 2017

**BY ECF**

The Honorable Ronnie Abrams
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    <u>United States v. Jason Galanis, et al.,</u>
              **S1 16 Cr. 371 (RA)**

Dear Judge Abrams:

      The Government writes in brief response to the defendants' motion in the above-referenced matter to adjourn the motion deadline from October 2, 2017 and to "set a deadline for no less than thirty days after the government completes its production or, in the alternative, schedule a conference at that time to set a new motions schedule." (Def. Ltr. at 1-2). The defendants' motion should be denied.

      As the Court is aware, the defendants in this matter were arrested in May of 2016 and were first arraigned before Your Honor on June 8, 2016. The Court then held pretrial conferences on November 4, 2016, January 13, 2017, and March 3, 2017. At the pretrial conferences, the Government repeatedly requested that a trial date and motion schedule be set. Pointing to the significant volume of discovery, however, the defendants repeatedly requested additional time to review discovery and consider any motions. The Court granted the defendant's requests and waited until March 3, 2017, nearly 10 months after the defendants' arraignment, to set a motion schedule and trial date. Moreover, the Court provided the defendants' until October 2017, nearly an additional seven months, to file any motions. The Court also set trial for February 5, 2018.

      In the meantime, in December 2016, the Government sought and obtained search warrants for email accounts used by Devon Archer, Archer's assistant, and by Bevan Cooney (the "Search Warrants"). Before the Government had accessed the results of the Search Warrants, however, both Archer and Cooney moved to stay execution of the search warrants pending a potential motion to quash. This Court denied the stay and denied a subsequent motion for a stay pending appeal. Thereafter, the defendants appealed this Court's denial of their motions and filed a petition for a writ of mandamus in the Second Circuit. Those matters were not fully resolved in the Government's favor until May 2017, at which point the Government was first able to access the Search Warrants' results. Working with defense counsel, the Government then took steps to isolate any potentially privileged communications from the Search Warrants' results. In July 2017, in the interests of

expediency and with the apparent consent of defense counsel, the Government produced all non-privileged emails obtained via the Search Warrants to all defendants. Following a belated objection to that procedure, the Government then agreed to produce only emails covered by the Search Warrants to all defendants and to do so on a rolling basis. The Government made an initial production of such emails on August 29, 2017 and a second production on September 18, 2017. Its review is ongoing.

Defendant Hirst, joined by his co-defendants, now moves to adjourn the motion schedule on the grounds that the defendants "have not completed our review of the previously produced discovery due to its substantial volume" and are "not currently in possession of all of the discovery" (Def. Ltr. at 1). The defendants' first argument, that they require additional time to complete their review of the previously produced discovery, should be dismissed out of hand. This case has been pending for almost a year and a half. The defendants have already been given more than adequate time to review discovery in this case and no further delay in merited.

The defendants' second argument – relating to the contents of the Search Warrants – should also be rejected. As a preliminary matter, only Archer or Cooney have standing to file a motion to suppress emails produced pursuant to the Search Warrants, and so Hirst has no basis to raise this issue in the first place. Moreover, the Government's ongoing email review does not justify an adjournment with respect to Archer or Cooney. Archer and Cooney have been in possession of the affidavit in support of the Search Warrants since at least February 2017 and are thus amply equipped to move to suppress the Search Warrants' results if they so choose. There is no indication that the specific emails identified pursuant to the Search Warrants will offer any basis for a further suppression motion. In the event that emails produced in the rolling productions do furnish a further basis for a motion to suppress, the Government would, of course, have no objection to the filing of a supplemental motion on that basis. But this abstract possibility does not justify the significant delay of all pretrial motions – the vast majority of which, if not all of which – are wholly unrelated to the contents of Archer and Cooney's email accounts.

      Respectfully submitted,

      JOON H. KIM
      Acting United States Attorney

By: _/s/ Rebecca Mermelstein_____
     Rebecca Mermelstein
     Andrea M. Griswold
     Assistant United States Attorneys
     (212) 637-2360/1205

cc:    All defense counsel (by ECF)