

MATTHEW L. SCHWARTZ
Tel.:  (212) 303-3646
E-mail:  mlschwartz@bsfllp.com

September 26, 2017

**BY ECF**

Hon. Ronnie Abrams
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *United States v. Jason Galanis, et al.*, **S1 16 Cr. 371 (RA)**

Dear Judge Abrams:

      On behalf of defendants Devon Archer and Bevan Cooney, we write in response to the government's letter of earlier today [ECF No. 239], and in support of the joint defense application for a first adjournment of the motions schedule [ECF No. 237].

      In its letter, the government argues that Mr. Archer and Mr. Cooney currently have all of the information in their possession necessary to file pre-trial motions, notwithstanding the fact that the government is continuing to review and produce the e-mails and other electronic evidence it obtained via search warrant.  That is incorrect; Mr. Archer and Mr. Cooney are unable to frame their pre-trial motions, including their suppression motion, until the government has substantially completed its production of materials responsive to the search warrant, and had a reasonable opportunity to review that material.

      The government in this case decided to adopt a review protocol to which Mr. Archer and Mr. Cooney objected, and further declined to even use the search terms that Mr. Archer and Mr. Cooney suggested in order to identify *potentially* privileged documents that should be subject to preliminary review by a "taint team."  The government also refused to document how it conducted its review, contrary to Mr. Archer's request.  That being so, Mr. Archer and Mr. Cooney will have no idea how the government conducted its privilege review, and the extent to which the trial team has been infected by privileged communications, until the government completes its review and the defendants are able to reverse-engineer the government's protocol. The government previously represented that approximately 58,000 documents were preliminarily responsive to the warrant, based on the use of search terms. [ECF No. 195, at 2].  Its production to date is only a small fraction of that – not nearly large enough from which to draw conclusions about how the government has decided to do its review.  We anticipate, however, that this will be the subject of motion practice, given that the government has ignored the defendants'



suggestions and conceded that "the risk is on the government" on this subject.  1/31/2017 Tr. at 16, 18.[1]

Admitting this possibility, the government states that it has no objection to a "supplemental" motion to suppress based upon the as-yet-produced documents.  But Mr. Archer and Mr. Cooney should not have to present their suppression motion piecemeal.  That would both prejudice their ability to put forward all of the arguments in connection with the search warrant at one time, and force the defendants to incur needless and significant expense as they litigate suppression issues (including, we anticipate, conducting evidentiary hearings) twice.  Thus, even if the Court is not inclined to grant the requested adjournment of the motions schedule, it should at a very minimum grant Mr. Archer and Mr. Cooney an adjournment of time in which to file their suppression motion.

That said, the sheer volume of discovery supports a wholesale adjournment of the motions schedule.  While it is true, as the government notes, that this case has been pending for over a year, the defendants have not been in possession of the discovery during that entire period.  Rather, the government has been producing voluminous discovery on a rolling basis (most recently in excess of 23.5 GB in late July 2017 of highly relevant e-mail communications from the investment advisor at the center of the case), and in a fashion that has made it particularly laborious to review.  For example, the government produced an 850 GB server, without providing any guidance as to what data it considers to be Rule 16 material.  Other documents are similarly hard to review for technical reasons.  For example, one "document" (FULTON 0001) is actually a 4,565 page scanned PDF of miscellaneous records.  Moreover, many of the electronic documents lack metadata, and many of the hard copy documents are of a quality that makes text recognition (and therefore automated review) impossible.  An adjournment is therefore necessary and appropriate in order to allow the defendants to complete their review of this material.

Thank you for your consideration of this request.

                                        Respectfully,

                                         /s/  Matthew L. Schwartz
                                        Matthew L. Schwartz
                                        *Counsel for Devon Archer*

                                         /s/  Paula Notari
                                        Paula Notari
                                        *Counsel for Bevan Cooney*

---

[1] Of course Mr. Archer, Mr. Cooney, and their co-defendants may have other motions that suggest themselves depending on the content of the documents that the government deems to be responsive.