

MATTHEW L. SCHWARTZ
Tel.: (212) 303-3646
E-mail: mlschwartz@bsfllp.com

October 18, 2017

**BY ECF**

Hon. Ronnie Abrams
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States v. Jason Galanis, et al.*, S1 16 Cr. 371 (RA)

Dear Judge Abrams:

    On behalf of defendants Gary Hirst, John Galanis, Devon Archer, and Bevan Cooney, we write to respectfully request an adjournment of the motion and trial schedule in this case or, in the alternative, to request a conference with the Court. The government objects to this request.

    As the Court is aware, the motions deadline in this case was originally October 3, 2017. As that date approached, however, it became clear that the government would not complete its production of discovery beforehand, and in particular that the government had not completed its review of materials obtained pursuant to a search warrant issued in December 2016. Accordingly, on September 26th, the Court ordered the government to provide notice of "when it anticipates completing production of the material obtained pursuant to the search warrants." [ECF No. 244]. In response, the government reported that it "expects to complete its review of non-privileged materials obtained pursuant to the search warrants . . . by October 13, 2017." [ECF No. 245]. In reliance on that representation, the Court ordered that motions must be filed by November 6, 2017; that the hearing on those motions will be held on December 8, 2017; and that the date and time of the final pre-trial conference (and, presumably, trial itself) will remain unchanged.

    A further adjournment of the motions and trial date is necessary for several reasons.

    *First*, while the government reports that it has indeed completed its *review* of non-privileged materials obtained pursuant to the search warrant, it has not completed its *production* of those materials. As of October 15, 2017, the government reported that the last batch of non-privileged material is being "readied for production by the vendor and we will make a production as [soon] as we receive them." As of that date of this letter, defense counsel has not yet received that production.

    *Second*, and more importantly, while the government has reportedly reviewed what it considers to be non-privileged materials, it still has not completed its review of potentially privileged materials. Again as of October 15, 2017, the government reported that "there are about 3,000 emails to be reviewed" for privilege purposes, and has provided no indication of when that review might be completed let alone when documents will be produced.



Thus, the answer to the question originally posed by the Court on September 26th – when does the government anticipate "completing production of the material obtained pursuant to the search warrants" – is unknown. The government has not completed its production of non-privileged documents, and still has a substantial number of documents to review for privilege. As explained in the September 26, 2017 letter submitted on behalf of Messrs. Archer and Cooney [ECF No. 240], the government's privilege review itself is virtually certain to be a subject of motion practice. As we explained, the government in this case has decided to adopt a review protocol to which Mr. Archer and Mr. Cooney objected, and further declined to even use the search terms that Mr. Archer and Mr. Cooney suggested in order to identify *potentially* privileged documents that should be subject to preliminary review by a "taint team." The government also refused to document how it conducted its review, contrary to Mr. Archer's request. That being so, Mr. Archer and Mr. Cooney will have no idea how the government conducted its privilege review, and the extent to which the trial team has been infected by privileged communications, until the government completes its review and the defendants are able to reverse-engineer the government's protocol. The other defendants' potential motions, such as motions for severance, will likewise be influenced by the substance of the government's production. It is simply not fair to require the defendants to file motions while the government is still in possession of material that it concedes is discoverable under Rule 16, but which has not yet been reviewed, let alone produced.

*Third*, even had the government completed its production of discovery by October 13th, an adjournment would still be needed. The government has been producing voluminous discovery on a rolling basis. For example, in July 2017 the government produced in excess of 23.5 GB of highly relevant e-mail communications from the investment advisor at the center of the case. In August, September, and October 2017, the government produced an additional more than 5.5 GB of data responsive to the search warrant, with an unknown amount more to come.

The discovery was also produced in a fashion that has made it particularly difficult to review. For example, the government produced an 850 GB drive, itself consisting of images of numerous other drives and devices, without providing any guidance as to what data it considers to be Rule 16 material. Other documents are similarly hard to review for technical reasons. For example, one "document" (FULTON 0001) is actually a 4,565 page scanned PDF of miscellaneous records.

Moreover, many of the electronic documents lack metadata, and many of the hard copy documents are of a quality that makes text recognition (and therefore automated review) impossible. For example, the documents produced by the government most recently in connection with the search warrant have had several critical categories of metadata stripped from them. There is no question that this data has been removed: when the identical e-mails were produced by Mr. Archer to the government prior to the initiation of this case, they contained important fields (such as DATE_SENT, TIME_SENT, TIME_ZONE, DATE_ACCESSD, and TIME_ACCESSD) that have been stripped from the very same e-mails produced by the government to Mr. Archer and the other defendants.



*Fourth*, trial of this action is much more complicated than initially presented. Your Honor originally set the motion schedule and trial date in March 2017. At that time, the government represented that there was "no" additional discovery that it anticipated producing, and that there was "nothing substantial" outstanding from third parties. 3/3/2017 Tr. at 4. The government also expressed its view that trial would last for three weeks. *Id.* at 5. In the months that followed, however, the government has produced an extraordinary volume of materials – a total of more than 30 GB of highly-relevant documents since the government represented that "nothing substantial" would be forthcoming. It is also inconceivable that this complex, multi-conspiracy, five-defendant trial will be completed in three weeks; if the trial is completed in twice that time it will be a small miracle. Simply put, the facts have changed significantly since the Court originally set a motions deadline and trial date in this case, and the schedule should change correspondingly.

\*   \*   \*

Accordingly, in order to deal with the tremendous amount of discovery that the government is continuing to produce, the defendants believe a short adjournment of approximately 90 days is necessary in order to properly frame pre-trial motions and to adequately prepare for trial. The defendants therefore respectfully request that the motion deadline be set for on or after February 9, 2017, and trial be scheduled for the Spring. Alternatively, we are available at the Court's convenience for a conference to discuss the schedule in this case.

Thank you for your consideration of this request.

Respectfully,

/s/ Michael Tremonte
Michael Tremonte
*Counsel for Gary Hirst*

/s/ David Touger
David Touger
*Counsel for John Galanis*

/s/ Matthew L. Schwartz
Matthew L. Schwartz
*Counsel for Devon Archer*

/s/ Paula Notari
Paula Notari
*Counsel for Bevan Cooney*