

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 20, 2017

**BY ECF**

The Honorable Ronnie Abrams
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**Re: United States v. Jason Galanis, et al., S1 16 Cr. 371 (RA)**

Dear Judge Abrams:

The Government writes in brief response to the motion by the majority of the defendants[1] in the above-referenced matter for (i) a second adjournment of the motion schedule to a date on or after February 9, 2018; and (ii) an adjournment of the trial date until the spring of 2018. For the reasons set forth below, the Court should deny both requests. The Government has met the previously agreed-upon deadline for completing its review of non-privileged of emails obtained pursuant to a search warrant, and the defendants' other arguments in support of an adjournment simply rehash the arguments the defendants made in seeking and obtaining the current motion schedule. Accordingly, the defendants' papers present no basis for another adjournment.

## Background

The defendants in this matter were arrested in May of 2016 and were first arraigned before Your Honor on June 8, 2016. At pretrial conferences in November 2016 and in January and March 2017, the Government repeatedly requested that a trial date and motion schedule be set. Pointing to the significant volume of discovery, however, the defendants repeatedly requested additional time to review discovery and consider any motions. The Court granted the defendant's requests and did not set a motion schedule and trial date until March 3, 2017, nearly 10 months after the defendants' arraignment. Moreover, the Court provided the defendants until October 2017, nearly an additional seven months, to file any motions. The Court also set trial for February 5, 2018.

In the meantime, in December 2016, the Government sought and obtained search warrants for email accounts used by Devon Archer and Archer's assistant and by Bevan Cooney (the "Search Warrants"). Before the Government had accessed the results of the Search Warrants, however, both Archer and Cooney moved to stay execution of the search warrants pending a potential motion to quash. This Court denied the stay and denied a subsequent motion for a stay pending appeal. Thereafter, the defendants appealed this Court's denial of their motions and filed a petition for a

[1] Defendant Michelle Morton has not joined in the motion.

writ of mandamus in the Second Circuit. Those matters were not fully resolved in the Government's favor until May 2017, at which point the Government was first able to access the Search Warrants' results. Working with defense counsel, the Government then took steps to isolate any potentially privileged communications from the Search Warrants' results. In July 2017, in the interests of expediency and with the apparent consent of defense counsel, the Government produced all non-privileged emails obtained via the Search Warrants to all defendants. Following a belated objection to that procedure, the Government then agreed to produce only emails covered by the Search Warrants to all defendants and – because the entire review encompassed more than 40,000 emails – to do so on a rolling basis.

On September 21, 2017, less than two weeks before motions were due, defendant Gary Hirst first sought an adjournment of the motion schedule to a date "no less than thirty days after the government completes its production" of materials obtained pursuant to the Search Warrants. (Dkt. 237). Hirst argued that additional time was necessary, principally because the Government had not completed its review of emails obtained pursuant to the Search Warrants. Hirst also claimed that an adjournment was warranted because defense counsel had not completed its review of previously produced discovery. The Government opposed any adjournment arguing that Hirst lacked standing to suppress the results of the Search Warrants and had more than ample time to review the remaining discovery, which had been in the defendants' possession for many months. Defendants Archer and Cooney then joined in the request for an adjournment, arguing that they could not move to suppress the results of the Search Warrants until the Government's review was substantially complete and should not be forced to bifurcate the filing of motions related to the Search Warrants from any other motions. Archer and Cooney also argued that the "sheer volume of discovery supports a wholesale adjournment of the motion schedule." (Dkt. 240 at 2). In particular, Archer and Cooney complained that (i) the Government produced a large quantity of email communications from the investment advisor [Atlantic/Hughes] in July 2017; (ii) produced a "server" without specifically indicating which documents constituted Rule 16; (iii) produced certain documents without metadata; and (iv) produced hard copy documents that are not searchable. Defendants Morton and Galanis also joined in the adjournment request. (Dkt. 242; 243).

Having obtained a proffer from the Government that it expected to "complete its review of non-privileged materials obtained pursuant" to the Search Warrants by October 13, 2017, the Court adjourned the defendants' motion schedule to November 6, 2017. (Dkt. 245; 246). As promised, the Government completed its review of the non-privileged Search Warrant results by October 13, 2017 and immediately directed its third party vendor to ready those results for production. The Government received the production on October 19, 2017 and sent copies of the production to the defendants the same day. To be clear, the October 19, 2017 production was only the last in a series of rolling productions of the Search Warrant results. As had been previously agreed, the Government produced non-privileged emails obtained pursuant to the Search Warrants on a rolling basis and produced approximately 947 emails on August 29, 2017, approximately 1,818 emails on September 18, 2017, approximately 1,715 emails on September 28, 2017, approximately 1,911 emails on October 11, 2017, and approximately 1,849 emails on October 19, 2017.

On October 18, 2017, defendants Hirst, Galanis, Archer and Cooney requested a second adjournment of the motion schedule – this time for a period of at least 90 days – and, for the first, time, requested an adjournment of trial to the Spring of 2018.

