LAW OFFICES
**PAULA J. NOTARI**
315 MADISON AVENUE
SUITE 901
NEW YORK, NEW YORK 10017
---------
Tel. (646) 943-2172

October 20, 2017

**BY ECF**

The Honorable Ronnie Abrams
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

**Re:** *United States v. Jason Galanis, et al.*, **S1 16 Cr. 371 (RA)**

Dear Judge Abrams:

On behalf of defendants Gary Hirst, John Galanis, Devon Archer, and Bevan Cooney, we write in brief response to the government's letter of earlier today [ECF No. 251].

The gist of the government's letter is that it completed its production by some "agreed-upon" deadline, and so no adjournment is appropriate. But nothing was ever agreed upon. Back in September, the Court asked the government when it would "complet[e] production" of the search warrant materials. The government reframed the question, responding that it would complete "its review of non-privileged materials" by October 13, 2017. But just today, October 20, 2017, defendants received a further production of approximately 843 MB of materials, representing what we are told is the last of the "non-privileged material" – material that will not be accessible to defense counsel until it can be loaded onto our review platforms early next week.

Moreover, the government acknowledges that it has not completed its privilege review, but predicts that the review will be completed "early next week." If that holds, and assuming the government's vendor has the same turn-around time as before, that means Messrs. Archer and Cooney will not receive that material until the week of October 30-November 3 – with motions now due November 6. Given that the government has proposed to give Messrs. Archer and Cooney two weeks to review that material and an opportunity to object before it is produced to the other defendants, it is literally impossible that the government will have completed its production by the current motions deadline. And contrary to the government's assertion, this is not a matter of concern solely for Messrs. Archer and Cooney. The government's reference to invoking the "crime-fraud exception" implicates the interests of all defendants, as does the evidence in general.

Hon. Ronnie Abrams
October 20, 2017
Page 2 of 2

      An adjournment of both the motions deadline and trial date is necessary to avoid undue prejudice to the defendants. Ultimately, this is a problem of the government's own making. It was the government that represented to the Court at a conference on March 3, 2017 (when the schedule was initially set) that there was "no" discovery in its possession and "nothing substantial" due to be received from third parties. (3/3/2017 Tr. at 4). Contrary to the government's argument now that it was "well known" to the Court that in fact voluminous discovery remained, there was literally no mention of e-mails or search warrants at the March 3, 2017 conference when the schedule was set. And it was also not mentioned – and certainly not "well known" – that the government would produce an additional more than 23.5 GB of highly-relevant material in July 2017 that is entirely unrelated to the warrant (which the government in its letter characterizes as "a handful of email accounts"). If the defense had known that the Government would produce materials in July, September and October, we would not have agreed that a February trial date was reasonable. A copy of the transcript is attached for the Court's convenience.

      Accordingly, and for the reasons given in our prior letter, an adjournment is appropriate. Alternatively, we are available at the Court's convenience for a conference to discuss the state of discovery and the schedule in this case. Thank you for your consideration.

      Respectfully,

      /s/ Michael Tremonte
      Michael Tremonte
      Counsel for Gary Hirst

      /s/ David Touger
      David Touger
      Counsel for John Galanis

      /s/ Matthew L. Schwartz
      Matthew L. Schwartz
      Counsel for Devon Archer

      /s/ Paula Notari
      Paula Notari
      Counsel for Bevan Cooney