

MATTHEW L. SCHWARTZ
Tel.:  (212) 303-3646
E-mail:  mlschwartz@bsfllp.com

December 20, 2017

**BY ECF**

Hon. Ronnie Abrams
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Hon. William H. Pauley, III
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

> Re:   *United States v. Jason Galanis, et al.*, No. S1 16 Cr. 371 (RA)
>        *SEC v. Archer, et al.*, No. 16 Civ. 3505 (WHP)

Dear Judge Abrams and Judge Pauley:

      We represent Devon Archer, who is a defendant in the above-referenced cases.  We write to seek an order compelling the government (either the SEC or the United States Attorney's Office) to answer a simple question:  whether certain voluminous material in the possession of the SEC has been produced in criminal discovery.  Thus far, the SEC has referred us to the USAO on this question, and the USAO has referred us to the SEC, but both have steadfastly refused to answer.  As we discuss below, Mr. Archer has the ability to discover the answer to this very simple question, but only at significant expense to him personally.  Because the government has no legitimate interest in making a defendant needlessly spend time and money answering a question that it can answer instantly, we are compelled to raise the issue with the Court.

## BACKGROUND

      In the spring of 2016, the USAO charged criminally, and the SEC sued civilly, the same seven defendants.[1]  There is no doubt that the agencies' investigations were conducted in concert.  Indeed, the USAO has made clear that the discovery in the criminal case consists overwhelmingly of materials gathered by the SEC in its investigation.  At the initial conference in the criminal case, the AUSA stated that "[t]he bulk of the discovery is all going to come in a single database. It's documents principally that were subpoenaed by the SEC from numerous different custodians. That database contains about 85,000 documents, not pages, documents, and

---

[1]     In an amended complaint, the SEC sued one additional defendant.  According to documents filed by the SEC, that defendant resides overseas, and criminal charges against him, if any, have never been unsealed.



is about 75 gigabytes in size." Hearing Tr. 23:15-19, June 8, 2016, *United States v. Galanis et al.*, No. 16 Cr. 371 (RA) (attached as Exhibit A).  That database, which has now been produced to the defendants in the criminal case, contains more than half a million pages of documents produced by more than 50 custodians.  Moreover, the USAO stated at the initial conference that it would produce an additional approximately four terabytes of information that the SEC seized from the investment advisors involved in this case.  *See id.* at 24:22.  The USAO has intermittently produced additional documents gathered by and from the SEC.

In July 2016, the USAO moved to intervene in and stay the SEC action.  Mr. Archer opposed, arguing that the SEC and USAO had chosen to initiate their cases simultaneously, and that he should be permitted to defend himself against the SEC's serious claims.  Judge Pauley ultimately granted the USAO's motion, but denied a complete stay, instead permitting certain discovery to go forward (essentially, discovery that did not require the production or creation of Jencks Act material), so long as the defendants were actively participating in discovery as well.  That is, so long as the defendants did not assert their Fifth Amendment rights, limited discovery could proceed.  As to defendants who did assert their Fifth Amendment rights, Judge Pauley entered an order prohibiting them from receiving any discovery material.  As a result of these orders and the other defendants' subsequent choices, Mr. Archer alone is participating in discovery with the SEC, and Mr. Archer alone has access to the materials gathered in civil discovery.[2]

As part of that discovery, Mr. Archer served document requests upon the SEC.  As relevant here, the SEC responded that it was in possession (physically or constructively) of certain voluminous documents, and asked whether Mr. Archer wanted them.  The SEC described the materials as follows:

- Approximately 40 boxes of documents stored by AAM Alexandria and Stamford offices
- Servers, back up tapes collected from AAM by Receiver from AAM offices in Alexandria and Stamford
- Assorted materials collected by Receiver from AAM Alexandria and Stamford offices.  Includes selected documents obtained by Receiver; additional hard drives from Alexandria and Kansas City (old); back up external harddrive of Stamford server; Daniel Turney's back up external harddrive from Alexandria; keys, id cards and employee phones (excluding Morton's); Hughes 2013 tax return; Service providers contracts; quick books data
- Emails from Intel (ISP for AAM Stamford)
- Quickbooks for AAM
- 55 Desktop harddrives; 7 laptops and 10 other devices

---

[2]   To be clear, Mr. Archer has not and does not waive his Fifth Amendment rights.  Indeed, Judge Pauley's orders expressly contemplated that Mr. Archer could choose to invoke at a later point, at which time discovery would be stayed completely.



Ex. B. Because the SEC's description was strikingly similar to the USAO's description of certain criminal discovery,[3] Mr. Archer replied that he wanted to understand whether the documents in the SEC's possession were duplicative of documents received in criminal discovery (in which case he did not need to receive them again), or whether they were unique (in which case he wanted them).

In response to Mr. Archer's question, the SEC directed us to speak to the USAO. *Id.* ("As we've discussed, we will not divulge what we have shared with the USAO.")). We therefore asked the USAO a simple question: "Can you please let [us] know if the [USAO] has reviewed and/or produced any of the [above]?" Ex. C.

