# SHER TREMONTE LLP

December 21, 2017

**VIA ECF**

The Honorable Ronnie Abrams
United States District Judge
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:  *United States v. Galanis et al.*, 16-cr-371 (RA)

Dear Judge Abrams:

      We write on behalf of our client, Gary Hirst, and joined by co-defendants John Galanis and Bevan Cooney, to join the request of Devon Archer, dated December 20, 2017, Dkt. No. 266 (the "Archer Letter"), and to request full disclosure of all material obtained by the U.S. Securities and Exchange Commission ("SEC") as part of its joint investigation with the U.S. Attorney's Office for the Southern District of New York ("USAO").

      As discussed in the Archer Letter, the U.S. Attorney's Office and SEC have been engaged in an extensive joint investigation since at least 2016, with a substantial portion of the discovery turned over the defense as part of the criminal case deriving from materials obtained pursuant to SEC subpoenas.  Lawyers from the SEC's Division of Enforcement have also attended meetings where the undersigned discussed the case with prosecutors from the U.S. Attorney's Office.  Under such circumstances, "courts in this Circuit have held that the prosecutor's duty extends to reviewing the materials in the possession of that other agency for *Brady* evidence."  *United States v. Gupta*, 848 F. Supp. 2d 491, 493 (S.D.N.Y. 2012) (collecting cases); *see also United States v. Ferguson*, 478 F. Supp. 2d 220, 238-39 (D. Conn. 2007) (investigation considered to be joint where two agencies are "sharing resources," and where "the agency charged with possession of evidence in the other agency's files had ready access to it").  Thus, to the extent the USAO has not already conducted a *Brady* review of the files in the SEC's possession, it must do so.

      Beyond having the government conduct its compulsory *Brady* review, however, Mr. Hirst and his co-defendants are entitled to production of the entirety of the documents in the SEC's possession pursuant to Rule 16.  The documents previously disclosed suggested that the defendants not have received all of the documents obtained

by the government – based on gaps in the Bates-numbering of documents produced by in the criminal case – and the Archer Letter suggests that his continued participation in the SEC case has raised similar concerns about incomplete production. Assuming there is material in the possession of the SEC but not in the possession of the USAO, and even further assuming that such material is not exculpatory, it is netheleess subject to disclosure under Rule 16(a)(1)(E), because such documents are "material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(E).

"Materiality is different in the context of a *Brady* motion . . . than it is under Rule 16." *United States v. Zemlyansky*, No. 12-cr-171-1 (JPO), 2016 WL 111444, at *4 (S.D.N.Y. Jan. 11, 2016). "The materiality standard of Rule 16 normally is not a heavy burden," *United States v. Urena*, 989 F. Supp. 2d 253, 261 (S.D.N.Y. 2013); evidence is "material" if there is "some indication that the pretrial disclosure of the disputed evidence" will "enable[ ] the defendant to significantly alter the quantum of proof in his favor." *United States v. Maniktala*, 934 F.2d 25, 28 (2d Cir. 1991). This standard does not limit the scope of the government's obligations to exculpatory evidence. As the District of Columbia Court of Appeals has explained, such evidence may aid the defense in altering the quantum of proof "by preparing a strategy to confront the damaging evidence at trial; by conducting an investigation to attempt to discredit that evidence; or by not presenting a defense which is undercut by such evidence." *United States v. Marshall*, 132 F.3d 63, 68 (D.C. Cir. 1998); *see also United States v. Muniz-Jaquez*, 718 F.3d 1180, 1183 (9th Cir. 2013) ("Rule 16 is thus broader than Brady. Information that is not exculpatory or impeaching may still be relevant to developing a possible defense. . . . A defendant who knows that the government has evidence that renders his planned defense useless can alter his trial strategy."); *United States v. Baker*, 453 F.3d 419, 424 (7th Cir. 2006) ("Rule 16 requires the production of inculpatory as well as exculpatory evidence, which might assist in preparation of a defense.").

Applying Rule 16's materiality standard, district courts in this Circuit have, for example, required the disclosure of evidence that is relevant to the relationships between parties named in an Indictment. *See United States v. Godiksen*, No. 3:16-CR-178 (VLB), 2017 WL 663051, at *5 (D. Conn. Feb. 17, 2017) (granting motion to compel disclosure of "'documents and objects relating to the conversations between the confidential informant and the government agent,' which are material to the preparation of the defendant's defense"); *United States v. Hoskins*, No. 3:12-cr-238 (JBA), 2015 WL 4874921, at *7 (D. Conn. Aug. 14, 2015) (requiring disclosure of "charts that show Defendant's organizational role"). Courts have also required the disclosure of evidence that, while not inherently exculpatory, could prove material to a defendant's theory of the case. *See Hoskins*, 2015 WL 4874921, at *7-9 (requiring disclosure of various documents "relevant to the question of agency" where "[d]efendant has indicated that one of his central defenses at trial will be that the Government has failed to prove that he is an 'agent' of a domestic concern under the FCPA"); *United States v. Ashburn*, 76 F. Supp. 3d 401, 450 (E.D.N.Y. 2014) (compelling disclosure because "access to the warrant and application may enable [defendant] to prevent the Government from arguing that his

Hon. Ronnie Abrams
December 21, 2017
Page 3 of 3

refusal to provide a DNA sample demonstrates his consciousness of guilt" by showing that the warrant was invalid).

    Here, to the extent the SEC (or the USAO) is in possession of emails and documents and electronic materials that have not yet been turned over to the defense but that may provide context to emails and other documents that the government seeks to introduce at trial, they are highly relevant to establishing the full story of Mr. Hirst's participation (or lack thereof) in the financial entities and transactions at issue in this case, and, accordingly, they are material to Mr. Hirst's defense and subject to disclosure under Rule 16(a)(1)(E). Thus, while the Court should, at a minimum, order a *Brady* review of such materials, in addition, it should order the government to turn such materials over to the defense as soon as practicable so that Mr. Hirst may review them in advance of the impending motions deadline. Messrs. Cooney and Galanis join this request.

                                            Respectfully submitted,

                                            /s/ *Michael Tremonte*
                                          Michael Tremonte
                                          Noam Biale
                                          SHER TREMONTE LLP

cc:       All counsel (via ECF)