# EXHIBIT E

**From:** Matthew L. Schwartz
**Sent:** Thursday, December 28, 2017 4:02 PM
**To:** Korologos, Lisa (USANYS)
**Cc:** Silvia L. Serpe
**Subject:** RE: US v. Devon Archer, 16 Cr. 371 (RA)

Lisa –

As I indicated, yes, you will receive a log shortly after the new year and prior to January 8th. My point was simply that the government may not presume the documents with respect to which we have currently asserted privilege are in fact not privileged. Rather, before you release any documents to the investigative team, they must either (a) be documents as to which we have told you no privilege is asserted, or (b) be subject to a valid court order. We look forward to speaking with you after you receive the log to work through any differences we may have,

With respect to the crime fraud documents, I certainly do believe it is appropriate that the wall team not have any involvement in assertion of the crime fraud exception. But by giving us, and then supplementing, a list of documents you (on behalf of the wall team) assert may be subject to the exception, you have already gotten involved. I am merely trying to understand the basis for your curation of those documents as potentially being subject to the crime fraud exception, as opposed to simply giving the investigative team the final privilege log and letting them make any applications they deem appropriate.

Matthew L. Schwartz
BOIES SCHILLER FLEXNER LLP
212-303-3646 (Direct)
646-337-5787 (Mobile)

**From:** Korologos, Lisa (USANYS) [mailto:Lisa.Korologos@usdoj.gov]
**Sent:** Thursday, December 28, 2017 3:11 PM
**To:** Matthew L. Schwartz
**Cc:** Silvia L. Serpe
**Subject:** RE: US v. Devon Archer, 16 Cr. 371 (RA)

Matt –

As I have previously explained to you, my task as the Filter AUSA is to attempt to resolve the privilege issues with you and the other defense counsel and THEN the Investigative Team will decide

whether to assert the crime-fraud exception.  If, after reviewing the non-privileged evidence, the Investigative Team decides to assert the crime-fraud exception, the Investigative Team will provide the information that you are requesting and the Filter Team will create a log of the communications that fall within the scope of the Investigative Team's crime-fraud argument. I cannot answer your questions because I do not yet know if the Investigative Team will be asserting the crime-fraud argument or its scope.  Your insistence that I provide you with answers is also hard to understand given your repeated assertions, see your email below, that the Filter AUSA should not "have any involvement in assertion of the crime-fraud exception." You should absolutely not presume that the Government is foregoing any invocation of the crime fraud doctrine at this preliminary stage.

With respect to the timing of your privilege log,  it has now been two months since we provided to you the documents the Filter Team determined were not subject to any privilege.  We have offered you the opportunity to object to this determination prior to any documents being provided to the Investigative Team.  But you cannot simply assert a blanket claim of privilege, refuse to provide a privilege log in a timely manner, and simultaneously assert that the documents cannot be provided to the Investigative Team until some undetermined time.  Accordingly, please confirm that we will receive a privilege log on or before January 8, 2018, setting forth the nature of the privilege, including the attorney, the client (if an entity, please provide your client's relationship to the entity as well as the relationship of any other individuals included on the communication to the entity) and any other information sufficient to evaluate the existence of the privilege.  Hopefully, upon receiving your privilege log, we can quickly resolve any privilege issues without judicial assistance so that the Investigative Team can decide whether to assert the crime-fraud exception.

Thank you,

Lisa P. Korologos
*Assistant United States Attorney*
Southern District of New York
One St. Andrews Plaza, Room 929
New York, NY 10007
(212) 637-2406

-------------------------------------------------------------------

**From:** Matthew L. Schwartz [mailto:mlschwartz@BSFLLP.com]
**Sent:** Monday, November 06, 2017 5:23 PM
**To:** Korologos, Lisa (USANYS) <LKorologos@usa.doj.gov>
**Subject:** RE: US v Devon Archer, S1 16 Cr. 371 (RA)

Thank you.  I have a few questions in order to assess the government's assertion that some of these documents fall under the crime-fraud exception.  Before I ask, can you please confirm whether it is the wall team or the trial team that will pursue the crime-fraud argument? As you may be aware, I have previously expressed my objection that the wall team have any involvement in the assertion of the crime-fraud exception.  I presume, based on your letter, that the government has ignored that objection and the wall team will be pursuing the issue, but on the off chance that it had not, I didn't want to pollute any member of the wall team with my questions.  Thanks.

-mls

Matthew L. Schwartz
BOIES SCHILLER FLEXNER LLP
212-303-3646 (Direct)
646-337-5787 (Mobile)

**From:** Matthew L. Schwartz [mailto:mlschwartz@BSFLLP.com]
**Sent:** Thursday, December 28, 2017 12:55 PM
**To:** Korologos, Lisa (USANYS) <LKorologos@usa.doj.gov>
**Cc:** Silvia L. Serpe <sserpe@serperyan.com>
**Subject:** RE: US v. Devon Archer, 16 Cr. 371 (RA)

Lisa –

Thank you for your letter.  We will review the documents from your prior production identified in your letter for privilege and let you know our views.  Other than that, however, we presume your previous instruction still stands, and that the government is not asking for anything, and not asking us to do anything, with respect to the documents that have been provisionally identified as being subject to the crime-fraud exception.  If that is wrong, please let me know.

In the meanwhile, I still request a response to the questions set out in my letter of November 20, 2017.  Specifically, I asked that the government "please identify for each 'crime fraud' document (a) which crime the government believes the communication is in furtherance of, and (b) all alleged co-conspirators with respect to that crime.  We presume the government has compiled this information already, as it would have been necessary in order to characterize any documents as potentially subject to the crime fraud exception."  I had asked for responses to those questions by December 1, but received no response.  If we do not receive a response by January 8, 2018, I will presume that the government is foregoing any invocation of the crime fraud doctrine with respect to the documents obtained by warrant.

Separately, I will send you a privilege log for the non-crime fraud documents shortly after the new year, when I am back in the office.  In no event, however, may the government unilaterally "presume" documents not to be privileged that we did not explicitly identify as non-privileged.  To the contrary, since we completed our review of those documents, you should presume anything we didn't identify as non-privilege is subject to a claim of privilege.  But as I indicated, you will receive a log next week.

Happy holidays,

Matthew L. Schwartz
BOIES SCHILLER FLEXNER LLP
212-303-3646 (Direct)
646-337-5787 (Mobile)

**From:** Korologos, Lisa (USANYS) [mailto:Lisa.Korologos@usdoj.gov]
**Sent:** Thursday, December 28, 2017 12:27 PM
**To:** Matthew L. Schwartz
**Cc:** Silvia L. Serpe
**Subject:** RE: US v. Devon Archer, 16 Cr. 371 (RA)

Dear Counsel,

Please see the attached letter and confirm receipt. I will be sending two zip files containing Confidential Materials to counsel for Archer separately.

Thank you,

Lisa P. Korologos
*Assistant United States Attorney*
Southern District of New York
One St. Andrews Plaza, Room 929
New York, NY 10007
(212) 637-2406

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]