# EXHIBIT F



MATTHEW L. SCHWARTZ
Tel.:  (212) 303-3646
E-mail:  mlschwartz@bsfllp.com

January 8, 2018

**BY ELECTRONIC MAIL**

Lisa P. Korologos
Assistant United States Attorney
One Saint Andrew's Plaza
New York, New York 10007

Re:   *United States v. Jason Galanis, et al.*, S1 16 Cr. 371 (RA)

Dear Lisa:

As you know, I represent Devon Archer in the above-referenced matter.  Enclosed is a privilege log identifying assertions of privilege over documents contained in your November 2, 2017 production to Mr. Archer, which you indicated at the time the government did not believe were privileged.  (As you know, we have previously advised you that we agree that the majority of those documents are not privileged).  In addition, this log reflects our assertions of privilege with respect to the additional documents identified in your December 28, 2017 letter, described as "24 emails (33 documents including families)."[1]

We would be happy to discuss any questions you might have about the log or the assertions of privilege contained therein.  However, in light of some of your comments, I feel constrained to remind the government that, with respect to documents that were segregated for privilege review, the government may not release documents to the trial team unless and until Mr. Archer has explicitly identified those documents as non-privileged, as we have for hundreds of documents, absent a court order.  Specifically, if a document segregated by the government's review team is not on this log, the government may not assume it is non-privileged unless we have specifically identified it as such.

In addition, your December 28 letter indicated that the government was producing "two zip files containing Confidential Material in the form of e-mails obtained pursuant to a search warrant (16 Mag. 8347) for email accounts belonging to Devon Archer, Bevan Cooney, and Sebastian Momtazi. These documents bear the following Bates ranges pr.review.archer_00020820-00020944_and pr.review.joint_00000640-00000642."  Please note that, as of the date of this letter, **we have not yet received these documents**.  Please produce them promptly.

---

[1]   These 24 documents were produced to us on or about November 2, 2017, but the government advised us that we did not need to review them at the time because they were identified as potentially subject to the crime-fraud exception, which the government was not seeking to invoke.  In your December 28 letter, you asked us to review those documents for privilege, which we now have.



    When you produce these additional documents, please also explain where they came from. The government has previously represented to Judge Abrams that it would do a single search of the warrant returns, and would not conduct additional searches absent another warrant. *See* July 27, 2017 Letter to the Court [ECF No. 195] at 6 ("while [documents initially identified as non-responsive] are technically in the possession of the Government, the Government does not truly control them. The Government does not deem them responsive to the Warrant and will not review them further out of an abundance of caution, absent a new search warrant from the Court."); *see also id.* at 6 n.7 ("after its initial segregation of responsive and non-responsive emails, and the completion of its responsiveness review, the Government does not intend to conduct additional searches or to in any way revisit the non-responsive emails without obtaining an additional search warrant."). The government has also previously represented to the Court that it had completed both its responsiveness and (subject to our discussions) privilege reviews. Your production of additional documents at this late date suggests either that the government has obtained a new warrant that it has not produced to Mr. Archer, or that the government has re-reviewed the warrant returns in contravention of its representation to Judge Abrams.

    Finally, as set forth in my November 20 and November 22 letters and in my December 28 e-mail to you, and as you suggested, we have still not yet reviewed for privilege the documents that the government has indicated it believes are subject to the "crime fraud" exception. Nonetheless, I once again request that the government answer the questions in my earlier letters, and reiterated in my e-mail to you of December 28, 2018, so that we can be in a position to quickly respond if and when the government makes an application to the Court. Specifically, I asked that the government "please identify for each 'crime fraud' document (a) which crime the government believes the communication is in furtherance of, and (b) all alleged co-conspirators with respect to that crime. We presume the government has compiled this information already, as it would have been necessary in order to characterize any documents as potentially subject to the crime fraud exception." In my December 28 e-mail, I further explained that this information was necessary "to understand the basis for [the wall team's] curation of those documents as potentially being subject to the crime fraud exception, as opposed to simply giving the investigative team the final privilege log and letting them make any applications they deem appropriate." I told you that if the government did not respond by January 8, 2018, "I will presume that the government is foregoing any invocation of the crime fraud doctrine with respect to the documents obtained by warrant." As of now, I have not received any response.

    Sincerely,

    /s/ Matthew L. Schwartz
    Matthew L. Schwartz
    *Counsel for Devon Archer*