

MATTHEW L. SCHWARTZ
Tel.: (212) 303-3646
E-mail: mlschwartz@bsfllp.com

March 6, 2018

**BY ECF**

Hon. Ronnie Abrams
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States v. Jason Galanis, et al.*, S1 16 Cr. 371 (RA)

Dear Judge Abrams:

    I represent Devon Archer. I write briefly in opposition to the government's March 5, 2018 application asking the Court to amend the superseding indictment without the approval of the grand jury. [ECF No. 331.] That indictment was filed on November 2, 2016 – one year and four months ago – and trial is set to start next month. At this late stage, the government seeks to change the year on which one of the alleged bond purchases – the transactions that comprise the securities fraud charges – occurred. The Court should deny the government's late application because (1) changing the indictment without presentment to the grand jury would violate Mr. Archer's Fifth Amendment rights, (2) details concerning the bond issuances are central to this case, including the timing of alleged transactions and communications, and (3) there would be no prejudice to the government, which could ask the grand jury to approve the amendment. Alternatively, Mr. Archer would consent to the Court striking striking the paragraph in question.

    Criminal defendants have a constitutional right not to be held to answer for a crime "unless on a presentment or indictment of a Grand Jury . . . ." U.S. Const. amend. V, cl. 1. The government asks the Court to shortcut this constitutional procedure through an "amendment" to the indictment. But "a court may not alter or amend the indictment, literally or constructively, once it has been returned by the grand jury." *United States v. McCourty*, 562 F.3d 458, 470 (2d Cir. 2009). The proper procedure, assuming that the government has sufficient evidence to support its proposed amendment, is to submit a second superseding indictment to the grand jury.[1] The Federal Rules of Criminal Procedure – recognizing the Fifth Amendment grand jury right – provide only that an information may be amended with leave of the court. *See* Fed. R. Crim. P. 7(e) ("Unless an additional or different offense is charged or a substantial right of the defendant is prejudiced, the court may permit an information to be amended at any time before the verdict

---

[1] The government's application to amend the indictment includes no evidence supporting its proposed amendment, other than a citation to the criminal complaint. But of course the criminal complaint preceded the indictment, in which the grand jury apparently found facts at odds with those alleged in the complaint.



or finding."); *see also* Rule 7(e) advisory committee note ("This rule continues the existing law that, unlike an indictment, an information may be amended").

The government asks the Court to approve the amendment "as a matter of form," calling it a "ministerial" change to correct "a typographical error." It then cites cases where "courts have allowed the Government to amend an indictment to fix an error as to a date, without requiring re-submission to the grand jury." [ECF No. 331 at 2.] But courts have also committed revesible error for approving amendments that appeared to be of form only but were in fact later determined to be material. *See, e.g.*, *United States v. Consol. Laundries Corp.*, 291 F.2d 563, 571 (2d Cir. 1961) ("Although the addition of the comma might superficially appear to be only a correction of a typographical error, the change actually substituted as a defendant a 1951 corporation for a dissolved 1941 corporation."). Despite the centrality of the bond issuances to this case, the government attempts to minimize the error and explain away prejudice to the defendants. The government notes that "paragraph 13(b) appears in the 'Overview' section of the indictment and not in the statutory allegations." [ECF No. 331 at 2.] That distinction is meaningless, however, as Count One includes this allegation, and for each subsequent count, the "the allegations contained in Paragraphs 1 through 25 and 28 are repeated, realleged, and incorporated by reference as though fully set forth herein." Indictment ¶ 29; *see also id.* ¶¶ 31, 35.

The Court should not accept the government's invitation to risk prejudicing the defendants' Fifth Amendment rights. "'If it lies within the province of a court to change the charging part of an indictment to suit its own notions of what it ought to have been or what the grand jury would probably have made it if their attention had been called to suggested changes, the great importance which the common law attaches to an indictment be a grand jury, as a prerequisite to a prisoner's trial for a crime, and without which the Constitution says 'no person shall be held to answer,' may be frittered away until its value is almost destroyed.'" *Russell v. United States*, 369 U.S. 749, 770–71 (1962) (quoting *Ex parte Bain*, 121 U.S. 1, 10 (1887), *overruled on other grounds by United States v. Cotton*, 535 U.S. 625 (2002)).

Mr. Archer therefore respectfully requests that the Court deny the government's motion to amend the indictment without the knowledge or consent of the grand jury. In the alternative, or if the government decides not to have the grand jury approve its proposed amendment, Mr. Archer has no objection to the Court striking paragraph 13(b) of the indictment in its entirety. *See Ford v. United States*, 273 U.S. 593, 602 (1927).

                                                     Respectfully,

                                                     /s/ Matthew L. Schwartz
                                                     Matthew L. Schwartz