

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 9, 2018

**BY ECF**

The Honorable Ronnie Abrams
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re:   **United States v. Jason Galanis, et al.,**
            **S1 16 Cr. 371 (RA)**

Dear Judge Abrams:

    In accordance with the Court's instruction at the March 6, 2018 conference, the Government's privilege team in this matter (the "Filter Team") is providing the Court and defense counsel with binders containing the emails and attachments set forth in Exhibit B of the Government's Reply Memorandum in Further Support of Pre-Trial Motions (Dkt. No. 313) ("Crime Fraud Documents").

    The Government is also providing to the Court and defense counsel a binder with the documents on the attached Supplemental Crime Fraud log which sets forth the documents on Exhibit A of the Government's reply brief that the Government believes are also subject to the crime-fraud exception, plus five additional documents the Government believes are also subject to the crime-fraud exception. ("Supplemental Crime Fraud Documents"). *See* Dkt No. 313, at p.6, Appendix 1. The Government's initial Crime Fraud log did not include these documents because the Filter Team believed that many of these documents were not privileged in the first instance and thus not subject to the crime-fraud exception to the attorney-client privilege. For instance, with respect to the many of the emails on his privilege log, Archer asserts that the privileged client is COR Fund Advisors, LLC ("CORFA"). Yet nearly all of these communications include third parties who render them non-confidential, including Jason Galanis. As alleged in the Complaint (Dkt No. 1), on or about October 1, 2014, defendant Archer,

> in his capacity as managing member of CORFA, an investor in Burnham, and as manager and member of the entity that owned Burnham Asset Management, sent a letter to the Board of Trustees of the Burnham Investors Trust (the "BIT Board"), which operated certain mutual funds that used the Burnham name. In the letter, ARCHER falsely confirmed for the BIT Board that Jason Galanis . . . "would not be involved with any of the Burnham entities and their 'affiliated persons' (within the meaning of Section 2(a)(1) of the Investment Company Act) as well as their successors

>or assigns at Burnham Financial Group, Burnham Asset Management, Burnham Securities or Burnham Investors Trust."
>
>. . .
>
>ARCHER further claimed that JASON GALANIS "will have no interest of any kind, direct or indirect, in any of the Burnham entities or their successors, that he will not source deals to the Burnham entities and that the Burnham entities will not invest with or in, directly or indirectly, any business or enterprise in which [JASON GALANIS] has any association, affiliation or investment, pecuniary or otherwise, directly or indirectly."

(Complaint at ¶ 34(b)).  Thus, defendant Archer's own assertions appear to be in conflict with his contention that Jason Galanis' inclusion on CORFA-related emails does not destroy any attorney-client privilege that might otherwise apply.  Archer's counsel has indicated that he will be produce a supplemental privilege log and redacted documents on Monday and attempt to resolve the privilege issues.  If Archer's counsel and the Filter Team are not able to reach an agreement as to which documents on Archer's privilege log meet the requirements of attorney-client privilege, the Filter Team intends to seek a ruling from the Court.

    Respectfully submitted,

    ROBERT KHUZAMI
    Attorney for the United States,
    Acting Under Authority Conferred by 28 U.S.C. § 515

    by:  */s/ Lisa Korologos*
    Lisa Korologos/ Jeffrey Coffman
    Assistant United States Attorneys
    (212) 637-2406/2627

Enclosures

cc:  All defense counsel (by ECF)