# PELUSO & TOUGER, LLP
## 70 LAFAYETTE STREET
## NEW YORK, NEW YORK 10013

(212) 608-1234
Fax No. (212) 513-1989

March 23, 2018

Honorable Ronnie Abrams
United States District Court Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:  **United States v. Jason Galanis, et al.**
**Docket No. 16 CR 371 (RA)**

Dear Judge Abrams,

Please accept this letter motion in lieu of a more formal brief in support of the defendant

John Galanis' motion to preclude the Government's introduction of evidence pursuant to the

Federal Rules of Evidence 404(b) pertaining to his prior conviction in the Gerova Case.

## PRELIMINARY STATEMENT

The defendant, John Galanis ("Galanis") or ("defendant"), respectfully submits the

following memorandum in support of its motion to preclude the Government from introducing

evidence pursuant to the Federal Rules of Evidence 404(b) ("Rule 404(b)") at trial pertaining to

his prior conviction in the Gerova Case. This evidence is inadmissible pursuant to Rule 404(b)

and the Government should be precluded from introducing it at trial. Due to the Government's

complete and utter lack of explanation as to the admissibility of this evidence, it seems the only

purposes for admitting this evidence are for the Government to 1) show the jury John Galanis's

propensity to commit crimes; and 2) show the jury that John Galanis and co-defendant Gary Hirst

("Hirst") have engaged in prior criminal activity together, making it more likely that they engaged in the criminal activity charged herein.  Both are improper purposes for admitting evidence of Galanis's prior conviction.

The Gerova Case involved entirely different types of financial crimes, involved different actors, was separated in time by three (3) years, and has no relevancy to the facts of this case. Further, due to the fact that both cases involve financial crimes, the prejudicial effect of introducing this evidence would be greatly enhanced and would far outweigh any probative value.  See United States v. Puco, 453 F.2d 539, 542 (2d Cir. 1971).  Accordingly, the Government should be precluded from introducing evidence at trial of Galanis' prior conviction in the Gerova Case.

In the alternative, should the Court determine that evidence regarding the defendant's prior conviction in the Gerova Case is admissible, Galanis moves for severance on the basis that proceeding to trial with Gary Hirst, also a co-defendant in the Gerova Case, would result in substantial prejudice.  See Zafiro v. United States, 506 U.S. 534, 539 (1993).

## ARGUMENT

### POINT I

**THE COURT SHOULD PRECLUDE THE GOVERNMENT FROM INTRODUCING EVIDENCE OF JOHN GALANIS' PRIOR CONVICTION IN THE GEROVA CASE UNDER THE FEDERAL RULES OF EVIDENCE 404(b).**

The Federal Rules of Evidence prohibit the introduction of "[e]vidence of a crime, wrong, or other act" to "…prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  See Rule 404(b).  In order to be admissible, prior bad acts evidence must meet a four-part test: (1) offered for a proper purpose under Rule 404(b)(2); (2) relevant to that purpose; (3) more probative than prejudicial under the Rule 403 balancing requirement; and, (4) accompanied by a limiting instruction, if requested.  See Huddleston v.

United States, 485 U.S. 681 (1988).  The government's application herein does not even meet one of those requirements let alone all four.

A proper purpose under Rule 404(b)(2) would include "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." See Rule 404(b)(2).  John Galanis' prior conviction in the Gerova Case is not admissible under any of the above "proper purposes" and even if it were, it would still be far more prejudicial than probative under the Rule 403 balancing test.

The motives in the two cases at issue are distinctly different.  The Gerova case involves an attempt by the charged defendants to pump up the value of a stock and then receive the profits from the sales of the artificially inflated stock.  The alleged motives in the case at bar are entirely different and distinct.  The current matter involves the purchase of Native American Bonds, the alleged criminality by the government concerns how those funds were decimated. One set of circumstances certainly is not related to the other.

In relation to "opportunity, intent and preparation" there is no similarity in the genesis of the cases, nor was the intent the same and the preparation was entirely different.  Galanis is not denying knowledge of the Native American Bond deal or his participation in it.  Thus, the Gerova conviction serves no aid to the jury under that category either.

Regarding "plan and knowledge" the Gerova convictions of Hirst and Galanis are irrelevant.  In Gerova, Galanis' role was a minor intra-familial role and he did not play an intricate role in the day to day operations of the alleged criminal conduct.  Galanis' role in the alleged offense is entirely different as are the charged crimes.  Here, by contrast Galanis is alleged to have met with and convinced the Native American Tribal leaders and their emissaries to be part of the sale and purchase of Native American Bonds so that the particular tribe would have the funds to

build certain structures on their reservation and receive income stream from the bonds. The conduct of Galanis, the plan and Galanis' knowledge of the facts is entirely different.

