UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

GARY HIRST,
JOHN GALANIS, a/k/a "Yanni,"
MICHELLE MORTON,
DEVON ARCHER, and
BEVAN COONEY,

              Defendants.

No. S3 16 Cr. 371 (RA)

---

**DEFENDANTS GARY HIRST, JOHN GALANIS, MICHELLE MORTON, AND DEVON ARCHER'S JOINT PROPOSED EXAMINATION OF PROSPECTIVE JURORS**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          v.<br><br>GARY HIRST,<br>JOHN GALANIS, a/k/a "Yanni,"<br>MICHELLE MORTON,<br>DEVON ARCHER, and<br>BEVAN COONEY,<br><br>                    Defendants. | No. S3 16 Cr. 371 (RA) |

**DEFENDANTS GARY HIRST, JOHN GALANIS, MICHELLE MORTON, AND DEVON ARCHER'S JOINT PROPOSED EXAMINATION OF PROSPECTIVE JURORS**

Defendants Gary Hirst, John Galanis, Michelle Morton, and Devon Archer, through their below-signed counsel, respectfully request under Rule 24(a) of the Federal Rules of Criminal Procedure that the Court include the following questions in its examination of prospective jurors. The defendants respectfully request that the Court pursue more detailed questioning if a particular juror's answer reveals that further inquiry is appropriate and, in such an instance, to conclude with an inquiry into whether the particular fact or circumstance would influence the juror in favor of or against either the government or a defendant, or otherwise affect the juror's ability to serve as a fair and impartial juror in this case.

Dated:     April 2, 2018
           New York, New York

                                                                    Respectfully,

/s/ Gregory Morvillo_____
Gregory Morvillo
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019-6142
Tel.: (212) 506-3552
Fax: (212) 506-5151
gmorvillo@orrick.com

*Attorneys for Michelle Morton*

/s/ Matthew L. Schwartz_____
Matthew L. Schwartz
BOIES SCHILLER FLEXNER LLP
575 Lexington Avenue, 7th Floor
New York, New York 10022
Tel.: (212) 446-2300
Fax: (212) 446-2350
mlschwartz@bsfllp.com

*Attorneys for Devon Archer*

/s/ David Touger_____
David Touger
PELUSO & TOUGER LLP
70 Lafayette Street, 2nd Floor
New York, NY 10013
Tel.: (212) 608-1234
Fax: (212) 513-1989
dtouger@aol.com

*Attorneys for John Galanis*

/s/ Michael Tremonte _____
Michael Tremonte
SHER TREMONTE LLP
80 Broad Street, Suite 1301
New York, NY 10004
Tel.: (212) 202-2603
Fax: (212) 202-4156
mtremonte@shertremonte

*Attorneys for Gary Hirst*

**TABLE OF CONTENTS**

Proposed Introduction ............................................................................................................. 1

General Questions .................................................................................................................... 4

Nature of Charges ..................................................................................................................... 4

Knowledge of Trial Participants .............................................................................................. 6

Ability to Be Fair and Impartial ............................................................................................... 7

    A.    Issues Relating to the Subject Matter of the Case. ........................................... 7

    B.    Issues Relating to Experience with the Legal System ....................................... 9

    C.    Views on Evaluating Evidence and Witnesses ................................................ 11

    D.    Ability to Follow the Law ................................................................................ 12

Prior Jury Service and Lawsuits ............................................................................................ 13

Questions for Individual Jurors ............................................................................................. 13

Instructions Following Impaneling Jury ............................................................................... 15

**PROPOSED INTRODUCTION**

This is a criminal case.  The defendants on trial, Gary Hirst, John Galanis, Michelle Morton, Devon Archer, and Bevan Cooney, have been charged with the commission of federal crimes in an Indictment filed by a grand jury sitting in this District.

