# PELUSO & TOUGER, LLP

*ATTORNEYS AT LAW*
*70 LAFAYETTE STREET*
*NEW YORK, NEW YORK 10013*

TELEPHONE: (212) 608-1234
FACSIMILE:  (212) 513-1989

April 3, 2018

Honorable Ronnie Abrams
United States District Court Judge
United States Courthouse
40 Foley Square
New York, New York 10007

      Re: <u>United States v. John Galanis,</u>
          16 CR 371 (RA)

Your Honor,

On February 13, 2018, this Court ordered the Bureau of Prisons (BOP) to produce Mr. Galanis in New York City during the first week of April. To refresh the Court's memory of the issue, counsel had asked for the delay until then so Mr. Galanis ~~could receive emergent medical care that if not received could be life threatening~~. As I understand the situation currently from the government, it is the BOP's intentions not to produce Mr. Galanis in New York until April 24th at the earliest. I will also add that the BOP has not given Mr. Galanis ~~any of the medical care that was the basis of counsel's~~ request. The defense sacrificed much needed trial preparation time together with his client because of ~~Mr. Galanis' possibly life threatening medical situation~~ and now to find out at this late date that the BOP not only did not give Mr. Galanis the ~~medical treatment he so desperately needs~~ but also has disregarded this Court's Order to produce Mr. Galanis in New York City by this week is quite distressing. The fact that Mr. Galanis is going to arrive in this jurisdiction 3 weeks later than Ordered by this Court is completely detrimental to counsel's ability to be prepared to proceed to trial on April 30th, a mere 6 days after Mr. Galanis is currently scheduled to arrive here.

This late arrival's extremely harmful effect on the defense's ability to be prepared for trial, is compounded by numerous factors. First, as the Court might be aware, while Mr. Galanis is being transported across the country he is not allowed to bring with him any of his paperwork. Thus, unlike the situation now where Mr. Galanis has access to his trial Discovery and can review it on a daily basis and send counsel emails or call counsel to review certain aspects of the case, this will stop while Mr. Galanis is in route. Second, counsel and Mr. Galanis have been able to communicate frequently to prepare the defense case for the upcoming trial and Mr. Galanis' opinions and knowledge of the facts of the case has been quite helpful to counsel and has greatly aided counsel's preparation for the trial, this communication will cease in any meaningful fashion during the time Mr. Galanis will be in transit. To lose communication with Mr. Galanis, is as the Court can easily discern this close to the beginning of the trial is devastating to counsel's ability to prepare for trial. Third, because of the fact that Mr. Galanis is incarcerated and thus

can only communicate with counsel through prison call or emails counsel is unable to have secure and private commubnications with his client. There are many topics, facts and situations we have not been able to discuss due to this situation and were planning to discuss once Mr. Galanis arrived in New York. This obviously has a negative impact on counsel's ability to prepare for trial. Fourth, counsel will not be able to make certain Motions In Limine prior to trial because of his inability to conference certain issues in a private fashion. Fifth, Mr. Galanis ~~is obviously not a young man nor is he even in good health for a man of his age as the Court is well aware. The trip across country will obviously be quite arduous for him and will hamper his~~ ability to aid counsel once he arrives in New York City for a couple days until his ~~body adjusts~~ to the new time zone and ~~recovers~~ from the journey across the country. This loss of a couple of days when you only have 5 days before the trial is scheduled to begin is obviously quite harmful to the defense case in this matter. Sixth, counsel will not even be able to see Mr. Galanis if in fact he arrives in New York City on the 24th because it takes at least 24 hours before counsel is able to see a client after he or she arrives at their destination. Finally, counsel will have to re-deliver to Mr. Galanis all of the necessary Discovery in this matter and although counsel will have the CDs ready to deliver to Mr. Galanis, attorney/client mail usually takes a day or two to be delivered to the client. In the end what all of this means is that even if the BOP produces Mr. Galanis to New York City on April 24th counsel will only have 3 or 4 days to meet with his client and that is certainly not enough time to be adequately prepared if the trial is to begin on April 30th.

As previously stated, counsel was pushing the time line to the limit when it asked for only 3 weeks of preparation time but did so ~~because of the health emergency Mr. Galanis was suffering from~~. Any cut into that time makes it completely impossible for counsel to be able to give Mr. Galanis the adequate defense he is constitutionally guaranteed. First, it was the government filing over 35,000 documents of Discovery after they had said that Discovery was completed, making it quite difficult for counsel to be prepared to proceed to trial on April 30th. This caused all counsel to file a letter with the Court asking for a delay of the trial date including it should be noted by this Court, counsel for Michelle Morton who had previously never sought a delay of the trial date. This demonstrates how serious counsels' request for a delay is. Now the BOP has compounded and made it essential for this Court to delay the trial of this matter because they have made it impossible for counsel to not only meet with his client for the 3 weeks leading up to this trial but also to communicate in any effective way with his client for many of the days leading up to the trial of this matter. The fact that the BOP did this in contravention of this Court's ruling and did not even give ~~Mr. Galanis the medical treatment he so desperately needs~~ is galling.

Most Respectfully,

David Touger, Esq.

cc.: Rebecca Mermelstein, AUSA