# SHER TREMONTE LLP

April 4, 2018

**BY ECF**

The Honorable Ronnie Abrams
United States District Judge
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:  *United States v. Galanis et al.*, 16-cr-371 (RA)

Dear Judge Abrams:

We write on behalf of our client, Gary Hirst, to request that the Court adjourn the trial, currently scheduled for April 30, 2018, because conditions at the Metropolitan Correctional Center (MCC) make it impossible for Mr. Hirst to meaningfully participate in the preparation of his defense.

As the Court is aware, Mr. Hirst is currently serving a 78-month sentence imposed by Judge Castel in *United States v. Galanis*, 15-Cr-643 (PKC).  Mr. Hirst's appeal of that conviction is pending.  Mr. Hirst was previously housed at FCI Jesup, a low security BOP facility in Georgia.  While Mr. Hirst was there, we made monthly trips to visit him in order to discuss the case and prepare for trial.  However, on March 9, 2018, the government unilaterally requested an expedited transfer of Mr. Hirst to the MCC.[1]  Mr. Hirst arrived at the MCC in the evening on March 19, 2018.

After two weeks at the MCC, it has become apparent that conditions there make it impossible for Mr. Hirst to participate meaningfully in the preparation of his defense at trial, especially given the enormous complexity of this multi-defendant case, in which the government produced literally millions of pages of documents, hundreds of hours of voice recordings, tens of thousands of text messages, and recently provided exhibits that in hard copy comprise sixteen oversized binders – *none of which* materials are available

---

[1]  We objected to the government's motion because its request was based on misstatements of fact and an effort to gain a tactical advantage, though we of course had no objection to Mr. Hirst being in New York to facilitate trial preparation.  Indeed, we note that counsel for John Galanis has advised the Court that his client will not be transferred to the jurisdiction until April 24, 2018, a mere six days before trial.  *See* Dkt. #375.

Hon. Ronnie Abrams
April 4, 2018
Page 2 of 3

to Mr. Hirst at the MCC, except in the literal sense.  That is, although copies of these materials have been sent to the MCC, Mr. Hirst cannot actually review them.

It is virtually impossible for Mr. Hirst to meaningfully review even a fraction of the discovery in this case while he is incarcerated at the MCC.  First, the government has not made the extraordinarily voluminous discovery available to Mr. Hirst in any form.  Instead, on March 28, 2018, the government sent us an email (attached hereto as Exhibit A) detailing its discussion with officials at the MCC and stating, "we will leave it to you to provide trial exhibits and 3500 to your clients."  The government also indicated that it was seeking to retrieve a hard drive of the rest of the discovery in the case (apparently there is only one) from FCI Terminal Island to make it available to defendants at the MCC.  We have not heard any update about that discovery.

We have provided Mr. Hirst with documents in the case in paper form, as well as a disc of the exhibits.[2]  It is not possible, however, for Mr. Hirst to review these materials at the MCC.  While one computer is ostensibly available in the housing unit, the keyboard is inexplicably placed at a level where detainees must stand in order to use it.  Mr. Hirst has no cartilage in his hip, and therefore he cannot stand for any extended period of time.  Worse still, the monitor for the computer keyboard is mounted high on the wall and placed next to two television screens.  Consequently, all other detainees who are watching television cannot help but observe what the person looking at discovery is reviewing.  Mr. Hirst requested for the computer to be brought down so that he could sit while reviewing discovery.  In response, he was told by his counselor that he should ask other inmates to take chairs they are sitting on so that he can stack them up to the level of the computer.

Mr. Hirst has also inquired about reviewing discovery in the law library and in attorney conference rooms.  He has been told that the latter is not permitted and that the former is only possible for a few hours on Tuesdays.  This past Tuesday the facility was locked down for four days and no one could access the law library.  Mr. Hirst reports that when the law library is open, there are typically more than fifteen inmates attempting simultaneously to use three computers, and, moreover, all of these computers are visible to everyone waiting in the library.

As Your Honor knows, this case involves an immense volume of documents and numerous complex transactions.  As noted, there are millions of documents (in excess of 660 bankers boxes if printed) in the total discovery and over 24,000 pages (seven bankers boxes in hard copy) in the government's exhibits alone.  Even if the prison allowed us to bring in the hundreds of bankers boxes these documents would fill (which it does not), it

---

[2]   We physically dropped the materials at the MCC in the legal mail drop box, yet it still took over a week for Mr. Hirst to receive them.  Moreover, although our delivery of such materials was clearly marked "Legal Mail," officials at the MCC opened the envelope and apparently reviewed its contents outside the presence of our client.

Hon. Ronnie Abrams
April 4, 2018
Page 3 of 3

would be impossible for Mr. Hirst to store these in hardcopy.  It is critical that Mr. Hirst be able to assist his defense team by reviewing such documents electronically and giving us the benefit of his knowledge about them.  It is also his unequivocal right under the Sixth Amendment.

      Separate and apart from his inability to review and analyze the evidence in this case, conditions at the MCC severely impede our ability to have useful meetings with our client.  Since Mr. Hirst arrived at the MCC, we have attempted to visit him on nine separate occasions.  On only four of those occasions were we able to have substantive meetings with him of any length.  On five occasions, the wait to be placed in a meeting room ran between an hour and two hours, and on three of those occasions it exceeded ninety minutes.  Those wait times caused shortened meetings because of various constraints, including MCC-imposed visiting hours, the count, the closure of the facility due to unexplained "emergencies," and our having to attend to other matters.

      Because the MCC makes it impossible for us to meet with Mr. Hirst regularly and because he cannot, while incarcerated, review the evidence against him, we respectfully request that the Court adjourn the trial to accommodate Mr. Hirst's participation in his own defense.  Alternatively, if the Court is not inclined to adjourn the trial, we respectfully request, at a minimum, that the Court order the MCC to give Mr. Hirst access to the law library 24 hours a day, seven days a week.

      We appreciate the Court's consideration and are available to appear to discuss this matter at any time convenient for Your Honor.

Respectfully submitted,

/s/
Michael Tremonte
Noam Biale
Emma Spiro
SHER TREMONTE LLP

/s/
Barry Levin, Esq.

cc:   All counsel (by ECF)