

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 5, 2018

**BY ECF**

The Honorable Ronnie Abrams
United States District Judge
40 Foley Square
New York, NY 10007

      Re:    <u>United States v. John Galanis, et al.,</u>
               16 Cr. 371 (RA)

Dear Judge Abrams:

      The Government writes in brief opposition to defendant Gary Hirst's renewed motion for an adjournment on the basis of his claims that he has inadequate access to the discovery, exhibits and 3500 material at the Metropolitan Correctional Center ("MCC").

      Turning first to the issue of discovery, Hirst complains that the Government has "not made the extraordinarily voluminous discovery available to [] Hirst in any form." (Ltr. at 2). This is untrue. On October 30, 2017, following Hirst's designation to FCI Jessup in connection with his Gerova sentencing, the Government emailed counsel for Hirst to confirm that counsel was working to provide Hirst with access to the discovery and offering to assist in any way necessary. Counsel did not seek any assistance from the Government and was apparently successful in providing discovery to Hirst at FCI Jessup. Indeed, counsel represents that they have made monthly trips to meet with Hirst at FCI Jessup to prepare for trial. (Ltr. at 1).

      In contrast, the facility to which John Galanis had been designated, FCI Terminal Island, would accept the provision of discovery solely by the Government. Accordingly, the Government arranged for a hard drive containing to the discovery to be made available to John Galanis at that facility. In connection with preparations for John Galanis's transfer to New York for trial, his counsel asked the Government to make available the full set of discovery in New York, which the Government agreed to do. Because it takes many days to burn a full set of discovery, the Government indicated that it would retrieve the hard drive from FCI Terminal Island and made that hard drive available at MCC.

Also in advance of trial, the Government discussed the provision of 3500 material and exhibits to the incarcerated defendants.[1] The Government informed counsel that MCC would permit counsel to provide hard copy or electronic versions of the 3500 material and exhibits to the defendants and accordingly, that that Government would provide such materials to counsel, who could provide it to their clients. Although Hirst's counsel made no inquiry concerning the provision of the entirety of the discovery material – and the Government reasonably assumed that the defendant's focus in preparing for trial would be on 3500 material and exhibits – the Government informed Hirst's counsel of the plan to transfer a hard drive of discovery material from FCI Terminal Island to MCC. Yesterday, however, the Government learned that John Galanis will not be housed at MCC ███████████████████████ and accordingly, his hard drive of discovery cannot be made accessible to Hirst. Accordingly, the Government is in the process of burning a second hard drive which will be provided to Hirst at MCC next week. Given that Hirst has had access to this discovery for the better part of two years, is in possession of the 3500 and exhibits, and will have the complete set of discovery materials available next week, no adjournment is warranted on this basis.

Hirst next complains about his access to the 3500 material and exhibits. Hirst acknowledges that he has unfettered access to materials through a computer in his housing unit but complains that the "keyboard is inexplicably placed at a level where detainees must stand in order to use it" and that the monitor is visible to other inmates. (Ltr. at 2). As has been explained to the inmates, the keyboard was moved from a seated position after repeated security violations enabled by the seated arrangement. Its placement at standing height is thus not inexplicable. Nor, given the nature of the discovery in this case, is there anything problematic about the discovery being visible to other inmates in Hirst's unit. Even accepting Hirst's representation that he cannot stand for long periods as the result of the loss of cartilage in his hip,[2] Hirst has sufficient access to the 3500 material and exhibits on his housing unit and can take frequent breaks to sit between review sessions.

---

[1] Hirst's suggestion that the Government unilaterally transferred him to MCC to gain a tactical advantage is completely baseless. On February 28, 2018, in the ordinary course of trial preparation, the Government provided the Marshals with a "federal writ" directing that Hirst be brought to this District for trial. On March 9, 2018, after counsel indicated that they would be unable to discuss an expiring plea offer with Hirst because Hirst was in transit, the Government made efforts to expedite Hirst's arrival in New York. Nothing about the timing of Hirst's arrival was designed to deny him access to discovery materials at FCI Jessup or to gain any tactical advantage and the defendant's claims to the contrary are spurious.

[2] Hirst made no mention of such a condition in his Presentence Report.

The Government nonetheless wishes for Hirst to have the maximum possible access to the 3500 materials and exhibits in order to prepare for trial. The Government has thus had several conversations with MCC personnel. In light of the pending trial, MCC personnel will offer Hirst – in addition to the available review mechanisms – access to the attorney visiting rooms on the weekends and, as possible, in the evenings. Combined with the access Hirst already has, this is more than sufficient to prepare for trial and no adjournment is warranted.

        Respectfully submitted,

        ROBERT KHUZAMI
        Attorney for the United States, Acting Under
        Authority Conferred by 28 U.S.C. § 515

By:  /s/ Rebecca Mermelstein
        Rebecca Mermelstein/Brendan F. Quigley/
        Negar Tekeei
        Assistant United States Attorneys
        (212) 637-2360/2190/2482