## PELUSO & TOUGER, LLP
### 70 LAFAYETTE STREET
### NEW YORK, NEW YORK 10013

(212) 608-1234
Fax No. (212) 513-1989

April 6, 2018

Honorable Ronnie Abrams
United States District Court Judge
Southern District of New York
40 Foley Square
New York, New York 10007

**Re:     United States v. Jason Galanis, et al.**
         **Docket No. 16 CR 371 (RA)**

Dear Judge Abrams:

Please accept this letter motion in lieu of a more formal reply brief in opposition to the government's motion and in further support of the defendant John Galanis' motion to preclude the introduction of evidence pertaining to his prior conviction in the Gerova Case pursuant to the Federal Rules of Evidence 404(b).

The Government argues that John Galanis' conviction in the Gerova Case is admissible to establish "a relationship of mutual trust" between John Galanis and Jason Galanis. The relationship between John and Jason is self-evident; the men are father and son. The government's motion to inform the jury that John Galanis was previously convicted in a financial crime case for the purpose of establishing a relationship with his own son is unnecessary cumulative and is only being made for the one reason it is not allowed, to prove that Jason and John Galanis commit crimes together. The probative value is small and its prejudicial effect is incalculable because as many Courts have previously found, there is no more damaging evidence than evidence of a prior criminal record. Further, John Galanis and Jason Galanis are not proceeding to trial together; John Galanis and Gary Hirst are, and the Government seems to concede that evidence of their convictions in the Gerova Case will not serve to establish any relationship between them because in fact there was none. It is difficult to understand how evidence of a highly prejudicial prior conviction is more probative than prejudicial under the Rule 403 balancing test simply to establish a relationship between two men the jury will already know have one of the most basic relationships of trust, that being father and son.

The cases cited by the Government are all distinguishable in that in each case the evidence of prior bad acts was necessary to establish a relationship between the co-conspirators unlike here. See United States v. Lin Guang, 511 F.3d 110, 121 (2d Cir. 2007) ("...evidence was admissible to show a relationship of mutual trust between Shi and Lin."); see also United States v. Pascarella, 84 F.3d 61, 72-3 (2d Cir. 1996) (prior bad acts evidence was necessary to explain

Honorable Ronnie Abrams
Page 2 of 3
April 6, 2018

the trust between the men and why one co-conspirator refused to believe that the other co-conspirator was a "rat"); United States v. Pipola, 83 F.3d 556, 566 (2d Cir. 1996) (evidence of prior bad acts would "help the jury understand the basis for the co-conspirators' relationship of mutual trust."); United States v. Gracesqui, No. 10 Cr. 74 (PKC) (S.D.N.Y. June 3, 2016) (prior bad acts necessary "to show the development of a relationship of trust"); United States v. Riley, 2014 U.S. Dist. LEXIS 171648 *10 (S.D.N.Y. July 14, 2014) ("[R]elationship with his alleged co-conspirators is directly at issue"). In none of these cases was there an already established and strong relationship between the parties as herein. Here, unlike in the cases cited by the government there is a well established and obvious relationship between the parties. The government does not and cannot cite one case where prior criminal conduct was allowed in under Rule 404(b) to establish a relationship between parties that already have an obvious and well established relationship. The jury will know full well with out presenting evidence of the Gerova Case conviction that a relationship of trust is present between John Galanis and Jason Galanis as they are father and son.

Further, each case cited by the Government involved admitting evidence of prior bad acts to establish a relationship between the defendants, as opposed to here where the Government seeks to admit evidence of a prior federal criminal conviction, which is far more prejudicial. Again, the Government has conceded that admitting evidence of the Gerova Case conviction will not serve to establish any relationship between John Galanis and Gary Hirst, who are proceeding to trial together, but only between John Galanis and his son Jason Galanis. John and Jason developed a relationship as a result of being related; there is no need to inform the jury of John Galanis' prior conviction in order for the Government to establish trust between two men who are father and son.

The Gerova Case conviction should also not be admitted to establish knowledge, intent, or lack of mistake. In United States v. Inserra, cited by the Government, the Court held that evidence of a prior oral misrepresentation was relevant towards the charged conduct of a written misrepresentation. See 34 F.3d 83, 89 (2d Cir. 1994). The Court held that an oral lie was sufficiently similar to a written lie. Id. In United States v. Smith, also cited by the Government, the Court allowed evidence that the defendant had previously misappropriated stocks in a case where he was also charged with misappropriating stocks. See 727 F.2d 214, 219-20 (2d Cir. 1984). The Court in both cases allowed the prior bad acts evidence to be admitted because the acts were virtually the same. The difference is that the similarity between the acts that existed in Inserra and Smith is simply not present herein. The Gerova Conspiracy was criminal from its inception: falsely inflating the value of a stock in order to pump up the value and then quickly sell before others do. The current matter involves the purchase of Native American Bonds, the alleged criminality occurs after the bonds are sold when Jason Galanis allegedly steals some of the proceeds of the sale. The actual sale of the bonds is not a criminal act. In the cases the government cites the charged acts and the prior bad acts are similar in nature, you are comparing apples to apples. In the case herein the acts are not similar at all, you are comparing apples to oranges. One set of circumstances is not related to the other. Just because a crime is committed in both circumstances does not mean that the crimes are similar in nature and scheme.

Honorable Ronnie Abrams
Page 3 of 3
April 6, 2018

      Finally, even if the Court decides the Gerova convictions are admissible under 404(b), the convictions should not be allowed into evidence under Rule 403 because their prejudicial effect certainly outweighs any probative value they might have. The government candidly admits that there is no relationship between Gary Hirst and John Galanis yet the government wants to enter into evidence a conviction that falsely demonstrates that there is prior connection between them. The Gerova convictions would give the jury a false impression that a relationship exists where factually none does. This false impression cannot be cured by a curative instruction as the government suggests because as the Supreme Court of the United States has acknowledged, "The naïve assumption that prejudicial effects can be overcome by instructions to the jury…all practicing lawyers know to be unmitigated fiction...". Bruton, 391 U.S. at 129 (citing Krulewitch v. United States, 336 U.S. 440, 453 (1949)). And as this Court has found any reference to "a defendant's criminal record is always highly prejudicial" and that, "[t]he average jury is unable, despite curative instructions, to limit the influence of a defendant's criminal record to the issue of credibility." Id. (citing Bruton v. United States, 391 U.S. 123, 129 (1968)). Thus, the admission of the Gerova convictions will not aid the jury in their quest for the truth in this instance to the contrary, it will mean that the jury will be basing their decision on the guilt or non-guilt of Hirst and John Galanis on a fact everyone knows is not true. This most respectfully should not be allowed by this Court.

## CONCLUSION

      For all the reasons stated herein and in the defendant's prior submissions, it is respectfully submitted that the government should be precluded from introducing evidence of John Galanis' prior conviction in the Gerova Case, or in the alternative, John Galanis should be granted severance and a separate trial, with what other relief the Court deems just and proper.

Respectfully submitted,

David Touger, Esq.