

MATTHEW L. SCHWARTZ
Tel.: (212) 303-3646
E-mail: mlschwartz@bsfllp.com

April 9, 2018

**BY ECF**

Hon. Ronnie Abrams
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States v. Jason Galanis, et al.*, S1 16 Cr. 371 (RA)

Dear Judge Abrams:

    I represent Devon Archer, and write in connection with the Court's memo-endorsed order of April 6th, in which Your Honor ordered Mr. Archer to make a new Rule 16 disclosure of "only those documents he '*intends* to use [in his] case-in-chief at trial'" by this coming Thursday, noting that "[f]ailure to comply in good faith with Rule 16 may result in appropriate remedial action."

    While Mr. Archer will of course comply with this order and make a further production of documents to the government, we respectfully object to the Court's ruling insofar as it suggests that Mr. Archer has not honored his Rule 16 obligations in good faith. The defendants in this case have been saying for weeks that they are not prepared to go to trial at the end of this month, and that they have been unable to effectively review the millions upon millions of documents produced by the government in this case. Nonetheless, the defendants worked in good faith with the government to set a schedule for pre-trial disclosures, including the production of Rule 16 material a month before trial and the production of defense trial exhibits a week before trial. The government made it crystal clear that they would object to the introduction of any exhibit that had not been properly disclosed by those deadlines.

    With the Rule 16 disclosure deadline approaching, Mr. Archer was far from ready for trial. We had no idea what documents we might introduce. We had not reviewed, or even gotten access to, the more than two million pages of new discovery made available to us last month. We had not yet received the government's witness list or 3500 disclosures. So, faced with the prospect of the government seeking to exclude any document that had not been produced, Mr. Archer made a Rule 16 production of documents that he might wish to use at trial. To be clear, the reason that Mr. Archer's Rule 16 production dwarfs that of the other defendants is not due to any improper gamesmanship; it is a result of the fact that Mr. Archer alone has been engaged in discovery with the SEC in the parallel civil case. The majority of Mr. Archer's Rule 16 production was gathered in discovery in that case, and all indications are that the SEC had already shared it with the government – although neither the SEC nor the U.S. Attorney's Office



has disclosed precisely what has passed between them, which as the Court may recall has required motion practice in the past.  Moreover, Mr. Archer has been unable to effectively review the SEC's productions for some of the precise reasons that the government raised in response to Mr. Archer's production – a dispute that we have brought to the Court in that case, but that will not be heard until early May.  As a result, Mr. Archer's Rule 16 production was voluminous so as to ensure that he would not be precluded from presenting evidence that we determined, in the month between the Rule 16 deadline and trial, was critical.

Since making our Rule 16 production, only a week has passed.  We have received the government's 3500 production, which provides some additional information about its case.  We are in a slightly better position to project which documents we may use at trial, and which we likely will not.  Accordingly, we will do our best to make a more focused production to the government.  But it will still be big.  We have no other choice.  If we produce only the documents we have decided that we are likely to use at trial – which is all that Rule 16 requires – the government has made clear that it will object to our use of any other documents, and the Court has seemingly endorsed the government's view by indicating it will take a "case-by-case" approach, suggesting the burden will be on the defendants to justify "new" documents.

Accordingly, Mr. Archer will do his best to comply with the Court's order, but we wish to make it clear that our timely production of Rule 16 material was consistent with our agreement with the government.  Our exhibits will also be timely disclosed to the government, consistent with our agreement.  There should be no ill consequence to Mr. Archer if some of those exhibits are contained in our larger Rule 16 production but not the smaller production now ordered by the Court.  When that happens – and it likely will – it will not be the result of games-playing or bad faith.  It will be the inevitable consequence of being forced to go to trial without adequate time to prepare.

Thank you for your consideration.

Respectfully,

/s/ Matthew L. Schwartz
Matthew L. Schwartz