*PELUSO & TOUGER, LLP*
70 LAFAYETTE STREET
NEW YORK, NEW YORK 10013

(212) 608-1234
Fax No. (212) 513-1989

April 23, 2018

Honorable Ronnie Abrams
United States District Court Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   **United States v. Jason Galanis, et al.**
      **Docket No. 16 CR 371 (RA)**

Dear Judge Abrams:

    We write on behalf of our client, John Galanis, in response to the government's letter dated April 19, 2018, wherein the government essentially moves for a second time to admit John Galanis' prior conviction in the Gerova Case despite this Court's firm denial of their first motion. While this Court allowed the Government the opportunity to submit a letter responding to our sur-reply, the Court did not authorize the government to make a second formal motion on the subject.

    The Government's April 19, 2018 letter goes well beyond addressing issues raised in our sur-reply and instead is an attempt by the Government to make a second application to admit John Galanis' prior conviction in the Gerova Case, mere days after this Court denied the Government's first motion. As counsel for Gary Hirst rightfully reminded the Court, your Honor did not authorize the Government to make a second motion on this issue and accordingly the Court should ignore this application, other than the brief portions that directly address our sur-reply. See Sequa Corp., v. Gbj Corp., 156 F.3d 136, 144 (2d Cir. 1998) ("taking a 'second bite at the apple'" is improper).

    In the alternative, the Court should treat this motion as a motion for reconsideration. A motion for reconsideration "is an extraordinary remedy to be employed sparingly in the interest of finality and conservation of scare judicial resources." Benjamin v. Goord, No. 02-CV-1703 (NRB), 2010 WL 3341639 *1 (S.D.N.Y. Aug 18, 2010). Further, the government provided no justifiable reason as to why they did not present these arguments in their original motion. See United States v. Yarbrough, 179 Fed. Appx. 769, 770 (2d Cir. 2006) (no new facts were alleged that would have required the district court to reconsider their decision or hold a new hearing).

    Should the Court decide to consider the arguments made in the government's April 19, 2018 letter, the Court should be aware that the new cases cited by the government are still

distinguishable from the facts herein. In United States v. Dupree, which involved defendants who were brothers, the Court admitted prior uncharged acts, not prior criminal convictions, as the government seeks to do here. See 870 F.3d 62, 76-77 (2d Cir. 2017). The admittance of a prior federal criminal conviction between the parties carries much more prejudicial weight with a jury than prior bad acts. Furthermore, the situation therein involved very similar crimes, which is not present herein. Finally, in Dupree, the defendants' opened the door to the evidence being admitted by the defense they chose to present, which has not occurred herein.[1] Also the situation herein is decidedly more prejudicial because another co-defendant (Gary Hirst) is involved.

In United States v. Russo, there was no issue regarding 404(b) evidence at all. See 302 F.3d 37 (2d Cir. 2002). The issue was whether it was appropriate to reference the fact that the defendant was a member of the Colombo family, an organized crime family. Id. at. 41. There was no discussion regarding prior convictions.

Finally, In United States v. Mercado, the 404(b) evidence admitted against the defendant involved prior gun transactions, although not evidence that the defendant was convicted of a prior gun crime. See 573 F.3d 138, 143 (2d Cir. 2009) (J. Droney dissenting, "At trial the Court permitted Jones [a cooperating witness] and law enforcement officers to testify about both firearms transactions…"). Further, Mercado involved the relationship between two friends, not a father and son. Additionally, Justice Droney issued a strongly worded dissent arguing against the admittance of the prior gun transactions to establish a relationship between two friends where their "strong relationship and friendship was undisputed." Id. at. 145. Similarly, John Galanis has no intention of disputing a relationship with his son.

Accordingly, just as counsel stated in their sur-reply, the government continues to be unable to cite to one case where the Court has allowed into evidence proof of prior joint criminal convictions under Rule 404(b) to establish a relationship between parties that already have an obvious and well established relationship such as father and son which is present herein.

## CONCLUSION

For all the reasons stated herein, it is respectfully submitted that the Court should adhere to its initial ruling on this matter and the government should be precluded from introducing evidence of John Galanis' prior conviction in the Gerova Case, with what other relief the Court deems just and proper.

Respectfully submitted,

David Touger, Esq.

---

[1] Counsel is fully aware that the Court has warned counsel that if the door is opened by them during the trial, the Court has retained the prerogative to adjust its ruling accordingly.