# SHER TREMONTE LLP

May 10, 2018

**BY ECF**
The Honorable Ronnie Abrams
United States District Judge
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

                      **Re:** *United States v. Galanis et al.*, 16-cr-371 (RA)

Dear Judge Abrams:

      We write on behalf of our client, Gary Hirst, to inform the Court of a recent decision in the Eastern District of New York, in which Judge Cogan granted a motion for severance, that is applicable to the Court's consideration of Mr. Hirst's pending severance motion before this Court.

      In *United States v. Nordlicht*, No. 16-CR-640 (BMC)[1], the government alleged that defendants, directors and officers of Platinum Flagship Hedge Fund ("Platinum") participated in two fraudulent schemes. The first involved defendants' concealing a liquidity crisis at Platinum, overvaluing its performance and assets, and concealing the purpose of various transactions undertaken in violation of Platinum's governing documents. The second scheme, as alleged by the government, accused defendants of defrauding third-party holders of a Platinum client's bonds and depriving those bondholders of the proceeds of an asset sale based on certain misrepresentations. *Id*. at 2.

      The court's opinion granting severance in *Nordlicht* focused on the antagonistic defenses of the defendants, including in particular that Defendant Jeffrey Shulse intended to argue that he was not aware of the fraud, and that, once he became aware of it, he brought it to the attention of the SEC and other authorities. *Id*. The court noted that in presenting this defense, Shulse planned to introduce out-of-court statements made to investigators, which tended to exculpate him and point the finger at other defendants. This necessarily would lead to "frequent objections against Shulse's argument and evidence, seriously disrupting trial in a manner that would test any jury." *Id*. at 4. The court concluded that this prejudice, coupled with the clearly antagonistic defenses among defendants, rose to the level of "legally cognizable prejudice threatening Shulse's co-defendants right to a fair trial, and warranting severance." *Id*. at 5.

---

[1]     The Opinion in *United States v. Nordlicht* is attached as Exhibit A.

Hon. Ronnie Abrams
May 10, 2018
Page 2 of 3

In its holding, the court stressed that "[s]erious trial management concerns" weighed in favor of severance, including, among other things, the potential for "innumerable objections" and "frequent side bars" related to the statements Shulse made to investigators. Such issues would merely add "to the complexity of an already challenging case, extending its length and disrupting the parties' presentations, all of which will heighten the chances of jury confusion, further jeopardizing defendants' right to a fair trial." *Id*. at 5-6.

As Your honor is aware, counsel for Michelle Morton have represented that they plan to introduce similar evidence as to her "efforts to report suspicious conduct and assist the government in its investigation." Morton motion *in limine*, DKT 391, at 1. Such evidence of cooperation includes a letter written by Ms. Morton purporting to evidence some of her co-defendants' (including Mr. Hirst's) culpability and her lack of knowledge as to any fraudulent activity. Additionally, it includes her subsequent cooperation with the Federal Bureau of Investigation and the Southern District of New York, in which she details her communications with various co-defendants during the offense conduct alleged in this case. Such evidence will surely be objected to at trial and will raise numerous lengthy side bars, additional motion practice, and other inevitable disruptions. In fact, such evidence has already been the subject of a dispute among the parties. *See* Tr. of Apr. 13 Hr'g at 31:21-34:05 (defense counsel for Archer, Morton and John Galanis each taking varying positions as to the admissibility and/or necessity for redaction of documents relevant to Morton's cooperation). Because of the case management issues that will inevitably arise, as well as the severe prejudice Ms. Morton's co-defendants will face in defending against her accusations, Ms. Morton should be severed from the remaining defendants.[2] Defendants John Galanis, Devon Archer, and Bevan Cooney join in this motion.

---

[2] In addition, Ms. Morton has distributed an exhibit list for her affirmative case that includes documents involving the other co-defendants talking amongst each other regarding the offense conduct. In *Nordlicht*, the court noted the severe prejudice that would result from Schulse's counsel "presenting the jury at closing with a display of emails allegedly incriminating Shulse's co-defendants and pointing out his client's absence from them." *Nordlicht*, No. 16-CR-640, at 4-5. This would result in Shulse's co-defendants facing a double prosecution – "one attack brought by the Government, and another leveled by Shulse." *Id*. at 5. Here, as in *Nordlicht*, we expect Ms. Morton to argue that her absence on such documents is significant because her co-defendants were conspiring behind her back and without her participation. This will essentially result in two government summations – one from the government and one from counsel for Ms. Morton. Such prejudice, coupled with the case management issues that will arise from Ms. Morton's attempted cooperation, warrant severance in this matter.

Hon. Ronnie Abrams
May 10, 2018
Page 3 of 3

      We appreciate the Court's consideration and are available to appear to discuss this matter at any time convenient for Your Honor.

                Respectfully submitted,

                /s/
                Michael Tremonte
                Noam Biale
                Emma Spiro
                SHER TREMONTE LLP

                /s/
                Barry Levin, Esq.

cc:    All counsel (by ECF)