

MATTHEW L. SCHWARTZ
Tel.: (212) 303-3646
E-mail: mlschwartz@bsfllp.com

May 15, 2018

**BY ECF**

Hon. Ronnie Abrams
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States v. Jason Galanis, et al.*, S1 16 Cr. 371 (RA)

Dear Judge Abrams:

    I represent Devon Archer. I write to respectfully move *in limine* to exclude GX 2117, which was one of fifteen new exhibits produced by the government this evening. In moving to exclude this single exhibit, Mr. Archer reserves his rights with respect to all other exhibits, which he is still in the process of reviewing. But in light of tomorrow's final pre-trial conference, at which Mr. Archer appreciates that Your Honor may wish to resolve as many outstanding issues as possible, Mr. Archer moves to preclude GX 2117 now.

    GX 2117, a copy of which is attached, is an e-mail chain in which each and every e-mail is from Mark Waddington – an individual not alleged to be a co-conspirator – to Mr. Archer, copying one or two other people. In the e-mails, Waddington asks Mr. Archer questions about the bonds alleged to have been purchased by Rosemont Seneca Bohai. Certain of the e-mails in the chain purport to recount conversations between Waddington and Mr. Archer ("As discussed. . . ." "Thanks for the call earlier whereby you confirmed that. . . .").

    This exhibit should be excluded for three reasons.

    *First*, it is rank hearsay. The government is presumably seeking to introduce this e-mail for the truth of the matter asserted, *i.e.*, that Mr. Archer and Waddington discussed what the e-mails say they discussed. This is inadmissible hearsay-within-hearsay. *See* Fed. R. Evid. 805. Even if the bottom layer is a party admission, the top layer – the e-mail itself – is an out-of-court statement admitted for its truth, which is not subject to any conceivable exception. *See, e.g., Friends of the Boundary Mountains v. U.S. Army Corps of Engineers*, No. 12-CV-357-GZS, 2013 WL 4589466, at *3 (D. Me. Aug. 28, 2013) ("Those emails relay Ms. Gray's recollection of the conversation with Mr. Clement and consist largely of hearsay.").

    *Second*, it is far from clear that the bottom layer is a party admission at all. For example, one of Waddington's e-mails says, "[a]s discussed, RSB LLC was the purchaser of the initial shares but borrowed from another entity (Thornsdale Trust or similar) who needs to be the beneficial recipient of the shares issued at $25." There is no other context: it is not clear whether Waddington asserted this statement, or whether Mr. Archer agreed. The Court therefore





Page 2

cannot conclude that any statement was "made by the party" against whom the evidence is offered.  Fed. R. Evid. 801(d)(2)(A).

*Third*, putting aside the hearsay issue (and even if the government were to proffer some non-hearsay purpose for this exhibit), the exhibit should be excluded under Rule 403.  This e-mail chain is dated October 23, 2015 – a month after Jason Galanis was arrested, and well after the government had issued subpoenas to Mr. Archer and various other people and entities.  At the time that he received these e-mails, Mr. Archer was represented by counsel, and any explanation of the context around these e-mails and the referenced conversations – including the fact that Mr. Archer did not respond in writing – will turn on advice of counsel with respect to the government's investigation.  This will create needless issues that will confuse the jury, prolong the trial, raise potential conflicts, and prejudice Mr. Archer.  Weighed against the limited and cumulative probative value of the exhibit, it should be excluded.

Thank you for your consideration.

                                                       Respectfully,

                                                       /s/  Matthew L. Schwartz
                                                       Matthew L. Schwartz

# Exhibit A

**To:** Devon Archer[darcher@rosemontcapital.com]
**Cc:** 'Ezekiel, David'[David.Ezekiel@marsh.com]; 'Jason Sugerman'[Jsugarman@camdencap.com]
**From:** Mark Waddington
**Sent:** Mon 10/26/2015 5:11:59 PM
**Subject:** RE: Waky Bond $15m Transfer - ROSEMONT SENECA BOHAI, LLC?

Devon,

Thanks for call earlier whereby you confirmed that the interco entity should be CALVERT CAPITAL LIMITED, already the holder of 1,688,479 Class B shares.

In the coming days, we'll arrange to issue 600,000 shares to Calvert and have Share Register updated accordingly. In full satisfaction of the payable from Waky transfer, we should also consider issuing an additional 29,000 at $25 on or around the same date (to cover the remaining interco loan balance of $725,000, rounded from $725.133).

Regards,

---

**From:** Mark Waddington
**Sent:** Friday, October 23, 2015 5:31 PM
**To:** 'Devon Archer' <darcher@rosemontcapital.com>
**Cc:** 'Ezekiel, David' <David.Ezekiel@marsh.com>; 'Jason Sugerman' <Jsugarman@camdencap.com>
**Subject:** RE: Waky Bond $15m Transfer - ROSEMONT SENECA BOHAI, LLC?

Devon,

Thanks for call. As discussed, RSB LLC was the purchaser of the initial shares but borrowed from another entity (Thornsdale Trust or similar) who needs to be the beneficial recipient of the shares issued at $25. Once you double check full entity name/spelling (and get email back!), you'll send through details so we'll have by Mon/Tues latest.

By the way, the valuation of the bond transfer came in at $15,725,133.33 (look to attached for split b/w market and accrued interest). As a result, Thornsdale will need to update its transaction/books to show shares ($15m) and the other $725k as amount due from Valor Group Ltd to match the way Valor Group will book. No terms have been linked with the amount due b/w affiliates, we can work out any such details before year end (if not settled beforehand by further shares).

Enjoy weekend, talk more Mon/Tues

Mark

---

**From:** Mark Waddington
**Sent:** Friday, October 23, 2015 1:33 PM
**To:** 'Devon Archer' <darcher@rosemontcapital.com>
**Cc:** 'Ezekiel, David' <David.Ezekiel@marsh.com>
**Subject:** Waky Bond $15m Transfer - ROSEMONT SENECA BOHAI, LLC?

Devon,

As per attached wire, please confirm ROSEMONT SENECA BOHAI, LLC was the entity transferring $15m par Waky bond to Valor Group Ltd (for onward to VL Bermuda).

Ultimately the entity will be the receiver of 600,000 shares of Valor Group Ltd as its consideration so it's key that we have entity right.

Thanks

GOVERNMENT EXHIBIT 2117
16 Cr. 371 (RA)

Confidential Material