

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 16, 2018

**BY ECF**
The Honorable Ronnie Abrams
United States District Judge, Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re: <u>United States v. Devon Archer, et al.</u>, S3 16 Cr. 371 (RA)

Dear Judge Abrams:

  The Government writes in response to defendant Devon Archer's motion regarding GX 2117 and regarding certain exhibits produced by Archer last night.

  **I.** **GX 2117**

  The Court should deny Archer's motion to exclude GX 2117.

  First, the email is highly relevant. On its face, it concerns the $15 million Wakpamni bond that Archer purchased through Rosemont Seneca Bohai ("RSB") in October 2014. For that reason alone, it meets Rule 401's relevancy test. Second, the email shows Archer's continuing involvement with the bonds over a year after he purchased them, providing evidence of his personal, continued involvement in transactions related to the bond. Finally, the email indicates that Archer claimed that RSB borrowed money to buy the bonds from Calvert Capital Limited. The Government expects to show at trial, however, that Calvert was not created until after the bonds were issued and was used to attempt to paper over transactions related to the bonds. Further, these representations are inconsistent with Archer's prior statements to Morgan Stanley and Deutsche Bank that the money he used to purchase the bonds came from real-estate transactions.

  Second, the Court should reject Archer's arguments regarding Rule 403. A defendant cannot prevent the Government from introducing otherwise highly relevant, non-privileged evidence simply by claiming his explanation for that evidence is privileged; indeed, it is axiomatic that the privilege cannot be used as both "a shield and a sword." *United States* v. *Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991) ("The attorney-client privilege cannot at once be used as a shield and a sword. . . . A defendant may not use the privilege to prejudice his opponent's case or to disclose some selected communications for self-serving purposes." (citation omitted)).

  Third, the evidence is admissible as non-hearsay. Specifically, the email chain contains Archer's adoptive admissions under Federal Rule of Evidence 801(d)(2)(B). "[A] party may adopt a written statement by using it or taking action in response to it" or by "tak[ing] action in compliance

with the statement." 5-801 Weinstein's Federal Evidence § 801.31 (2018).  Here, the email chain makes clear that Archer repeatedly responded to Waddington's inquiries—first clarifying that RSB borrowed the money it used to purchase the Wakpamni bonds and then, in response to Waddington's inquiries, confirming that Calvert was the entity from whom Archer purportedly borrowed the funds.[1]

## II.  Defense Exhibits

Last night, Archer produced a number of defense exhibits.  While the Government is still reviewing these exhibits, several appear on their face to be irrelevant and/or intended to create jury sympathy for Archer.  These include:

- DX 4920-a picture of an eight-year old Archer, and his two siblings, sitting on his father.  The photo appears to be from GQ Magazine, and the caption notes "the Archers Live It Up in Calvin Klein" and that "[o]n Thanksgiving, the family takes part in a ten-kilometer run, the 'Turkey Trot.'"  Archer's father is quoted as saying the "best thing [he] ever did was have children."

- DX 4921-a photograph of Archer playing lacrosse for Yale University.

- DX 4922-a photo of Archer in an advertisement for Levi's jeans.

- DX 4923-a photograph of what appears to be Archer with his wife, children and mother or mother-in-law on the subway.

- DX 4924-a photograph of two children, which appears to be of Archer as a child with a sibling.

- DX 4925-a picture of a panda bear under a waterfall.

The photographs have no apparent relevance to this case.  DX 4920 through 4924, in particular, appear intended to create juror sympathy for Archer.  Accordingly, the Court should preclude these exhibits.

In addition, Archer has marked as DX 4916, a photograph of defendant Cooney holding up a Guinness in a bar or restaurant while seated with a blond woman and DX 4910, a photograph of Archer's assistant, Sebastian Momtazi, wearing sunglasses and a baseball hat and engaged in what appear to be a poker tournament.  While the Government has marked booking photos of the defendants, largely to have them available for presentations during jury addresses, DX 4916 and 4910 are not neutral photographs.  Instead, these photographs, in combination with those referenced

---

[1] *Friends of the Boundary Mountains* v. *U.S. Army Corps of Engineers*, No. 12 Civ. 357 (GZS), 2013 WL 4589466, at *3 (D. Me. Aug. 28, 2013), cited by Archer, is not to the contrary.  The emails here do not merely "relay [Waddington's] recollection of the conversation with [Archer]" to a third party.  Instead, they show an extended back and forth reflecting Archer's assent to Waddington's representations.

above, appear intended to suggest that Archer is a wholesome family man while Cooney and Momtazi (upon whom it is clear Archer intends to cast blame for the Wakpamni fraud) were gamblers, drinkers, and generally less upstanding. Such an effort to arouse the jurors' emotions regarding Cooney or Momtazi should also be precluded.[2]

                Respectfully submitted,

                ROBERT KHUZAMI
                Attorney for the United States, Acting Under
                Authority Conferred by 28 U.S.C. § 515

By: /s/ Brendan F. Quigley
     Rebecca Mermelstein
     Brendan F. Quigley
     Negar Tekeei
     Assistant United States Attorneys
     (212) 637-2360/2190/2442

cc: Counsel of record (via ECF)

---

[2] Although Archer intends to offer these photographs in a public proceeding, the Government, in an abundance of caution, is not attaching the exhibits hereto and instead will provide them to the Court via email, given that a number contain pictures of minors.