

MATTHEW L. SCHWARTZ
Tel.:  (212) 303-3646
E-mail:  mlschwartz@bsfllp.com

May 25, 2018

**BY ECF**

Hon. Ronnie Abrams
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States v. Galanis, et al.*, S3 16 Cr. 371 (RA)

Dear Judge Abrams:

    I represent Devon Archer.  I write in brief reply to the government's letter of this evening, seeking reconsideration of the Court's April 13 order barring evidence of Jason Galanis's arrest in September 2015 [ECF No. 480].

    *First*, the government has still failed to show how evidence of Galanis's arrest is probative of any relevant fact.  At most, evidence that *something* happened to Galanis on September 25, 2015, is relevant to orient the jury to certain conversations that happened afterwards.  For example, with respect to the BIT Board, all that is needed is that the BIT Board renewed their questions in September 2015.  As the government itself puts it, Mr. Archer "doubled down" on his prior statements.  [ECF No. 480, at 2].  They were either true twice, or false twice, but Jason Galanis's arrest has no relevance to their truth or falsity.

    There is no question that Jason Galanis was arrested in September 2015, and that it had repercussions.  The issue – which the government still fails to grapple with – is that it can prove those repercussions (to the extent relevant) without introducing evidence of the underlying arrest.  While Mr. Archer is of course not privy to the government's trial strategy or what all of the witnesses will say, there is no good reason why – at the very most – the concerns of all parties can't be resolved by sanitizing the evidence.  One way to do that is to explain to the jury (by stipulation and appropriate redactions) that something happened to Jason Galanis and he became unavailable in September 2015.

    If the Court deems it absolutely necessary, as counsel for John Galanis suggested in Court yesterday, the jury could even be informed that Jason Galanis was arrested on unrelated charges, without going into details of the charges or that it was a securities fraud.  *See* 5/24/2018 Tr. at 245 (Mr. Touger:  "I would say that a compromise is suggested that we just say if the Court is going to go back and its ruling that we understand it to be that Jason Galanis was arrested in September of 2016 and not bring out that it is a securities fraud or anything else or



any other defendants are arrested or any other individuals are arrested and the background."). There is literally no argument that the government says it wants to make that would be impaired by this proposal, yet the enormous prejudice of informing the jury that Jason Galanis was arrested for securities fraud, in this District, by this U.S. Attorney's Office, would be mitigated.

In reality, of course, the government wants to make improper arguments.  The government claims that it "is not seeking to introduce any evidence of the conduct underlying the Gerova fraud," but the exhibits attached to its letter demonstrate otherwise.  GX 2103, for example, contains a complete recitation of the facts of the Gerova case *and* makes clear that that case was prosecuted by the very same office that is handling this case:

> According to the SEC's complaint, in early 2010, Jason Galanis and ▇ orchestrated a scheme to secretly issue $72 million of unrestricted Gerova shares to a Galanis family friend in Kosovo. Jason Galanis, ▇▇▇ allegedly directed sales of the shares from the Kosovo friend's brokerage accounts and had the proceeds wired to them and their associates who collectively realized approximately $20 million in illicit profits.
>
> Jason Galanis is alleged to have bribed Hamels to purchase Gerova stock to help stabilize the stock's price as the shares were liquidated. The complaint alleges that many of the purchases were coordinated in matched trades with the Kosovo friend's sales. Hamels is alleged to have purchased Gerova stock for advisory clients based on arrangements with ▇▇▇ regarding the times, prices, and amounts of stock to purchase, and is alleged to have failed to inform his clients of the bribe from Jason Galanis.
>
> "We allege that by fraudulently obtaining the shares and dumping them in sales to public investors, these six individuals enriched themselves and displayed a callous disregard for the company's investors and for the integrity of the public markets," said Andrew M. Calamari, Director of the SEC's New York Regional Office.
>
> In a parallel action, the U.S. Attorney's Office for the Southern District of New York announced criminal charges against the six charged by the SEC as well as the family friend in Kosovo.
>
> The SEC's complaint charges the six defendants with violations of the antifraud provisions of the federal securities laws, charges Jason Galanis, ▇▇, ▇▇▇ with securities registration violations, and charges Hamels with investment adviser fraud. The complaint seeks a final judgment permanently enjoining the defendants from future violations of the federal securities laws, imposing financial penalties, and ordering them to disgorge their allegedly ill-gotten gains plus prejudgment interest.
>
> The SEC's investigation was conducted by H. Gregory Baker, Christopher Ferrante, Leslie Kazon, and Sheldon Pollock of the New York Regional Office. The litigation will be led by Nancy A. Brown and Mr. Baker. The SEC thanks the U.S. Attorney's Office of the Southern District of New York, the U.S. Postal Inspection Service, and the Federal Bureau of Investigation for their assistance in this matter.



May 25, 2018<br>Page 3

      Evidence of Jason Galanis's arrest should be excluded in its entirety, as Your Honor already held in clear and unambiguous language. But if the Court is inclined to reconsider its April 13 ruling, then the government should not have license to introduce evidence that it expressly disavows. A simple stipulation that Jason Galanis was arrested in a totally unrelated case – involving conduct that had nothing to do with Mr. Archer and that he had no knowledge of – would allow the government to make each argument that it says it wants to make.

      *Second*, the government's argument that Mr. Archer will not be prejudiced by the Gerova evidence is just wrong. It is true, of course, that Mr. Archer said in opening statements that he was used and lied to by Jason Galanis. But that is exactly why this evidence is so prejudicial. Remember, the way that this most recent dispute started was an objection to the government's statement in its opening that "you will hear that this was not Jason's first criminal scheme," (5/24/2018 Tr. at 54), the gist of which, as Mr. Archer pointed out, "is that these defendants, Mr. Archer in particular, ought to have known better because this was not Jason Galanis's first rodeo." (*Id.* at 124).

      The Gerova evidence is particularly toxic, therefore, in at least two respects. *First*, it was a securities and investment adviser fraud and so will suggest to the jury that Galanis had a history of engaging in exactly the same conduct as is charged here. *Second*, the jury will draw the totally improper and false inference that Mr. Archer knew it. Unlike the California arrest – which was sealed, and did not involve securities fraud – and unlike his conviction in this case – which obviously post-dated all of the relevant conduct – Jason Galanis's arrest in Gerova occurred in the middle of the charged conduct, and Mr. Archer has no way to rebut the improper inference that he was involved in or knowledgeable about it. The government's hollow offer to confirm that Mr. Archer was not a "subject" of that investigation does nothing to mitigate the prejudice.

      *Third*, the government's suggestion that because I asked them to change black redactions to white – at 8:00 PM on a Friday night, within two hours of them sending a new batch of more than two dozen exhibits – I therefore somehow was indicating that I had reviewed and had no objection to all of their exhibits is preposterous. The parties have numerous objections to one another's exhibits that will be raised if and when appropriate. That I raised one issue is no proof that I was foregoing all others. Certainly, for example, there is no universe in which Mr. Archer was not going to object to the admission of the SEC's press release.

      Thank you for your consideration.

Respectfully,<br><br>/s/ Matthew L. Schwartz<br>Matthew L. Schwartz