# PELUSO & TOUGER, LLP.
## 70 LAFAYETTE STREET
## NEW YORK, NEW YORK 10013

Office: (212) 608-1234
Facsimile: (212) 513-1989

May 30, 2018

**BY EMAIL AND ECF**
Honorable Ronnie Abrams
United States District Judge,
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square New York, NY 10007

Re: United States v. John Galanis, et al., S3 16 Cr. 371 (RA)

I write in response to the Government's letter recently submitted to the Court. I incorporate all the arguments made on this issue previously and will not repeat the points already made. The Government in its letter quotes two cases to support its argument that the disputed testimony should be allowed. However, both cases are clearly distinguishable from the facts at bar and thus add no value to this argument.

In both cases cited by the Government there is one very important fact that differentiates those cases from the one at bar. In both United States v. Cuti, 720 F.3d 453 (2d Cir. 2013) and United States v. Tagliaferri, 13 Cr. 115 (RA), the Second Circuit and this Court allowed to be placed before the jury evidence that concerned the defendant on trial. In Cuti the defendant was charged with accounting fraud, the Second Circuit allowed into evidence that the sitting defendant had withheld certain crucial facts from two other accountants and the witnesses then were allowed to testify as to how this lack of knowledge affected their work product. In Tagliaferri, as this Court is well aware, Mr. Tagleaferri himself was on trial and certain victims of his fraud were allowed to testify how if they knew of his conflict of interest they would not have invested their funds with him. Here, the person who allegedly had the conflict of interest, Michelle Morton[1] is not on trial and even more importantly none of the defendants had any relationship with Michelle Morton or any conflict of interest with the OSERS fund. Mr. Galanis himself, never met, spoke to or communicated in any way with Michelle Morton.

---

[1] Although it is certainly interesting to note as previously argued to this Court that Michelle Morton did not attempt to hide any conflicts of interests and in fact informed Mr. Smith of them. But this argument has been fully stated to the Court previously.

Honorable Ronnie Abrams
May 30, 2018
Page 2 of 2

Thus, the only cases cited by the Government to support its position have no relevance in this matter because the facts are not at all similar. The facts, and law in this area lead most respectfully to the obvious conclusion that this disputed testimony should not be allowed before the jury.

I also join in all arguments made by my co-counsel in prior arguments before the Court on this issue.

Most Respectfully,

David Touger, Esq.