# PELUSO & TOUGER, LLP
## ATTORNEYS AT LAW
## 70 LAFAYETTE STREET
## NEW YORK, NEW YORK 10013

*TELEPHONE: (212) 608-1234*
*FACSIMILE : (212) 513-1989*

June 15, 2018

**By Email & ECF**
Honorable Ronnie Abrams
United States District Court Judge
United States Courthouse
40 Foley Square
New York, New York 10007

Re: United States v. John Galanis,
    16 CR 371 (RA)

Your Honor,

I write in response to the government's letter filed earlier this evening. Throughout this trial the government has argued that counsel has opened the door to evidence of my client's conviction in the *Gerova* matter to be admitted into evidence at this trial. The Court has denied their application each time it has been made. The Court has also continually warned counsel of the consequences of any arguments that indicate that John Galanis trusted Jason Galanis to not commit criminal acts would in all likelihood result in the door being opened. Counsel has heeded the Court's advice and has not to this point and will not make any arguments during summation that John Galanis is not guilty because he trusted Jason Galanis. I stand by the comments I made on the record the last time the government made this argument:

> Your Honor, I think there are a lot of arguments that can be made that don't open the door. I'm not going to go through each and every one. But I can tell you we're not going to be presenting a defense based on the fact, father and son, or trusting Jason Galanis, or any of those. Obviously, if we got up and argued that John Galanis was just following the instructions of Jason Galanis and trusted him to the Nth degree, that would promptly open the door.

Because nothing has changed since the last time this issue was raised by the government, counsel most respectfully suggests that the Court deny the government's motion as it has consistently done throughout this trial.

Hon. Ronnie Abrams
June 14, 2018
Page 2 of 3

The government's mischaracterization, over simplification and outright exaggeration of certain evidence at this trial does however force counsel to comment specifically on some aspects of their letter. First, the government argues that it is clear that John Galanis will argue that he rightfully received a $2.35 million finders fee. This argument will not be made.

Second, the government seems to argue that since there is no evidence in the record that John Galanis specifically was going to receive a commission or finder's fee then that means that counsel cannot argue that John Galanis received a commission or finder's fee. The evidence does not support this argument in many ways. Initially it is indisputable that Rayceon Raines received a finder's fee in this case from Stephen Haynes. Nowhere in the record is there evidence that this finder's fee was part of the Bond documents. However, he received the fee because as he testified it is normal business protocol that a commission or finder's fee is paid in this situation.

In addition Mr. Raines testified that he fully anticipated that John Galanis would receive a finder's fee from Burnham. Mr. Raines went on to testify that in fact most of his income from the WLCC is from him receiving finder's fees. In addition other witnesses including Mr. Martin testified that the payment of a finder's fee or commission is consistent with normal business practice in these types of financial transactions. Mr. Martin also testified that he has received commissions on many deals and while the amount of the commission is not set and is usually a point of negotiation, the usual commission is 5 or 6 percent. Thus, there is ample evidence in the record that demonstrates that commissions or finder's fees are paid to people in John Galanis' position in this case.

Third, the government states that it is clear that John Galanis lied to both Tim Anderson and Rayceon Raines about the nature of Jason Galanis' relationship to Burnham. This is a gross exaggeration and mischaracterization of the evidence. First, there are distinct differences between Mr. Anderson and Mr. Raines as to how John Galanis characterized Jason Galanis' relationship to Burnham. However, there is ample evidence in the record and the government cannot dispute the argument that Jason Galanis while not employed at Burnham (counsel will never argue that he was an employee of Burnham) certainly exercised great influence and was able to decide if Burnham should make certain investments. Mr. Anderson himself testified that it was due to Jason Galanis' influence at Burnham that he was hired as Burnham's counsel. Furthermore, every witness who had any contact with Burnham during this time period has made it quite clear that Jason Galanis while not employed at Burnham exercised great influence at the company and dictated many of its actions. There is also evidence that he used Burnham's office space to conduct business meetings. There is also certainly evidence in the record to indicate that Jason Galanis was a partial investor in Burnham. Finally the government is going to call witnesses next week that will make it quite clear that Jason Galanis was making business decisions for Burnham.

Hon. Ronnie Abrams
June 14, 2018
Page 3 of 3

Fourth, the government states that John Galanis clearly lied to Rayceon Raines and Tim Anderson about the purported relationship between Wealth Assurance-AG ("WA-AG") and Wealth Assurance Private Client Corp ("WAPCC"). This is a clear exaggeration of the record. Tim Anderson himself testified that he is unclear of exactly what John Galanis said when describing the relationship. At one point he stated that John Galanis stated that it WAPCC was a subsidiary of WA-AG and at another he stated that WAPCC was an affiliate of WA-AG (TR-368). Thus, the record is anything but clear on this topic.

Counsel is fully aware of the arguments he can and cannot make and the consequences for his actions. Counsel has every intention of abiding by the Court's pre-trial and trial rulings and does not intend to make any arguments during summation that will open any doors. Suffice it so say that Mr. Galanis' defense will not be predicated on his trust of Jason Galanis. Therefore, counsel will not address the government's hypothetical arguments that are based on counsel violating the Court's ruling.

In conclusion regarding the government's final argument under the heading: "B. Potentially Improper Summation Arguments". I am sure I speak for all counsel that we are all knowledgeable of the rules of evidence and will not make any arguments during summation that will violate any of those rules.

Most Respectfully,

David Touger

cc.: All Counsel