

MATTHEW L. SCHWARTZ
Tel.:  (212) 303-3646
E-mail:  mlschwartz@bsfllp.com

June 18, 2018

**BY ECF**

Hon. Ronnie Abrams
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *United States v. Galanis*, S3 16 Cr. 371 (RA)

Dear Judge Abrams:

      I represent Devon Archer.  As discussed in Court this afternoon, I write to set forth the opinions from Mr. Archer's experts that the government has objected to, and which we no longer intend to offer.  In addition, I write to notify the Court that Mr. Archer presently does not intend to offer the disputed calendar items, so there is no need for the Court to resolve that dispute at this time.

      **John Finnerty** – Mr. Archer does not intend to offer the opinions set out in the last three bullet points objected-to by the government, namely:

- Nothing about the terms of any of the WLCC bond issuances or the intended use of proceeds was unusual or would have raised any concerns about the legitimacy of the offering.

- In order to encourage municipalities and tribal entities to engage in such transactions (and make improvements to their communities) there are laws that provide the tribal entities with some form of limited immunity from lawsuits.

- In this case the Sioux tribe was subject to such immunity and thus not subject to any liability in connection with the offering of the bonds, including whatever happened to them in the future.

      **William Jannace**[1] – In light of government witness Patricia Walch's testimony, which confirmed each of the challenged opinions on the subject of net capital requirements, it is not clear whether the government is pressing this objection.  In any case, given Ms. Walch's testimony and the government's representation that it will not argue that there was anything improper (under Rules 144 and 144A) about Mr. Archer's transfer of restricted securities, Mr. Archer does not intend to elicit the following challenged opinions:

---

[1]     As we informed the government last week, Mr. Jannace is unavailable to testify and has been replaced by Ronald Filler.



Page 2

- The WLCC bonds are a type of highly illiquid municipal bonds, which means that, while they have value to some investors, for purposes of calculating net capital, they would have received a 100% haircut and their value would have been discounted to zero. They would have no positive effect on the calculation of BSI's net capital.

- Rosemont Seneca Bohai's transfer of WLCC bonds to VL Assurance and/or BSI was entirely permissible, and consistent with Rosemont Seneca Bohai's representation letter.

- Mr. Cooney's transfer of WLCC bonds to Bonwick Capital was entire[l]y permissible, and consistent with Mr. Cooney's representation letter.

**Paul Atkins** – With respect to Commissioner Atkins, the government objected principally to testimony about background principles of corporate governance. Mr. Archer intends to offer this testimony, and believes that any objections are properly dealt with on a question-by-question basis rather than through wholesale objection under Rules 702, 703, or 704.

Thank you for your consideration.

Respectfully,

 /s/  Matthew L. Schwartz
Matthew L. Schwartz