

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 19, 2018

**BY ECF**

The Honorable Ronnie Abrams
United States District Judge, Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    <u>United States v. Galanis, et al.</u>, S3 16 Cr. 371 (RA)

Dear Judge Abrams:

      The Government respectfully submits this letter to alert the Court to our concerns about the testimony of defense witness Krista Archer, defendant Devon Archer's wife, who we expect will be testifying tomorrow. In particular, the Government has been provided almost no information about the substance of Dr. Archer's testimony or even the topics of testimony that the defense intends to elicit from her. This is the case despite our requests to the defense—including as recently as this evening—to provide a proffer of Dr. Archer's testimony so that we can lodge any objections *before* she testifies and avoid objecting during what will likely be sensitive testimony. The defense has refused to provide us with such information, other than to say that Dr. Archer will not be testifying about conversations that she had with Devon Archer or anything she learned through conversations with Devon Archer. That is simply not enough notice on the eve of her testimony, particularly when the defense's Rule 26.2 discovery for Dr. Archer provides no clarity on the topics or substance of her testimony. *See* Ex. A (Devon Archer's Rule 26.2 disclosure regarding Krista Archer). The Government is particularly concerned about testimony from Dr. Archer designed to elicit sympathy for her or her family, or improper evidence of specific instances of Devon Archer's conduct. *See* Fed. R. Evid. 404(a)(2)(A), 405(a); *United States* v. *Bah*, 574 F.3d 106, 117 (2d Cir. 2009) ("If a defendant chooses to introduce [character evidence], the government may question the defendant's witnesses regarding 'relevant specific instances of conduct.'" (quoting Fed. R. Evid. 405(a)). The Government should not be forced to object to such testimony during Dr. Archer's direct examination when these issues could be resolved in advance, in the same way that defense counsel's objections to Government witness testimony were presented to the Court and discussed in advance of those witnesses' testimony.

      Therefore, the Government respectfully requests that Devon Archer be required to provide additional information to the Government regarding the topics and substance of Dr. Archer's testimony by, at the very least, the morning of her testimony, which is tomorrow.

In addition, the Government notes that, as of the filing of this letter, we have not received a list of exhibits that the defense intends to use with its witnesses or during email reading sessions, and, as a result, we will not be in a position to raise objections in a timely fashion by tomorrow morning.

        Respectfully submitted,

        ROBERT KHUZAMI
        Attorney for the United States, Acting Under
        Authority Conferred by 28 U.S.C. § 515

By: /s/_____
        Rebecca Mermelstein
        Brendan F. Quigley
        Negar Tekeei
        Assistant United States Attorneys
        (212) 637-2360/2190/2482

Enclosure

cc:    Counsel of record (via ECF)