

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 24, 2018

**BY ECF**

The Honorable Ronnie Abrams
United States District Judge, Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

        Re:    <u>United States v. Galanis, et al.</u>, S3 16 Cr. 371 (RA)

Dear Judge Abrams:

       The Government respectfully submits this letter in brief response to defendant Devon Archer's letter of June 23, 2018 regarding exhibits Archer intends to offer tomorrow.

**DX 4023B**

       The Court should preclude DX 4023B. Archer appears to argue that DX 4023B, a 117-page purported valuation report of Calvert shares held by Valor Group, is admissible to show that "many people touched Calvert" and were fooled by Calvert and, therefore, Archer, like them, could not have known the purpose of Calvert. June 23, 2018 Letter at 2. This is, on its face, an improper argument. As the Court has already recognized in precluding evidence of the CDCA's assessment of Jason Galanis's credibility, it is improper to argue that because Galanis fooled the CDCA that he similarly tricked these defendants. It would be similarly improper to permit Archer to argue, based on a single document, that the Calvert fraud fooled Avenue M and thus fooled him.

       The admission of this exhibit is separately problematic because it will create a last-minute mini-trial on the purported valuation report prepared by Avenue M. To properly rebut Archer's theory about the meaning of the report, the Government would need to be able to ask witnesses from Avenue M questions about the origin of the report, including, for example, the names of the people or person who directed them to prepare it (the report states that it was prepared "[a]t the direction of Calvert Capital's counsel"), the identities of the individuals who prepared the report, the process that went into the report's preparation, what information they were provided in

preparing the report, to whom the report was transmitted, and how is it that they were fooled into thinking Calvert existed as of September 30, 2014.[1]

### DX 4389

The Government continues to object to DX 4389. It is not at all clear that this email is, as Archer argues, *signed* "Seb," and not at all clear that it supports the inference that Momtazi had access to and sent emails from Archer's account. Moreover, if that is Archer's argument, then the notation—"(Seb)"—is an out of court statement being offered for the truth of the matter asserted, namely that "(Seb)" reflects the name of the person who authored the email. This email is irrelevant and its use is designed to confuse the jury. Any purported relevance is thus substantially outweighed by the risk of confusion and unfair prejudice.

### DX 4705 and 4846

Archer's purported non-hearsay basis for these emails, dated December 19, 2013 and January 7, 2014, is that they are somehow relevant to Archer's state of mind in October 2014 – nearly a year later – when he told Morgan Stanley and Deutsche Bank that the $15 million used by Rosemont Seneca to purchase the WLCC bonds was from real estate proceeds. That argument is nonsensical. There is no evidence that, in October 2014, Archer was told or otherwise had reason to believe that the $15 million he received from Jason Galanis was actually "generated through the sale of real estate." GX 344. DX 4705 (purported Ritz Carlton investment opportunity) and DX 4846 (general Jason Galanis statement about "real estate stuff") are irrelevant and too remote in time to have any real bearing on Archer's state of mind in October 2014 with respect to the $15 million he used to purchase the WLCC bonds.

### DX 2000

This email from Archer to Chase Coleman reads much like a resume. The defense's purported non-hearsay reason—that Archer discusses the roll up prior to a conversation about the WLCC bonds—could only provide a basis for admitting a portion of the email, and not the entirety of the email in which Archer boasts about his various companies and business endeavors. This evidence is cumulative, and designed to bolster Archer in an improper way.

---

[1] The Government separately notes that Archer does not appear to have a proper way to authenticate this document. The Government stipulated that this was a document produced by Hugh Dunkerley and would not have objected to cross-examination of Dunkerley on the subject of this report. Counsel elected not to question Dunkerley about this report. Counsel now seeks to offer the report, in part, for the truth of the matter asserted. But the existing stipulation does not permit its admission on this basis. Thus, in order to offer this document defense counsel must call a witness from Avenue M to authenticate it.

### DX 4825, 4826, and 4128

Again, Archer is attempting to introduce evidence that—he argues—would show that *other people* were fooled to support his argument that he was fooled. But whether other people were fooled is simply irrelevant to *Archer's* state of mind and *his* knowledge when *he* participated in the WLCC bond scheme. Archer is not anywhere on these emails. Moreover, Archer had the chance to question Dunkerely and Anderson, who appear on some of them, about the emails when they testified. That various Valor Life and Valor Group board materials and/or resolutions have been admitted is inapposite. These emails are irrelevant and contain hearsay for which there is no exception.

### DX 4325 and 4384

Archer continues to seek to offer emails between him and Jon Burnham on any number of topics that sometimes include references to the BIT Board. DX 4325 is an example of Archer attempting to introduce even more cumulative and irrelevant self-serving statements about his children, his life in Quogue, and Jon Burnham's life ("Home number (Nantucket)") under the auspices of relevance to his knowledge and misrepresentations to the BIT Board. But it cannot be the case that Archer can shoehorn in more irrelevant information designed to engender sympathy ("[w]e just got home from the hospital and setting up nursery camp") just because some part of the email chain has tangential relevance to his statements to the BIT Board. DX 4325 should be precluded or, in the alternative, largely redacted. DX 4384, which contains a statement by Archer that he is "[i]n multiple closes over the weekend" "[o]ne of which is the insurance company we're planning to use proceeds from to fund balance on Burnham (which is good)"—an apparent reference to Wealth Assurance AG—is a statement that is potentially relevant only for the truth of the matter asserted and is, therefore, hearsay.

### DX 4772

It is not clear how this email chain demonstrates the independence of the board of directors or how Archer's state of mind in November 2015 with respect to the independence of the board of directors of Valor Group is somehow relevant. Archer seems to argue that there is some relevance to the fact that "two individuals the government does not contend to be co-conspirators" are "jockeying for various positions in the Valor Group." June 23, 2018 Letter at 4. But the argument that other people who are not charged or alleged to have committed crimes were involved in the Valor Group is improper because, as the Court has already ruled, it would be inappropriate for *any* defendant to make any arguments about who is on trial, who is not on trial, who has been charged in this case, or who has not been charged in this case. *See* Tr. 1157 (Hearing arguments from Mr. Touger, the Court ruled that it would be "totally improper" for defense to suggested that "a man who is not indicted in this case, has knowledge and didn't get indicted").

**DX 4318**

       The Government also objects to DX 4318. Counsel for Archer advised this afternoon that they will also be offering DX 4318, yet another email from Jon Burnham to Archer. DX 4318 is an email from Burnham on April 9, 2014 in which Burnham relays to Archer statements being made by lawyers involved in the "BIT situation." This email is contains hearsay, is cumulative, and appears to be an attempt to use the fact of lawyer involvement and statements by lawyers to somehow legitimize Archer's misrepresentations to the BIT Board about Jason Galanis.

                                    Respectfully submitted,

                                    ROBERT KHUZAMI
                                  Attorney for the United States, Acting Under
                                  Authority Conferred by 28 U.S.C. § 515

                          By: /s/_____
                                  Rebecca Mermelstein
                                  Brendan F. Quigley
                                  Negar Tekeei
                                  Assistant United States Attorneys
                                  (212) 637-2360/2190/2482

cc:      Counsel of record (via ECF)