## PELUSO & TOUGER, LLP
**70 LAFAYETTE STREET**
**NEW YORK, NEW YORK 10013**

**(212) 608-1234**
**Fax No. (212) 513-1989**

June 25, 2018

Honorable Ronnie Abrams
United States District Court Judge
Southern District of New York
40 Foley Square
New York, New York 10007

**Re:    United States v. Jason Galanis, et al.**
          **Docket No. 16 CR 371 (RA)**

Dear Judge Abrams:

Please accept this letter motion in response to the Government's letter filed earlier this evening. Contrary to the Government's argument I did not flaunt the Court's rulings or warnings during my summation. The case law is quite clear in this area. Defense counsel should be free to argue in summation that the Government presented evidence insufficient to prove that John Galanis knew that Jason Galanis was involved in a criminal conspiracy. Challenging the sufficiency of the government's proof does not open the door to introducing evidence of John Galanis' prior conviction in the Gerova matter. See United States v. Rosemond, 841 F.3d 95, 110 (2d Cir. 2016). In Rosemond, the defendant proffered with the Government before ultimately proceeding to trial. During the proffer sessions, the defendant stated that he knew that as a result of his actions the victim would be killed. At trial, defense counsel argued that the Government's evidence failed to prove the defendant knew the victim would be killed. The district court ruled that defense counsel's argument was barred by the terms of the proffer agreement. The Second Circuit reversed, holding that there is "a material difference" between defense counsel making a factual assertion regarding his client's knowledge versus arguing that the Government's proof was insufficient to show that his client knew the victim would be killed. See id. During the ordered retrial of the Rosemond case before the Hon. Lewis A. Kaplan the defense put forward by Mr. Rosemond was that Mr. Rosemond never ordered the murder of the individual who was ultimately murdered and merely had ordered that the deceased be kidnapped not murdered. Judge Kaplan ruled that since counsel never asserted that Mr. Rosemond specifically did not order a murder and merely alleged that the prosecution failed to prove he had ordered a murder as opposed to a kidnapping, that no doors were opened.

In this case during summation I argued quite clearly that the Government has failed to meet its burden of proof and failed to produce evidence that proves that John Galanis knew that Jason Galanis was in the midst of a criminal conspiracy. The Government cites the following portions of the summation, which purport to demonstrate that I went beyond statements about the

Honorable Ronnie Abrams
Page 2 of 4
June 25, 2018

Governments lack of evidence to prove certain facts and made specific arguments that Jason Galanis duped John Galanis. The quoted portions demonstrate that I stayed within the acceptable parameters of the law in this area:

> "The evidence demonstrates Jason Galanis was able to fool each and every person in this case, get each and every one at some time to do what he wanted without letting them know the real reason for what was really happened. Jason fooled two of the largest successful law firms. He fools Mr. Raine[s], he fooled the most respected accounting firms in the world, that all the deals were on the up and up. He fools the marketing, he fooled his own cronies. The evidence clearly shows, and the prosecution **has not produced any evidence to the contrary**, this proves the fact that Jason could fool anyone. **Through it all, the prosecution has produced no evidence that shows that John Galanis had any idea or involvement with what his son was doing** and he, John Galanis, was still held in high regard to the end." (Tr. 3764) (emphasis added).
>
> • "From the outside looking in, the annuity was doing just what it was supposed to do, and then I think most clearly, most clearly Jason fooled each and every person in this case." (Tr. 3769) (emphasis added).
>
> • "The evidence clearly shows Jason was lying to everyone to get more funds. The prosecution has produced no evidence that shows that anyone knew the truth." (Tr. 3748)

As per the first quote I never claim that John Galanis did or did not know anything. I state very clearly that I am just challenging the evidence in the record and just as the law allows me to. All I have done is challenged the evidence produced. Challenging the sufficiency of the government's proof does not open the door to introducing evidence of John Galanis' prior conviction in the Gerova matter. If I had said as the Court specifically warned me that John Galanis was fooled by his son instead of challenging the Government's proof in this area then I agree I would've opened the door to the evidence. But, I did not argue that John Galanis was duped, I argued that the Government did not prove through the evidence admitted at trial that John Galanis had the requisite knowledge that he knew his son was involved in criminal conduct and that he did not knowing join in his son's criminal conduct. It is the Government's burden to prove that John Galanis knowingly and purposely joined the criminal conspiracy and I merely argued that the evidence at trial failed to meet this burden.

