# Peluso & Touger, LLP

*ATTORNEYS AT LAW*
*70 LAFAYETTE STREET*
*NEW YORK, NEW YORK 10013*

TELEPHONE: (212) 608-1234
FACSIMILE:  (212) 513-1989

October 29, 2018

**By Email & ECF**
Honorable Ronnie Abrams
United States District Court Judge
United States Courthouse
40 Foley Square
New York, New York 10007

Re: <u>United States v. John Galanis,</u>
    16 CR 371 (RA)

Your Honor,

As the Court is well aware I represent John Galanis and I write to join my co-counsel, Matthew Schwartz' motion on behalf of Mr. Archer for acquittal and a new trial which I had joined previously but specifically I join his arguments in his letter to the Court dated, October 27, 2018.  Mr. Galanis agrees that the fact that the jury in this matter came to a verdict on all three defendants after a 5 week trial and countless exhibits, on complex issues within two hours is certainly something this Court can and should consider when deciding this motion.

I will not waste the Court's time in repeating the arguments made and cases cited in Mr. Schwartz' letter of October 27th, I will just add to the argument issues relative to Mr. Galanis himself.

Just as there was no smoking gun in the case against Mr. Archer there is none in the case against Mr. Galanis.  Not one witness or exhibit proves that Mr. Galanis had the knowledge and the intent to steal the proceeds of the Wakpamni bonds.  The government continually points to 4 main items of evidence that allegedly proves Mr. Galanis' membership in the conspiracy and therefore his guilt.  The Court has heard my arguments on these four facts numerous times so I will not repeat them here.  But the fact that Mr. Galanis stated that Jason Galanis had a relationship with Burnham and would be able to use his influence to see this deal through was not a lie and this is proven by the facts of this case.  The facts are that Jason did indeed push this deal through Burnham.  Second there is no evidence that John Galanis knew that WAPC was not a subsidiary of Wealth Assurance as the only person who knew the truth about WAPC was Jason Galanis and he lied to everyone about WAPC so how would John Galanis know.  Third, the mere fact that he received a commission that was equal to the amount that was recognized in the financial industry does not make him guilty of the crimes charged.  Especially as stated since there in no proof that John Galanis knew

Hon. Ronnie Abrams
October 29, 2018
Page 2 of 2

about the origins of WAPC. Finally the fact that John Galanis shortly after the first tranche of bonds was sold told the WLCC representatives that there was demand for a second tranche, which was a lie does not prove that John Galanis knew it was a lie. Again the only source of knowledge John Galanis had about the demand for the bonds was Jason Galanis and Jason Galanis has already told the Court that he lied to his father about this and other integral facts throughout the time period of the conspiracy.

In conclusion, it is obvious in this matter that the jury did not do any in depth, let alone even cursory view of the evidence in this matter. It is simply impossible for the jury to have done that in the time they spent deliberating. Thus the paucity of jury deliberation is a highly relevant fact that the Court can and should consider in deciding this motion. The Court should recognize that the jury could not have come to a reasoned decision against all defendants on all counts in only two hours. If it does not acquit the defendants outright, the Court should order a new trial.

Thank you very much for your consideration of this issue.

Most Respectfully,

David Touger, Esq.

cc.: All counsel