**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

May 2, 2019

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/3/19

**BY EMAIL AND ECF**

The Honorable Ronnie Abrams
United States District Judge
40 Foley Square
New York, New York 10007

Re:   *United States v. John Galanis*, S2 16 Cr. 371 (RA)

Dear Judge Abrams:

The Government writes in response to defendant John Galanis's April 24, 2019 letter to the Court challenging the Bureau of Prisons calculation of his sentence, and requesting that the Court issue an Order to the Bureau of Prisons ("BOP") "requiring the [BOP] to give Mr. Galanis credit for each day he served in jail between April 25, 2017 and March 8, 2019 and restate that 72 months of Mr. Galanis' sentence on 16 CR 371 is to run current with his sentence on 15 CR 643 with only 48 months to run consecutively." (Def. Letter at 1). The Court should deny this request.

As the Second Circuit explained in *United States v. Whaley*, 148 F.3d 205 (2d Cir. 1998), "[t]he Attorney General, through the BOP, possesses the sole authority to make credit determinations pursuant to 18 U.S.C. § 3585(b); the district courts do not have authority to order the BOP to either grant or deny credit or to disregard the BOP's calculations." *Id.* at 206-07. The Government has conferred with the BOP regarding the defendant's sentencing calculation, and understands that the BOP applied 18 U.S.C. § 3585(b) in calculating the defendant's sentence. Nonetheless, should the defendant seek to challenge the BOP's calculation of his sentence, he must first exhaust his administrative remedies within the BOP prior to seeking judicial review of the BOP's calculation of his sentence. *Id.* at 207 ("Although prisoners may seek judicial review of the BOP's sentencing determinations after exhausting their administrative remedies, the district court is without jurisdiction to compute sentencing credit if a prisoner . . . has not sought administrative review.") (internal citations omitted); *United States v. Mumin*, No. 03 CR. 0051 (LAK), 2005 WL 146897, at *1 (S.D.N.Y. Jan. 24, 2005) ("In order to obtain judicial review of the Bureau of Prisons' calculation of his sentence, defendant first must exhaust his administrative remedies within the Bureau and then, if still dissatisfied, may seek judicial review by filing a petition for a writ of habeas corpus in the district in which he is confined.") (citing *Whaley*). There is no indication that the defendant has exhausted his administrative remedies. Once the defendant has challenged his sentencing calculation using the BOP's administrative remedies and received the BOP's response, then he can seek any appropriate relief with the Court.

Case 1:16-cr-00371-RA   Document 750   Filed 05/03/19   Page 2 of 2
Case 1:16-cr-00371-RA   Document 749   Filed 05/02/19   Page 2 of 2

Page 2

As such, the Court should deny the instant request.

Respectfully submitted,

AUDREY STRAUSS
Attorney for the United States, Acting Under
Authority Conferred by 28 U.S.C. § 515

By: /s/ Negar Tekeei
Rebecca Mermelstein/Brendan F. Quigley/
Negar Tekeei
Assistant United States Attorneys
(212) 637-2360/2190/2482

cc: David Touger, Esq. (by ECF)

---

The Court agrees with the Government's position, and therefore denies Mr. Galanis's request that the Court issue an order requiring the Bureau of Prisons to recalculate his sentence. See Dkt. 747. Accordingly, Mr. Galanis must first exhaust all of his administrative remedies before seeking relief from this Court. See, e.g., United States v. Whaley, 148 F.3d 205 (2d Cir. 1998).

SO ORDERED.

Hon. Ronnie Abrams
May 3, 2019