***PELUSO & TOUGER, LLP***
***70 LAFAYETTE STREET***
***NEW YORK, NEW YORK 10013***
***PelusoandTouger.com***

**Ph. No. (212) 608-1234**
**Fax No. (212) 513-1989**

May 15, 2020

Honorable Ronnie Abrams
United States District Court Judge
United States Courthouse
40 Foley Square
New York, New York 10007

Honorable P. Kevin Castel
United States District Court Judge
United States Courthouse
40 Foley Square
New York, New York 10007

**Re: United States v. John Galanis, 15 CR 643 (PKC) &**
**United States v. John Galanis, 16 CR 371 (RA)**

Your Honors:

I am in receipt of the Government's Reply to John Galanis' Compassionate Release motion. First and most importantly, let me state, that I did not know that Mr. Galanis has already tested positive for Covid19. I did not have access to his medical records nor was I informed by the jail that he had tested positive. Also communication with my client has been severely limited. However, the fact that he has tested positive does not as the Government alleges mean that Mr. Galanis' health risks due to this disease are over. The fact that he has had the disease in an asymptomatic way does not necessarily mean he now has the antibodies in his system as the Government has not stated he has been tested for the antibodies so there is no medical assurance that he could not get the disease again and this time more seriously. Also, there is no confirmation by the medical professionals that even if he has the antibodies this means he will not be able to contract Covid19 or one of the various strains a second time. Many stories have arisen in the press and scientific journals that the presence of antibodies or just the fact that you have been once infected with the virus means an individual cannot contract the disease again.[1]

---

[1] The research included four coronaviruses, HKU1, NL63, OC42, and C229E, which circulate widely every year but don't get much  But now that a new coronavirus in the same broad family, SARS-CoV-2, has the world on lockdown, information about the mild viruses is among our clues to how the pandemic might unfold. What the Columbia researchers now describe in a

Honorable Ronnie Abrams
Honorable P. Kevin Castel
May 15, 2020
Page 2 of 4

Thus, it is clear medically that the fact that Mr. Galanis as alleged by the Government has weathered this disease once does not mean he is not at risk.

Secondly, I believe the Government's calculation of Mr. Galanis' sentence time is mathematically incorrect. The Government alleges the following:

> Galanis was sentenced to a total of 140 months: 72 months on the Gerova Fraud, and a consecutive 48 months on the Wakpamni Fraud. Assuming a 15% reduction for good time, Galanis will serve a total of 119 months. (140 months – 21 months = 119 months). He thus has approximately 7 years left on his sentence.

Thus, the Government started their calculation at 140 months. However, as the Government states he was sentenced to 72 months on the Gerova Fraud and 48 months consecutive on the Wakpamni Fraud. But, the Government's addition is wrong. $72 + 48 = 120$ months as the defense initially alleged not 140 months that the Government alleges. Thus, counsel stands by his calculations in his letter.

Third, the Government spends most of their argument discussing the past crimes of Mr. Galanis and dealing very little with the argument being made that the current circumstances the world finds itself in are why this Court should grant Mr. Galanis' application. As stated in Mr. Galanis' original motion but for the current pandemic situation this motion would never be made or granted, it is only under this serious and long-term medical pandemic situation that most respectfully necessitates this motion being granted. Furthermore, numerous people who have committed as serious if not more serious crimes than Mr. Galanis has committed have been released due to this pandemic. The list of crimes spans everything from violent crimes, drug crimes, vast white collar conspiracies and political corruption, all types of inmates, that have been convicted of the full gamut of crimes that are within a short release time period to ones who have years to go before being released, have been released because the release sought is not sought on the basis of the crime committed but on the humanitarian idea that the crimes committed are not worthy of a possible death sentence or long term serious medical side effects.

---

preliminary report is cause for concern. They found that people frequently got reinfected with the same coronavirus, even in the same year, and sometimes more than once. Over a year and a half, a dozen of the volunteers tested positive two or three times for the same virus, in one case with just four weeks between positive results.
https://www.technologyreview.com/2020/04/27/1000569/how-long-are-people-immune-to-covid-19/
There is currently no evidence that people who have recovered from COVID-19 and have antibodies are protected from a second infection. https://www.who.int/news-room/commentaries/detail/immunity-passports-in-the-context-of-covid-19#:~:text=There%20is%20currently%20no%20evidence,multi%2Dstep%20process.

