

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 1, 2021

**By Email and ECF**
The Honorable Ronnie Abrams
United States District Judge,
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    <u>United States v. Devon Archer</u>, 16 Cr. 371 (RA)

Dear Judge Abrams:

      The Government writes in response to the Court's order of January 7, 2021 to respectfully request that the Court set a sentencing date in the above referenced matter.

      As the Court is aware, Archer was first charged on May 9, 2016, more than four and a half years ago. Trial commenced on May 22, 2018 and ended on June 28, 2018, when a jury returned a guilty verdict against Archer on all counts. Archer's sentencing was scheduled for November 9, 2018. On November 15, 2018, however, this Court granted Archer's motion for a new trial, mooting the sentencing date. The Government appealed that decision, and on October 7, 2020, the Second Circuit reversed the Rule 33 grant, reinstated Archer's conviction, and remanded for sentencing. That same day this Court scheduled sentencing for January 28, 2021.

      On November 20, 2020, Archer moved the Second Circuit for rehearing or rehearing *en banc*. On December 23, 2020, those motions were denied. Archer then moved in the Second Circuit to stay the mandate pending the resolution of his anticipated petition for certiorari to the Supreme Court, arguing that his petition would present a substantial question of law for the Supreme Court, that there was a fair prospect the Supreme Court would reverse the Second Circuit's decision, and that "good cause" existed to stay the mandate.

      On January 6, 2021, Archer filed a motion seeking to adjourn his sentencing *sine die* pending the resolution of his anticipated petition for certiorari. Archer noted – correctly – that this Court lacked jurisdiction to proceed to sentencing until such time as the mandate issued. And Archer further argued that there was "good cause" for this Court to further delay sentencing even if the Second Circuit denied his motion for a stay.

      On January 22, 2021, the Second Circuit denied Archer's motion for a stay, issued the mandate, and returned jurisdiction to this Court. In doing so, the Second Circuit also implicitly rejected Archer's arguments that he was likely to prevail in the Supreme Court or that there was good cause for a stay. As set forth in further detail in the Government's opposition to Archer's

motion for a stay, (attached hereto as Exhibit A) the Second Circuit's decision reinstating Archer's conviction, did not create a new Rule 33 standard and did not create a Circuit split. Archer's anticipated petition for certiorari is thus without merit. Nor has Archer established good cause for any further delay.

Archer has not yet filed his petition of certiorari, the deadline for which is not until the end of April. The Supreme Court's denial may well not come until its next term. There is no cause for an indefinite adjournment, which might well last nearly another year. This case has already been pending for almost five years. Archer's co-defendants have long been sentenced.[1] His victims deserve finality. The Government is, of course, mindful of the current COVID-19 environment and the current bar on in-person proceedings. Thus, in order to permit the resumption of in-person proceedings and to permit COVID-19 numbers time to decrease, the Government respectfully requests that the Court set a sentencing date in April 2021.

Respectfully submitted,

AUDREY STRAUSS
United States Attorney

By: /s/ Rebecca Mermelstein
Rebecca Mermelstein
Negar Tekeei
Assistant United States Attorneys
(212) 637-2360/2482

cc:   Matthew Schwartz, Esq. (via ECF)

---

[1] Hugh Dunkerley has not yet been sentenced because his sentencing will not take place until all other defendants have been sentenced.