

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 31, 2020

**BY ECF**

The Honorable Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *United States v. John Galanis*, **16 Cr. 371 (RA)**

Dear Judge Abrams:

      The Government submits this letter response to the defendant's letter-motion requesting that the Court "clarify its sentencing terms to the Bureau of Prisons" to give him credit for time served prior to the imposition of sentence in the instant matter. (Aug. 19, 2019 Ltr. at 1). As set forth below, while the Bureau of Prison's calculation of the defendant's sentence is legally correct, the Government agrees that it does not comport with the sentence the Court intended to impose. Accordingly, the Government – with the defendant's consent – respectfully requests that the Court construe the defendant's letter as a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, grant the motion, and resentence the defendant principally to 97 months and 17 days.

Relevant Background

      On September 24, 2015, John Galanis was arrested on the basis of an Indictment (the "Gerova Indictment") charging him with one count of conspiracy to commit securities fraud in violation of Title 18, United States Code, Section 371, one count of securities fraud in violation of Title 15, United States Code, Sections 78j(b) and 78ff, Title 17, Code of Federal Regulations, Section 240.10b-5, one count of conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349, and one count of wire fraud, in violation of Title 18, United States Code, Section 1343. On July 20, 2016, Galanis pled guilty to Counts One and Two of the Gerova Indictment. On February 16, 2017, Judge Castel sentenced Galanis principally to 72 months' imprisonment (the "Gerova Sentence"). On April 25, 2017, Galanis began serving the Gerova Sentence.

      In the meantime, while the prosecution of the Gerova case was pending, on May 31, 2016 a grand jury returned an indictment (the "Wakpamni Indictment") charging Galanis with one count of conspiracy to commit securities fraud in violation of Title 18, United States Code, Section 371,

and one count of securities fraud in violation of Title 15, United States Code, Sections 78j(b) and 78ff, Title 17, Code of Federal Regulations, Section 240.10b-5, in connection with his role in the Wakpamni Fraud. Galanis proceeded to trial and on June 28, 2018, a jury found Galanis guilty on all counts. On March 8, 2019, this Court sentenced Galanis to a term of imprisonment of 120 months and directed that "48 of those months is to be served consecutively to the sentence imposed by Judge Castel, and the remainder of the sentence is to run concurrently to the sentence imposed by Judge Castel." (Sent. Tr. at 39). The Court also sentenced Galanis to three years supervised release.

## Discussion

A defendant who has exhausted his administrative appeals with the Bureau of Prisons ("BOP") may challenge the computation of his sentence solely through a motion pursuant to 28 U.S.C. § 2241. Pointdexter v. Nash, 333 F.3d 372, 377 (2d Cir. 2003) (explaining that section 2241 is the proper way for a federal inmate to challenge the BOP's calculation of credit to be given for other periods of detention). Such a motion must be brought in the district in which the petitioner is confined. See United States v. Kakar, 746 F. Supp. 369, 370 (S.D.N.Y. 1990) ("Claims for pre-sentence credit must be made by a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, and must be brought in the district in which the petitioner is confined or where his custodian is located."); accord United States v. Werber, 51 F.3d 342, 349 (2d Cir. 1995) (recognizing that a challenge to the BOP's calculation of a sentence under 18 U.S.C. § 3585 is properly raised in a § 2241 petition brought in the district where the movant is imprisoned). Thus, because the defendant is presently incarcerated at FCI Terminal Island, in California, this Court lacks jurisdiction to adjudicate his claim.

The Government agrees, however, that the BOP's correct legal calculation results in a sentence longer than that the Court intended to impose. When the Court stated that it intended the defendant to serve 48 months consecutively to the Gerova Sentence and "the remainder of the sentence to run concurrently to the [Gerova Sentence]," the Court clearly contemplated that Galanis would serve only 48 months' beyond the Gerova Sentence. But the BOP's proper calculations pursuant to 18 U.S.C. § 3585 do not permit Galanis to receive credit towards the Wakpamni sentence for time served prior to its imposition. As a result, the 120 months imposed by this Court began to run on the date sentence was imposed, without credit for the nearly two years Galanis served in custody as a result of the Gerova Sentence.

Accordingly the Government and the defendant jointly request that the Court construe the instant motion as a motion to vacate, correct, or set aside a sentence pursuant to 28 U.S.C. § 2255. Although defense counsel's error was understandable – indeed, both the Government and the Court operated under the same misunderstanding as defense counsel – counsel rendered ineffective assistance by failing to apprise the Court that the structure of the sentence imposed would result in the defendant's serving a sentence nearly two years longer than the Court intended. The parties further request that the Court resentence the defendant to a term of incarceration of 97 months and 17 days, which the BOP has advised will effectuate the Court's original intent. The parties further request that the Court reimpose the same three year term of supervised release to which the defendant was previously sentenced.

## Conclusion

For the foregoing reasons, the parties respectfully request that the Court grant the defendant's motion and resentence him to a term of imprisonment of 97 months and 17 days, to be followed by three years supervised release.

Respectfully submitted,

AUDREY STRAUSS
Acting United States Attorney for
the Southern District of New York

By: _____/s/_____
Rebecca Mermelstein
Negar Tekeei
Assistant United States Attorney
(212) 637-2360/2482