Discussion

The defendants first argue that an adjournment is warranted because while the Government had completed its review of the non-privileged materials obtained pursuant to the Search Warrant, it had not yet completed the production of those materials. As described above, however, the Government completed its review of the materials on the agreed upon schedule and has, in fact, completed its production of those materials. Because the Government produced the emails on a rolling basis, the defendants have had much of the production for many weeks and will have had the complete production since approximately October 20, 2017. The production of the final approximately 1,800 emails on schedule (and apparently a few days later than defense counsel had anticipated) in no way justifies any adjournment, let alone an adjournment on the magnitude the defendant requests.

The defendants also argue that an adjournment of the motion schedule is warranted because (i) the government produced a hard drive of materials without specifically indicating which documents it considers Rule 16; (ii) produced certain documents in PDF form or without metadata; and (iii) produced more than 5.5 GB of materials responsive to the Search Warrants, with an unknown amount more to come. With respect to the first two arguments, these were each arguments raised by the defendants in seeking the first adjournment of the motion schedule and were taken into account by the Court in granting a month-long adjournment to November 2017. These recycled arguments in no way justify a further adjournment. With respect to the volume of emails produced from the Search Warrant results, the defendants were on notice at the time of the first adjournment request that the total volume of emails being reviewed was approximately 40,000 emails. The defendants had also already received more than 2,500 emails, and had been informed that the review was approximately 30 percent complete. That they have since received an additional 5,000 emails was exactly as expected and in no way justifies a further adjournment.

The defendants' final argument with respect to an adjournment of the motion schedule – and one that pertains solely to Cooney and Archer – is that the defendants are unable to file motions until the Government has completed its review of potentially privileged materials. That the Government's privilege review was ongoing and was not set to be completed by October 13, 2017, was, of course, known to Cooney and Archer at the time of the first adjournment request. In any event, resolution of the status of this small number of emails should not delay motions in this long pending case. The privilege team will have completed its review by early next week. The Government expects there to be approximately 2,000 emails deemed non-privileged. Prior to making these emails available to the trial team, the Government intends to produce the emails deemed non-privileged to the privilege holder (Archer, Cooney, or, as appropriate, both). The Government will also indicate which emails it views as non-privileged pursuant to the crime-fraud exception. The Government will then provide Archer and Cooney with two weeks to identify any of the non-privileged emails they believe are in fact privileged. While any dispute as to that limited number of emails may ultimately need to be raised with the Court, those disputes will not implicate a suppression motion and need not delay any motion schedule.

The defendants also seek both an adjournment of the motion schedule and indeed, of trial, principally based on the claim that the Government represented in March of 2017 that it had

completed its production of discovery and did not anticipate receiving anything "substantial" from third parties, but has since produced an "extraordinary volume" of materials. Nothing about the Government's productions, however, justifies an adjournment of the motion schedule, let alone trial.

The "extraordinary volume" of material about which the defendants now complain falls principally into two categories. First, a significant percentage of the discovery produced since March 2017 constitutes the Search Warrants results. But the fact that emails from the Search Warrants would be produced after March 2017 was well known to the Court and to the defendants when the trial date and motion schedule were set. Indeed, it was the pendency of Archer's own motions seeking to prevent the Government from gaining access to his emails that prevented the Government from reviewing and producing the results of the Search Warrants any earlier. The production of the Search Warrant results after March 2017 – as expected by all parties – thus in no way justifies an adjournment of either motions or trial.

The bulk of the remaining material produced since March 2017 consists of a handful of email accounts belonging to two employees of Atlantic/Hughes and to Michelle Morton. Prior to March 2017, the Government acquired and produced various emails from the investment advisor and in March 2017 was unaware that additional relevant emails existed. When it learned otherwise, the Government moved expeditiously to acquire the entire email accounts and to quickly produce them to defense counsel. The existence of this production was known to the defendants at the time of the first request for an adjournment of the motion schedule. Indeed, the defendants relied on this production in requesting the initial adjournment. The defendants offer no explanation as to why a production that previously required a thirty day adjournment of a motion schedule now requires an additional 90 day adjournment and the adjournment of a longstanding trial date. Inexplicably, defense counsel characterizes this production as rendering the trial "much more complicated that initially presented" and claiming that as a result of this production, "the facts have changed significantly since the Court originally set a motions deadline and a trial date in this case." (Dkt. 250 at 3). Nothing could be further from the truth. The production of three email accounts in a complex white-collar case is a highly typical occurrence. Defense counsel have had the contents of these accounts for more than three months and by the time of trial in February will have had these accounts for nearly seven months. In sum, nothing about the production of these accounts justifies an adjournment of the motion schedule, let alone trial.

Respectfully submitted,

JOON H. KIM
Acting United States Attorney

By: _/s/ Rebecca Mermelstein________
Rebecca Mermelstein/ Brendan F. Quigley/
Negar Tekeei
Assistant United States Attorneys
(212) 637-2360/2190/2482

cc: All defense counsel (by ECF)