The USAO refused to answer:

> [W]e have produced the Rule 16 material in our possession to date, including any materials received from the SEC, and will continue to produce any additional materials we receive in a timely fashion. We are not in a position to make representations concerning

---

[3] The AUSA stated at the initial conference in the criminal case:

> The final two issues are Atlant[ic] and Hughes were the two investment adviser firms that were taken captive and whose clients' money was used to purchase the bonds in this case.
>
> The SEC received a number of hard drives, USB drives, and laptops from those entities. They searched them using search terms and documents that they deemed relevant or important have been added into the database I described.
>
> But to the extent the defendants want copies of the entirety of those computer devices, those can be produced. It's about 2 terabytes of data [a piece]. As I understand it from the IT people, the logical way to do is that is to get a separate 2 terabyte hard drive. They make 4 terabyte ones, but they're much more extensive than two smaller ones. So that is the logical way to do it.
>
> Then finally, leaving aside those particular computer devices that were received, Atlant[ic] and Hughes maintained servers, the entire contents of the servers are either in one case have been given to the SEC but not yet processed and are being given – we simply have no idea what the volume of that is. I mean it's enormous. It's an entire server. I'm not sure yet what the logical way is to make it available.

Ex. A at 24:12-25:8. Mr. Archer informed the USAO that he wished to obtain copies of this material, and provided all hard drives requested by the USAO.



> materials being made available to you by the SEC in civil discovery.

Ex. D.  In response, we reiterated that we were not asking the USAO to take a position on the legal question of whether it has a responsibility to review material in the SEC's position.  *But see United States v. Gupta*, 848 F. Supp. 2d 491, 493 (S.D.N.Y. 2012) (holding that USAO had obligation to review material in the SEC's possession under *Brady*:  "In the words of Judge Weinfeld, any argument that the Government's duty does not extend so far merely because another agency, not the USAO, is in actual possession of the documents created or obtained as part of the joint investigation is both 'hypertechnical and unrealistic.'" (quoting *United States v. Shakur*, 543 F. Supp. 1059, 1060 (S.D.N.Y. 1982)).

> Putting aside the question of whether the [USAO] is responsible for reviewing information in the SEC's possession, I am asking a logistical question that the SEC directed me to address to you:  Is the material that they listed [above] material that you have already produced to us in criminal discovery?  If the answer is yes, I don't want to receive it again and have to incur significant expense mounting, reviewing, and de-duping it; if the answer is no, I will make sure I get it from the SEC.

Ex. D.

The USAO still refused to answer, claiming that "I do not believe it is appropriate to ask the Government to reveal its litigation strategy by identifying which documents have been requested from the SEC."  *Id.*  At the same time, the USAO disclosed that it was producing certain additional documents that it received from the SEC, which the SEC had obtained in civil discovery – including documents that Mr. Archer himself had produced in response to the SEC's document requests.  The newly-produced documents – which, in total, comprise in excess of 8 GB of new data – do not include, however, the materials discussed above.  *Id.*[4]

---

[4] This creates the anomalous and seemingly unjust situation in which the SEC can cherry-pick information – which it obtains not through its own investigation, but in civil discovery – that it deems helpful and produce it to the USAO for use in the criminal case.  At the same time, the USAO claims that it is not required to review or produce other information in the SEC's possession, and Mr. Archer is barred from sharing evidence that he collects in civil discovery with his co-defendants.  Except for the *Brady* issue about the USAO's obligation to review material in the SEC's possession – which Mr. Archer intends to raise as part of pre-trial motions in the criminal case – this is an unfairness that affects primarily the other defendants, but it is a profound unfairness nonetheless.



## DISCUSSION

The refusal of both the USAO and SEC to answer Mr. Archer's simple, logistical question is troubling. It is all the more troubling because the volume of data involved is truly enormous. While the SEC informed us that it is unable to identify the total volume of data, it was able to confirm that the "Emails from Intel" *alone* – one of the six categories of documents identified by the SEC – would require Mr. Archer to provide a 1.5 terabyte hard drive. *See* Ex. B. Given the descriptions of the other material, it is fair to say that the government is likely sitting on tens of terabytes of information, most if not all of which has not yet been produced or reviewed for *Brady* purposes. It is principally because of the overwhelming amount of material involved that Mr. Archer raises this issue now, rather than waiting until the motions deadline in the criminal case.

The government's proffered reason for refusing to answer the question is also baffling. The SEC offers no explanation for its refusal other than perhaps some common interest type claim ("we will not divulge what we have shared with the USAO"), and the USAO's only explanation is that it refuses "to reveal its litigation strategy by identifying which documents have been requested from the SEC."

But the answer to Mr. Archer's question does not involve any "litigation strategy." Indeed, the SEC has offered to make the documents available to Mr. Archer. We can therefore obtain those documents from the SEC, and – albeit at significant time and expense – determine whether any or all of them have already been produced by the USAO by comparing the document sets. *See* Ex. D. There is no good reason why Mr. Archer should have to incur this monetary expense, nor why his legal team should have to be distracted from trial preparation.

The USAO has consistently blamed the defendants for dragging this case out, and professes a desire to go to trial as quickly as possible. But its conduct belies its words. Any trial must be a fair trial, which means that the defendants must have access to appropriate discovery materials, the USAO must discharge its *Brady* obligations, and the government collectively should not erect senseless and expensive barriers to the defense. The government should therefore be compelled to answer the simple question: has material responsive to Mr. Archer's document requests already been produced in the criminal case, or is some of the responsive material in the SEC's possession unique. Depending on the answer to that question, of course, additional relief may be appropriate.

Thank you for your consideration of this request.

Respectfully,

 /s/  Matthew L. Schwartz
Matthew L. Schwartz