The same can be said for the last three categories. Galanis defense in this matter is not one of mis-identity, mistake or accident. The only reason the government wants to admit Galanis' Gerova conviction is for the one reason they are not allowed to; to prove that Galanis is a criminal and only has criminal propensities. There simply is no other reason nor, has the Government even given this Court one.

"The Government bears the burden of demonstrating the admissibility of this evidence under Rule 404(b)…". See United States v. Nachamie, 101 F. Supp. 2d 134, 137 (S.D.N.Y. 2000) (citing United States v. Zackson, 12 F.3d 1178, 1182 (2d Cir. 1994)). The government has yet to explain what the "proper purpose" is for admitting Galanis' prior conviction in the Gerova Case. In fact, in response to this Court's order issued on March 6, 2018, that the government submit a more formal motion regarding its 404(b) notice, the government only filed a letter dated March 12, 2018, where they state, "[The Government] does not concede that the Gerova Case discovery or Calls are relevant or admissible in this case." If the evidence related to the Gerova Case is not relevant to the case at bar how could the fact that John Galanis was convicted in that matter be relevant?

The Genova case and the case at bar are not similar in preparation, scheme, time, method or motive. The Gerova Case involved a financial scheme traditionally known as a stock "pump and dump", where individuals falsely promote a stock they hold interest in and then immediately sell their shares once the stock prices rise following the surge in interest created as a result of their own false promotion. This is entirely different than the crimes charged in the instant indictment, which involve issuances of bonds from the Wakpamni Lake Community, a Native American tribal

entity.  The Gerova Case involved overtly criminal activity, whereas the conduct charged in the instant action is not illegal, but only becomes criminal if the government can prove the defendants misappropriated the funds obtained from the bond issuances.

The spectrum of financial crimes is quite broad.  The mere fact that both cases herein are within that broad spectrum of financial crimes does not establish that the Gerova Case is relevant in this case.  See United States v. Bilzerian, 926 F.2d 1285, 1296 (2d. Cir. 1991) (upholding admission of deficiency in defendant's personal tax return only because defense had opened the door by creating the impression that all tax returns had been filed properly); see also United States v. Harris, 805 F. Supp. 166, 182-83 (S.D.N.Y. 1992) (holding that joinder of two financial crimes would be improper as "proof of the Bank of New York individual loan fraud would not be admissible under Rule 404(b) at trial of the Chase Bank consortium corporate loan fraud.").

In Bilzerian, the Second Circuit noted that,

> The deficiency in Bilzerian's personal tax return was not relevant to the charge of conspiracy to defraud the IRS or to any other charge in the indictment. In addition, the testimony on cross examination related only to defendant's partnership tax return. His personal return at most had a tenuous connection to the issues at trial. Yet, the fact of his tax error was introduced without objection when he was cross-examined.  In such context the evidence was admissible [sic]….as probative of his veracity.

See Bilzerian, 926 F.2d at 1296.  In Bilzerian, the fact that the defendant was on trial for a laundry list of financial crimes (Securities Fraud, making false statements to the SEC and defrauding the SEC and IRS) did not allow the government to introduce evidence of another financial crime (his personal tax return deficiencies), until defendant opened the door by trying to testify otherwise. Similarly, the fact that the Gerova Case involved one type of financial crime is not sufficient to warrant introduction of that conviction in Galanis' trial on a totally separate and distinct financial

crime matter. If Galanis were to testify at trial[1] that he has never engaged in any prior finance-related criminal activity, the defense would concede the door has been opened. Until then, there is no proper purpose for the admission of the evidence the Government seeks to introduce. Most importantly, as mentioned above, the Government has already stated in its March 12, 2018 letter to this Court that they do not believe the Gerova Case evidence is relevant or admissible in this case. So the evidence is not admissible but the conviction is according to the government. The lack of consistency in those arguments is glaring. The government has not cited one legally acceptable reason as to why Galanis' prior conviction in the Gerova Case should be admissible.