The Indictment is not evidence of any kind.  It merely states what crimes the government intends to try to prove that the defendants committed.  It is the government's burden to establish each defendant's guilt beyond a reasonable doubt.  Unless and until that happens, the defendants are not guilty of any crime.  I will instruct the jury on this burden of proof and what it means after all the evidence is presented.  But you should know at this point that the government has complete responsibility to prove the charges against the defendants beyond a reasonable doubt.  The defendants are not required to prove anything.  Even if the defendants offer proof, the burden never shifts to the defendants.  The government at all times bears the burden of establishing each defendant's guilt beyond a reasonable doubt.

The defendants have pleaded not guilty to the Indictment—that is, each defendant has denied the charges against him or her made by the government.  They are presumed innocent under our laws.  The accusations and the defendants' denials of those accusations raise issues of fact that must be decided by the jury on the basis of the evidence that will be presented in court.

I have no knowledge of the actual facts of this case and nothing that I say today or at any time during the trial is to be considered evidence.  I will, however, briefly summarize the charges in this case in order to determine whether there is anything about the charges that may make it difficult or inappropriate for any of you to serve as a fair and impartial juror.  Those of you who are selected to sit as jurors will receive a detailed explanation of the charges at the conclusion of the case and after closing arguments.

The Indictment in this case contains four counts or "charges."

Counts One and Two of the Indictment allege that, from at least in or about March 2014 through in or about April 2016, each of the defendants committed crimes relating to a bond issuance by the Wakpamni Lake Community Corporation, which I will call the WLCC. Specifically, Count One charges a conspiracy to commit securities fraud, and Count Two charges securities fraud. Count Two charges a substantive count, as opposed to the conspiracy alleged in Count One. At the end of the trial, I will provide you with more detailed instructions on the difference between conspiracies and substantive charges.

Counts Three and Four of the Indictment charge that, from at least in or about March 2014 through in or about April 2016, defendants Michelle Morton and Gary Hirst committed crimes relating to investors in investment advisory firms called Hughes Capital Management and Atlantic Asset Management. Specifically, Count Three charges a conspiracy to commit investment adviser fraud, and Count Four charges the substantive offense of investment advisor Fraud.

That is a summary of all four counts in the Indictment. Again, the Indictment is merely the government's accusations; it is not evidence, and it is entitled to no weight. The defendants deny all the charges and every defendant is presumed innocent. The government has the burden of producing evidence sufficient to prove the defendants' guilt on any count beyond a reasonable doubt.

I expect the trial to last six to eight weeks. Sometimes a trial lasts longer or shorter than the judge or the lawyers expect, but I wanted to give you some idea of what we expect at this point. I will tell you a little more about our schedule once the jury is selected.

In a moment, I'm going to ask you all to respond to certain questions. If you have an answer to any question you prefer not to give in public, just let us know and the lawyers and I will hear you up here at the bench. During the questioning, you may be excused from serving as a juror in this case. If you happen to be one of those excused, it is not a reflection on you. This is all part of our system of justice, which is intended to provide all parties with a jury that they believe will be fair to them.

Before I begin the questioning, I will give you a few simple rules of law that will guide all of us during the trial. First, the function of the jury is to decide questions of fact—that is, to decide any disputed questions about what actually happened in connection with this case based solely on the evidence presented before you. You, who are chosen as jurors, will be the only judges of the facts, and nothing I or the lawyers do or say may in any way intrude on your role as the exclusive fact finders based solely on the evidence presented here in the courtroom. It is not up to me to decide what happened or even to have an opinion about what happened. If you get the impression from anything I say or do that I do have an opinion about the facts, you should disregard it.

Second, when it comes to the law—as distinguished from the facts—you must take your instructions from me, and you are bound by those instructions. You may not substitute your own ideas of what the law is or what you think it ought to be. At the conclusion of the case, your job will be to determine whether the government has proven its case beyond a reasonable doubt according to my instructions on the law.