As per the second quote, I believe the Government has quoted their own argument after my summation was complete. My summation ended on page 3768. This quote comes from Mr. Quigley.

As per the final quote, the Government takes that quote completely out of context. I urge the Court to read the paragraphs before and after the aforementioned quote.

2

Honorable Ronnie Abrams
Page 3 of 4
June 25, 2018

> But not only would Jason be very scarce who he would give information to, the evidence shows that he would lie to people to protect the privacy of his information. As Hugh Dunkerley told you at Page 1142, Jason lied straight to his face. He couldn't even tell when he was lying.
>
> Hugh Dunkerley, his most trusted adviser, it made no difference. Information was kept from him, and Jason lied to all to keep his business private and his actions concealed. Mr. Dunkerley continues that Jason Galanis was consistently lying to people using fraudulent documents. Mr. Dunkerley admitted on many occasions he had no idea what Jason was telling other people.
>
> A perfect example of this is described by Hugh Dunkerley, at Page 1144 of the record. Jason told him there was demand for the second series of bonds. Here he is clear as day in the evidence, Jason Galanis telling so many people the same lie. He told it to Hugh Dunkerley. He told it to Tim Anderson. He told it to Raycen Raines and others and everyone believed him because there was no reason not to.
>
> **The evidence clearly shows Jason was lying to everyone to get more funds. The prosecution has produced no evidence that shows that anyone knew the truth.** Remember Hugh Dunkerley's testimony about the Ballybunnion affair, Page 1147. He didn't even tell his partner in crime, Gary Hirst, about it, the one who helped him do one fraudulent act after another and yet he didn't tell him. Why? He told you why. Jason told you, no one else is to know, so no one else did.

As the Court can see the lines the Government quoted come after a long list of people that the evidence demonstrates Jason Galanis lied to. No where in those paragraphs do I argue that Jason Galanis lied to John Galanis. I mention specific people that Jason Galanis lied to get another bond series to go through. There is no direct or even indirect reference to John Galanis in those paragraphs. The section deals with explicit lies by Jason Galanis to specific people at specific times and how Hugh Dunkerly testified that this is how Jason acted. This type of argument should not open the door to any new evidence coming in.

Thus, in a two hour long summation the Government points to two sentence long quotes neither of which asserts directly that John Galanis was duped or fooled by Jason Galanis. Both lines are said after specific references to specific people and never do I argue that anything is a fact. In both instances I am referencing specific moments in the record and then challenging the Government's proof at trial. This is according to the case law acceptable argument in a summation.

While the Second Circuit has acknowledged that this "distinction is more easily stated than applied", it has consistently held that defense attorneys must be allowed to attack the sufficiency of the Government's proof at trial. See United States v. Roberts, 660 F.3d 149, 158 (2d Cir. 2011) (concluding that defense arguments that merely challenge the Government's proof as opposed to making a separate factual assertion are allowable); see also United States v.

Honorable Ronnie Abrams
Page 4 of 4
June 25, 2018

Oluwanisola, 605 F.3d 124, 132 (2d Cir. 2010) (holding defense counsel must be able to challenge the sufficiency of the Government's proof and argue the Government failed to meet its burden); United States v. Barrow, 400 F.3d 109, 119 (2d Cir. 2005) (advising district courts when evaluating defense arguments to "consider carefully what fact, if any, has actually been implied to the jury" before deciding a line has been crossed).  In my arguments I never specifically stated that John Galanis knew or didn't know any specific fact.  I just argued that the Government failed to meet its burden of providing evidence that proves certain requisite elements of the crimes charged.

For all the reasons stated herein it is respectfully submitted that the Court should maintain its current ruling precluding the introduction of John Galanis' prior conviction pursuant to the Federal Rules of Evidence 404(b), with what other relief the Court deems just and proper.

                                                     Respectfully submitted,

                                                     s/
                                                   David Touger, Esq.

cc.: All counsel