Honorable Ronnie Abrams
Honorable P. Kevin Castel
May 15, 2020
Page 3 of 4

Covid19 is not going away anytime soon every scientist and medical professional agrees with that statement. Thus, the Government's argument that FCI Terminal Island has seen a downturn in cases in the past two weeks after a many harrowing weeks where at least 7 people died and two thirds of their inmates were infected, does not mean that a second or third wave after that is not in the future. New people both in new inmates, guards, delivery personnel etc. enter Terminal Island everyday, furthermore present guards leave the jail and interact with new people (this will only get worse as states open u from their present quarantine status) and thus a new wave of infection can start at anytime. This combined with the fact that there is no precise data or proof that having had the disease means you can't become infected again means Mr. Galanis is not safe as long as he remains incarcerated. The Government cannot point to any scientific studies that prove that once you have contracted the disease you are not subject to contracting it again. To the contrary there have been reports in many countries and here in the United States of individuals who had fully recovered contracting Covid19 a second time and as already demonstrated various scientific and medical articles written stating the same. Furthermore, there is now ample evidence in the scientific community that the virus has mutated into at least two if not more major strains (European strain and Chinese strain). There is also no proof that if you have had one it does not mean you could not get infected by the other.

The Government also cannot seriously argue that Mr. Galanis' underlying medical issues does not raise the chances of him having serious permanent medical side effects or even death if he contracts this disease a second time if as alleged he has already contracted the virus once. (Without knowing exactly which test he was given it is hard to know the validity of his test results. Many of the tests being given have been known to give false positive results). Counsel's original papers clearly outline the greater risks he is under due to his underlying conditions and the scientific proof behind this conclusion. His own personal physician, the World Health Organization, the Center for Disease Control and an extensive list of experts in the field, supports his condition of greater risk. There is simply no support for the Government's position that his underlying medical conditions do not put him in a high-risk category. His age alone places him in a high-risk category and when you add to that         ,         ,         and is other medical conditions it is beyond dispute that he is in a very high-risk category.

Fourth, in answer to the Government's argument that Judge Abrams has no jurisdiction in this matter because the case is on appeal. The defense disputes that legal argument but in any event if the Court states that it is willing to grant this motion, the defendant would immediately withdraw his appeal completely and agree not to file it or any further post trial motions in the future. Thus, this argument is moot.

Finally, there is almost no doubt that society in general, the general prison population and certainly the prison population at Terminal Island is not out of the woods when it comes to facing the serious medical consequences of this virus. There is also no doubt that Mr. Galanis is in a high-risk category to suffer serious consequences even death from this virus. There is also very little support for the Government's argument that even if it is true that Mr. Galanis has recovered from an asymptomatic infection from this disease that he is guaranteed not to become

Honorable Ronnie Abrams
Honorable P. Kevin Castel
May 15, 2020
Page 4 of 4

infected again. Thus, counsel renews his request that Mr. Galanis' compassionate release motion be granted. As previously stated:

> These are unusual times. These times, most respectfully, demands drastic actions by our Courts. As this Court stated in *United States v. Haena Park,* 16 CR 473 (RA): Ms. Park deserves to spend every day of the sentence that she received in prison. But as other judges across this country have rightly noted, "we are not currently living under normal circumstances." The Court fears that leaving Ms. Park any longer at FCI Danbury may convert a three-year prison sentence into a death sentence. And that the Court cannot allow. (internal citation omitted).

Similarly, this Court cannot allow Mr. Galanis' sentence to morph into a death sentence. Thus, Mr. Galanis must be released to home confinement. Once in home confinement he will be secluded from the rest of the population. He will have his own room. He will have family at his disposal that can do his food shopping and supply further support as necessary. Nobody will be at risk from him and he will not be at risk either because he fully realizes and accepts that he will be confined to that room in his son's home.

For all of the above reasons and the reasons expressed in Mr. Galanis' original motion papers, Mr. Galanis respectfully requests that the Court modify his sentence under 18 U.S.C. § 3582(c)(1)(A)(i) and release him to home confinement for the remainder of his term with a term of 5 years of supervised release. Counsel is of course at the Court's disposal if it desires any further briefing of this issue and I would certainly make myself available for any type of oral arguments the Court desires. Mr. Galanis would waive his appearance at any oral argument.

Dated: New York, New York
       May 15, 2020

                                            Respectfully submitted,

                                            *David Touger*
                                            David Touger, Esq.