The only similarity between the two cases is the fact that co-defendants Jason Galanis and Hirst are charged in both indictments. This probative value of this similarity is diminished a great deal herein because John Galanis had never met Hirst before appearing in Court on the Gerova Case. The common link between both cases is Jason Galanis, an individual the jury will not have an opportunity to see as he is not proceeding to trial with his co-defendants and he will not be testifying. All the jury will see is John Galanis and Hirst at the same defense table after hearing both were previously convicted in the Gerova Case, which will be highly prejudicial to both Galanis and Hirst. There is no probative value to admitting evidence of Galanis' prior conviction in the Gerova Case.

The Government has not identified any "similarity or connection" between both cases that makes the prior conviction relevant. The fact that a minority of the actors in the two cases is similar does not make the proof of Gerova admissible herein. See United States v. Pitre, 960 F.2d 1112, 1118 (2d Cir. 1992) (upholding admission of evidence in prior drug transaction when all of the same parties were involved). Here, other than Jason Galanis and Gary Hirst, the Gerova Case

---

[1] It is highly unlikely that Galanis will testify at the upcoming trial.

involved an entirely different set of actors and financial crimes. Further, there is no evidence that John Galanis and Hirst ever acted together or even knew each other prior to their arrest in the Gerova Case. Therefore, the Government cannot argue that Galanis' conviction in the Gerova Case is relevant to show "a relationship of trust between the parties". See id. There was no trust established between Hirst and John Galanis because they never acted together or even communicated.

The facts here are more similar to United States v. Garcia, 291 F.3d 127 (2d. Cir. 2002), wherein the Second Circuit held the district court had abused its discretion in allowing evidence of the defendant's prior drug conviction. The Second Circuit held that the length of time between the events, as well as the complete lack of connection between the two incidents, other than the fact that both involved the sale of cocaine, made admission of the prior conviction a reversible error. Id. at 138-139. Without any common link between the two indictments, admission of the prior conviction was prejudicial and "outweighed any marginal probative value of the evidence." Id. The criminal activity in the Gerova Case occurred more than three (3) years prior to the alleged criminal activity in this case. The only similarity between the two cases is that they are both on the financial crimes spectrum. Accordingly, admission of Galanis' prior conviction on the basis that both charges are sufficiently similar would be improper. See id.

The government's claim outside of the 404(b) parameters that the Gerova convictions of Galanis and Hirst are admissible as direct evidence due to the fact that Jason Galanis' arrest in the Gerova Case "is inexorably linked to Archer's lies to the BIT Board" (government's letter at p.7) is also without merit. What is important to note about this small slice of the evidence in this matter is that the only part of the Gerova case that was discussed by Archer is the fact that Jason Galanis was arrested. This fact has nothing to do with the fact that John Galanis and Gary Hirst were

ultimately convicted in the Gerova matter.  What happened to John Galanis and Gary Hirst had no impact on the case at bar.  The government's attempt to bootstrap John Galanis' and Gary Hirst's convictions in the Gerova Case to the alleged relevance of the Jason Galanis arrest in Gerova to the case at bar is a feeble attempt by the government to circumvent the law in this area and attain a conviction against Galanis and Hirst by prejudicing the jury against the defendants with inadmissible evidence.  If the Court in fact rules that evidence of Jason Galanis' arrest is admissible there is no evidentiary or factual reason to expand that ruling to include the fact that John Galanis and Gary Hirst were also convicted in that case.  Such evidence will serve no effect or have any value except to inflame the jury's passions against Galanis and Hirst and give the jury a false impression of the facts of the Gerova Case.

Even if this Court were to conclude that Galanis' conviction in the Gerova Case was relevant for some proper purpose, it still must apply the balancing test imposed by Rule 403 and determine whether the probative value of the evidence outweighs the prejudice to the defendant. The risk for prejudice is extraordinarily high given the fact that both cases involve financial crimes. See Nachamie, 101 F. Supp. 2d at 142.  "The potential for prejudice, moreover, is greatly enhanced where, as here, the prior offense is similar to the one for which the defendant is on trial." Id. (citing Puco, supra at 542.).  In Nachamie, this District Court concluded that the defendant's prior conviction for conspiracy to commit health care fraud was relevant to demonstrate knowledge of the charged crime of conspiracy to commit Medicare fraud.  Id. at 140.  However, the Court ultimately precluded the Government from introducing this evidence at trial, concluding that the similarity between the two crimes created a heightened risk of prejudice to the defendant. Id. at 144.  The Court further concluded that the risk of prejudice was so overwhelming that no limiting instruction would be sufficient. Id. at 146.