I'm going to begin with a series of general questions. Please raise your hand if your answer to any of the questions is yes. If your answer is no, you don't have to do anything. If

3

you raise your hand but your answer is something that you would rather not discuss in public, just say so, and we will hear you up here at the bench.

## GENERAL QUESTIONS

1. This trial is expected to take six to eight weeks, meaning that it well may last until the end of June or even later. Is there any significant hardship that would prevent anyone from serving as a juror for that period of time?

2. Does anyone have any problem with their hearing or their vision, or with any medical problem, that would prevent you from giving your full attention to all the evidence in this case?

3. Does anyone have any difficulty in understanding or reading English that would make it difficult for you to follow the evidence in this case?

4. Does anyone have any ideas or beliefs that would prevent you from following the instructions that I will give as to the law or from acting as a fair and impartial juror in this case based solely on the evidence presented to you?

5. Does anyone have any strong feelings about the criminal justice system or litigation in general that would make it difficult for you to be a fair and impartial juror in this case?

6. Does anyone have any doubt that they would be able to decide this case based solely on the evidence presented at the trial here in this courtroom and not based on any other information?

## NATURE OF CHARGES

7. Does anyone have any personal knowledge of the charges in the Indictment in this case or know anything about the facts of this case other than what I have told you thus far?

4

8. Has anyone heard, read, or seen anything from newspapers, television, radio, the Internet, friends, family, or any other source, regarding Gary Hirst, John Galanis, Michelle Morton, Devon Archer, or Bevan Cooney, the charges against them, or this case?

9. From this point forward, until you are dismissed as a prospective juror or juror, you will not be permitted to read or listen to any news about this case or about Mr. Hirst, Mr. Galanis, Ms. Morton, Mr Archer, or Mr. Cooney.  I cannot stress enough that you are absolutely forbidden from doing any internet research on this case.  You are not permitted to Google the defendants or their attorneys.  You are not permitted to search any internet sites or read any article if there are any.  You won't be allowed to write about your participation as a juror on any internet site or blog.  You won't be able to discuss with anyone the events that occur during the course of the trial.  This is very important so that we can conduct a fair trial in accordance with our laws and the Constitution.  You must be able to focus solely on what's happening in the courtroom, the evidence presented to you, and my instructions as to the law.  Does anyone believe that they would have any difficulty complying with this extremely important instruction?

10. This case involves charges relating to the issuance and sale of bonds, and the activities of investment advisors, broker-dealers, placement agents, insurance companies, asset managers, and other financial services firms.

   a. Have any of you, or your family members or close friends, ever been employed by a financial services company?  What kind?  Would that employment affect your ability to be fair and impartial in this case?

   b. Have any of you ever invested in a bond? Would that experience affect your ability to be fair and impartial in this case?

  c. Have any of you ever invested with an investment advisor or asset manager? Would that experience affect your ability to be fair and impartial in this case?

  d. Do any of you have pension or retirement funds that are managed by an investment adviser or asset manager? Would that experience affect your ability to be fair and impartial in this case?

11. This case involves a Native American tribal entity. Do you or, to your knowledge, does any relative or friend, have any connection or dealings with any Native American tribal entities? Would that connection affect your ability to be fair and impartial in this case?

## KNOWLEDGE OF TRIAL PARTICIPANTS

12. This case is being prosecuted by the United States Attorney's Office for the Southern District of New York. The Acting United States Attorney in this case is Robert Khuzami. Assistant United States Attorneys Rebecca Mermelstein, Brendan F. Quigley, and Negar Tekeei will be the attorneys for the government who will try this case. They will be assisted by Special Agent _____ of the FBI. At times, the government will be assisted by \_\_\_\_\_, who are paralegals in the U.S. Attorney's Office. Do you or, to your knowledge, does any relative or friend, know or have any connection or dealings with Robert Khuzami, the prosecuting attorneys, or anyone else associated with the U.S. Attorney's Office for the Southern District of New York?