In <u>Puco</u>, the Second Circuit held that the trial court had abused its discretion in admitting evidence of the defendant's prior narcotics conviction at his trial for a subsequent narcotics charge. See 453 F.2d at 542. In ruling so, the Second Circuit noted that any reference to "a defendant's criminal record is always highly prejudicial" and that, "[t]he average jury is unable, despite curative instructions, to limit the influence of a defendant's criminal record to the issue of credibility." <u>Id.</u> (citing <u>Bruton v. United States</u>, 391 U.S. 123, 129 (1968)).

While the Gerova Case is substantially different from the criminal activity charged herein, both fall under the category of "financial crimes" and it would be extraordinarily difficult, even with a limiting instruction, for the jury to separate the two distinct cases. As the Supreme Court has acknowledged, "The naïve assumption that prejudicial effects can be overcome by instructions to the jury…all practicing lawyers know to be unmitigated fiction...". <u>Bruton</u>, 391 U.S. at 129 (citing <u>Krulewitch v. United States</u>, 336 U.S. 440, 453 (1949)).

Admission of the defendant's conviction in the Gerova Case would not offer any probative value and would lead the jury to believe that the defendant was more likely than not to have engaged in the conduct charged herein. This is the exact harm Rule 404(b) seeks to protect against and therefore the Government should be precluded from introducing evidence of this prior conviction at trial.

**POINT II**

**IF THE COURT ALLOWS THE GOVERNMENT TO INTRODUCE EVIDENCE OF JOHN GALANIS' PRIOR CONVICTION IN THE GEROVA CASE THEN JOHN GALANIS IS ENTITLED TO SEVERANCE.**

In the event the Court determines that evidence of Galanis' prior conviction in the Gerova Case is admissible, then the Court should grant Galanis' motion for severance. Galanis and his

co-defendant, Gary Hirst, were convicted in the Gerova Case[2]. If Galanis and Hirst proceed to trial together and the jury is allowed to hear that both were convicted in the Gerova Case, the prejudice would be so great that no limiting instruction could mitigate that harm. See Bruton, supra. at 129.

"Even if joinder would be proper under Rule 8, a court may still sever pursuant to Rule 14(a) if it appears joinder would prejudice a defendant or the government." United States v. Bowen, 689 F. Supp. 2d 675, 685 (S.D.N.Y. 2010). Under Rule 14(a) of the Federal Rules of Criminal Procedure, "a district court should grant a severance... if there is serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent a jury from making a reliable judgment about guilt or innocence." Zafiro, 506 U.S. at 539. When a joint trial creates such a substantial risk of prejudice or compromises a jury's ability to reach a reliable verdict, an essential element of a defendant's constitutional right to a fair trial is undermined and severance is warranted. See Bruton, 391 U.S. at 131. If Galanis were to proceed to trial with Hirst and the jury were to hear that Galanis and Hirst were also co-defendants in the Gerova Case, it would compromise the jury's ability to issue a reliable verdict in this case based solely on the evidence and not succumb to the prejudicial thoughts provoked by the admission of the Gerova convictions.

Despite the fact that both Galanis and Hirst were co-defendants in the Gerova Case, neither man had met or communicated with the other until they appeared in Court on that case. Upon hearing that both men were convicted together in the Gerova Case, the jury is likely to develop a very different, and false, impression of their prior relationship. This would place Galanis in the unenviable and unconstitutional corner of choosing to have to waive his constitutional right to

---

[2] John Galanis plead guilty and Mr. Hirst was convicted after trial.

remain silent in order to inform the jury of the truth of the Gerova case that he and Hirst never met, communicated or acted together.  Or continue to remain silent and allow the jury to proceed to decide this case based on a false assumption that he and Hirst knew each other and acted together. Thus, forcing Galanis and Hirst to proceed to trial together while allowing the admission into evidence that both were previously convicted together is a substantial prejudice that neither defendant will be able to overcome with a simple limiting instruction.  As previously quoted, the Supreme Court has acknowledged, "The naïve assumption that prejudicial effects can be overcome by instructions to the jury…all practicing lawyers know to be unmitigated fiction...". Bruton, 391 U.S. at 129 (citing Krulewitch v. United States, 336 U.S. 440, 453 (1949)).  Accordingly, if the Court allows the Government to introduce evidence of Galanis's prior conviction in the Gerova Case, the Court should grant Galanis' application for severance.

## CONCLUSION

For all the reasons stated herein, it is respectfully submitted that the government should be precluded from introducing evidence of John Galanis' prior conviction in the Gerova Case, or in the alternative, John Galanis should be granted severance and a separate trial, with what other relief the Court deems just and proper.

Respectfully submitted,

David Touger, Esq.

10