13. Do you, a family member, or a close friend or have you, a family member, or a close friend have or had any associations or employment with the FBI, the Securities & Exchange Commission or SEC, the Financial Industry Regulatory Authority or FINRA, the

National Association of Securities Dealers or NASD, the New York Stock Exchange, or any other law enforcement or regulatory agency?

14. Do you, any relative, or close friend know or have any connection to Gary Hirst, John Galanis, Michelle Morton, Devon Archer, or Bevan Cooney, or their relatives or friends?

15. Gary Hirst is represented here by Michael Tremonte, Noam Biale, and Emma Spiro of the law firm Sher Tremonte LLP, and Barry Levin. John Galanis is represented here by David Touger of the law firm Peluso & Touger. Michelle Morton is represented here by Gregory Morvillo, Savannah Stevenson, and Caitlin Sikes of the law firm Orrick, Herrington, & Sutcliffe LLP. Bevan Cooney is represented here by Paula Notari of the Law Office of Paula J. Notari, and Abraham Abegaz-Hassen of the law firm O'Neill and Hassen. Devon Archer is represented at this trial by Matthew Schwartz of the law firm Boies Schiller Flexner LLP. Do you, a family member, or a close friend, or have you or anyone you know had any dealings directly or indirectly with any of these attorneys or their assistants or their law firms?

16. I am going to read a list of names to you. These are names of people and companies that might be mentioned at trial, or who might testify at trial. The purpose of the exercise is to find out whether you know any of these people, have heard of any of them, or have had dealings with any of the people or companies that are going to be mentioned in the course of the trial. *[List of names to be presented to the Court following submission of the parties' witness lists in Schedule A.]*

## ABILITY TO BE FAIR AND IMPARTIAL

**A. Issues Relating to the Subject Matter of the Case.**

17. During this trial, you are going to hear evidence about the financial industry, and specifically about the issuance, buying, and selling of bonds, and the operations of asset

7

managers and investment advisors. Over the past few years, you likely have seen news articles or opinion pieces about the role of bonds and other debt instruments in the recession that took place in 2008. All of us have been touched in one way or the other by the recession, and we all have our own opinions about it. This case, however, is not about the recession, or the causes of the recession. This case has only to do with the specific charges that have been made against Gary Hirst, John Galanis, Michelle Morton, Devon Archer, and Bevan Cooney, and each defendant's respective denials of those charges. This case must be decided fairly and simply on the evidence that you see and hear during trial. Does anyone believe that the nature of the evidence presented will pose any obstacle to serving as fair and impartial jurors?

18. You may hear about transactions involving tens of millions of dollars, and wealthy individuals. Will the fact that this case involves wealthy individuals and transactions involving large sums of money impact your ability to be a fair and impartial juror in this case?

19. Have you or has anyone close to you ever brought a claim against a broker, investment advisor, or other person or firm in the financial industry?

20. Have you or has anyone close to you ever been the victim of a securities fraud or any financial fraud or crime? Please explain.

21. Have you or has anyone close to you ever been the victim of *any* crime? Would that fact affect your ability to be a fair and impartial juror?

22. Do you watch any financial or business-related programming, or follow any financial or business-related news, that would affect your ability to be a fair and impartial juror in this case?

23. In this case, there will be a lot of finance-related and accounting-related testimony. Do you have any particular knowledge of any of these subjects through education, work, personal experience, or otherwise?

24. Have you ever felt that you or anyone close to you was taken advantage of in a business or financial transaction? Would that experience affect your ability to serve as a fair and impartial juror in this case?

25. Have you ever relied on the advice of a stock broker, investment manager, investment advisor, securities trader, investment analyst, investor, or anyone else to help you make investment decisions? Would that experience affect your ability in any way to serve as a fair and impartial juror in this case?

26. Have you ever relied on an investment adviser or asset manager in regards to a pension or retirement fund? Would that experience affect your ability in any way to serve as a fair and impartial juror in this case?

27. Have you ever made or lost so much money at one time that it changed your lifestyle? Would that experience affect your ability in any way to serve as a fair and impartial juror in this case?

**B. Issues Relating to Experience with the Legal System.**

28. Do you, or have you, or has anyone close to you, ever been employed by any federal, state, or local prosecutor's office, or any federal, state, or local law enforcement agency or regulatory agency?

29. Do you or does a relative or close friend work for a criminal defense lawyer or private investigator?

30. Are you or do you have any close relatives or friends who are judges, law clerks, court attendants, court clerks, other types of court personnel, probation officers, or persons connected with any correctional institution, jail, or prison?

31. Have you or has a family member ever been a witness to a crime?

32. Have you ever appeared or testified as a witness in any investigation or legal proceeding?

33. Have you or has anyone close to you ever been accused of fraud, including securities fraud, or charged with a crime?

34. Have you ever been involved, or do you expect to become involved, in any legal action or dispute with the United States or any agency, officer, or employee of the United States, or have you had any financial interest in such a dispute?

35. Have you—either through any experience that you have had, or anything that you have seen or read—developed any bias or prejudice, either for or against, the United States Department of Justice, the United States Attorney's Office, the FBI or the Securities & Exchange Commission? Any other federal, state, or local law enforcement or regulatory agency?

36. Have you—either through any experience that you have had, or anything that you have seen or read—developed any bias or prejudice, either for or against, a criminal defense lawyer or a private investigator?

37. Do you have any feelings about individuals who have been charged with financial fraud or securities fraud?

38. Do you believe that our system of criminal justice improperly favors anyone?

### C. Views on Evaluating Evidence and Witnesses

39. I will instruct you that in determining the credibility of a law enforcement witness, such as a Special Agent of the FBI, you must treat that witness like any other witness, and will not give that witness any more weight or less weight just because the witness is a law enforcement agent. Does anyone believe that they will have trouble following this instruction?

40. I will also instruct you that you are to give any witness called by the government and any witness called by the defense no greater or lesser weight simply because they are called by the government or by the defense. Does anyone believe that they will have any trouble following this instruction?

41. In the course of the presentation of the evidence in this case, you may find that the conduct of a defendant is morally or ethically offensive to you, or, alternatively, you may not like one or any of the defendants based on testimony or documents presented to you at trial. Nevertheless, your personal feelings about a defendant's conduct or the defendants themselves is not a matter relevant to the determination of whether the government has sufficiently proved the defendant guilty of a particular charge against him or her beyond a reasonable doubt. You must evaluate the evidence presented to you in a fair and impartial manner and follow my instructions on the law, including each of the elements that the government must prove beyond a reasonable doubt, in order to find a defendant guilty of a particular charge. Does anyone believe that they will have any trouble following this instruction?

42. Under our Constitution, a defendant does not have to testify, because the burden of proof remains with the Government at all times. If the defendant does not testify, the jury may not draw any unfavorable inference against the defendant based on that decision. That fact

cannot enter at all into the jury's deliberations. Does anyone believe that they will have any trouble following this instruction?

43.     Under our Constitution, a defendant is under no obligation to present any evidence or case on his own behalf.  It is the government that must prove its case beyond a reasonable doubt.  If the defendant elects not to present any evidence, the jury cannot draw any adverse inference against the defendant based on that decision. Again, that fact cannot enter at all into the jury's deliberations under our Constitution.  Does anyone believe that they will have any trouble following this instruction?

44.     Some of the witnesses called by the Government may have past criminal convictions, or may have been involved in some of the crimes charged in the indictment.  Some of these witnesses have pleaded guilty and are testifying pursuant to cooperation agreements with the Government. These witnesses are hoping that their cooperation will result in a reduced sentence or some other benefit.  There is nothing unlawful about the Government's use of such witnesses. However, I will instruct you that the testimony of such individuals should be considered with great caution and care.  You are prohibited from associating the guilt of any of these individuals with the question of whether each defendant is guilty.  That is to say, just because these individuals have decided to plead guilty and testify, you may not draw any negative conclusions against the defendants.  Do any of you believe you will have any problem following this instruction?

**D. Ability to Follow the Law**

45.     Do you have any religious, philosophical, or other beliefs that would make you unable to render a verdict for reasons unrelated to the evidence or the Court's instructions?

46.     Can you follow the Court's instructions even if you don't agree with them?

47. Do you have any problem with the legal principle that the burden of proof in a criminal case rests solely on the government?

48. Under the law, a defendant is presumed innocent until and unless the prosecution proves his or her guilt beyond a reasonable doubt. Do you agree or disagree with this principle? Please explain.

49. Do you believe that innocent people can be wrongfully accused of crimes?

50. Does that fact that these defendants were indicted change your view of them? If yes, please explain.

## PRIOR JURY SERVICE AND LAWSUITS

51. Has anyone ever been a juror in a criminal or civil case, state or federal? If so, please state whether each case was in state or federal court, whether it was a criminal or civil matter, and, without telling us what the verdict was, whether a verdict was reached? Is there anything about your prior experience as a juror that would prevent you from acting as a fair and impartial juror in this case?

52. Have you ever served as a grand juror, state or federal? If you have done so, please indicate where and when you served, and describe, in general terms, the kinds of cases you heard. Is there anything about your prior experience as a grand juror that would prevent you from acting as a fair and impartial juror in this case?

## QUESTIONS FOR INDIVIDUAL JURORS

53. What county and what neighborhood do you live in? How long have you lived there? Do you own or rent your home?

54. What level of school did you reach?

55. What, if any, is your present employment? Where is your place of work? What is the nature of your work? How long have you held your current position? What did you do prior to your current job? If retired, what did you do before? If unemployed, what was your last position of employment?

56. If you are married or have a partner, is he or she employed? If yes, what does your spouse or partner do?

57. Do you have children? If yes, how old are they? Do they live at home with you? If they are adults, and are employed, what do they do?

58. Do you regularly read any financial publications or publications that cover the business world? If so, what are they?

59. Do you regularly watch any television programs, or follow any sites on the Internet, or listen to any radio shows or podcasts that cover business news? If so, what are they?

60. What is the main way you get your news: from newspapers, television, the Internet, or otherwise?

61. What newspapers, magazines, websites, or blogs do you regularly read?

62. What television, radio, or podcasts do you regularly watch or listen to?

63. What are your hobbies and activities?

64. Is there anything in your personal history or life experience—whether I have asked specifically about it or not—that would affect your ability to render a fair and impartial verdict in this case?

## INSTRUCTIONS FOLLOWING IMPANELING JURY

65. From this point on until you retire to deliberate on your verdict, it is your duty not to discuss this case and not to remain in the presence of other persons who may be discussing this case. This rule about not discussing the case with others includes discussions even with members of your own family and your friends.

66. If at any time during the course of this trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me through my deputy clerk. In this regard, let me explain to you that the attorneys and the defendant in a case are not supposed to talk to jurors, even to offer a friendly greeting. So if you happen to see any of them outside this courtroom they will, and should, ignore you. Please do not take offense. They will only be acting properly by doing so.

67. Just as you must not have any in-person communications about this case, you must not communicate with anyone about the case by cellphone, through email, Blackberry, iPhone, text messaging or Twitter, through any blog or website, through any internet chat room, or by way of any other social networking websites, including Facebook, My Space, LinkedIn, or YouTube. Similarly, you must not use these tools to post any information about the case on the Internet.

68. Do not do any research or make any investigation on your own about any matters relating to this case or this type of case. This means, for example, that you must not consult reference works or dictionaries, search the internet, websites, blogs, or use any other electronic tools to obtain information about this case, this type of case, the parties in this case, or anyone else involved in this case. You must decide this case based only on the evidence presented in the

courtroom and my instructions about the law. It would be improper for you supplement that information on your own.