# *PELUSO & TOUGER, LLP*
## 70 LAFAYETTE STREET
## NEW YORK, NEW YORK 10013
### PelusoandTouger.com

**Ph. No. (212) 608-1234**
**Fax No. (212) 513-1989**

February 19, 2021

**By ECF**
Honorable Ronnie Abrams
United States District Court Judge
United States Courthouse
40 Foley Square
New York, New York 10007

Re: <u>United States v. John Galanis</u>,
    16 CR 371 (RA)

> The Court intends to grant the relief jointly requested by the parties. Mr. Galanis shall first, however, confirm whether he consents to the Court doing so on the papers or whether he seeks an in-person re-sentencing proceeding.
>
> SO ORDERED.
>
> _____
> Ronnie Abrams, U.S.D.J.
> February 19, 2021

Your Honor,

In August of 2020 I had written the Court asking the Court to clarify its sentencing terms to the Bureau of Prisons (BOP) because the BOP has severely miscalculated Mr. Galanis' prison term. To refresh the Court's memory, I have attached the previous letters to the Court as Exhibits to this letter. Ultimately although the Government agreed that Mr. Galanis sentence language needed to be adjusted so that the BOP could properly calculate Mr. Galanis' sentence according to the Court's intentions at the time of sentencing, it was also agreed that the Court had no jurisdiction at that time because Mr. Galanis was prosecuting his appeal in the Second Circuit. The Second Circuit has now ruled on the appeal, so the appellate process is complete. Thus, this Court now has regained jurisdiction of this motion. Accordingly, and most respectfully, with the Government's approval, I would ask that the Court pursuant to 28 USC §2255 to resentence Mr. Galanis to a term of incarceration of 97 months 17 days with 48 of those months to be served consecutively to the sentence imposed by Judge Castel in case number 15 CR 643 and the remainder of the sentence to run concurrently to the sentence imposed by Judge Castel. This resentence will result in Mr. Galanis serving a total of 120 months in jail which was the Court's stated intention when it sentenced Mr. Galanis on March 8, 2019. Of course, the Court should also reimpose the same three year term of supervised release to which Mr. Galanis was originally sentenced too.

Thank you very much for your prompt consideration of this matter.

Most Respectfully,

David Touger

# Peluso & Touger, LLP
*ATTORNEYS AT LAW*
*70 LAFAYETTE STREET*
*NEW YORK, NEW YORK 10013*

TELEPHONE: (212) 608-1234
FACSIMILE:  (212) 513-1989

August 19, 2020

**BY EMAIL**

Honorable Ronnie Abrams
United States District Court Judge
United States Courthouse
40 Foley Square
New York, New York 10007

  Re: <u>United States v. John Galanis,</u>
   16 CR 371 (RA)

Your Honor,

I had previously written the Court asking the Court to clarify its sentencing terms to the Bureau of Prisons (BOP) because the BOP has severely miscalculated Mr. Galanis' prison term. The Court requested that Mr. Galanis first seek to have the BOP reconsider its position through the BOP's administrative policies. Mr. Galanis has now completed the appeal of his sentence calculation and the BOP has refused to change its original position. Thus, I am again writing the Court and most respectfully requesting that the Court clarify the sentence given to John Galanis so that he receives credit for everyday the Court had ordered at his sentencing.

To refresh the Court's memory Mr. Galanis was originally sentenced by the Hon. Kevin Castel under Indictment number 15 CR 643 to 72 months imprisonment on February 17, 2017. Judge Castel allowed him to remain free on bail until April 25, 2017. Mr. Galanis then voluntarily surrendered on April 25, 2017 and began serving his sentence. The above matter continued to be litigated with Mr. Galanis incarcerated. On March 8, 2019 this Court sentenced Mr. Galanis to 60 months on Count 1 and 120 months on Count 2, to run concurrently to one another and 48 of those months to be served consecutively to the sentence imposed by Judge Castel in 15 CR 643 and the remainder of the sentence to run concurrently to the sentence imposed by Judge Castel. Accordingly, Mr. Galanis should be serving a total of 120 months in jail. Thus, his release date should be 102 months from April 25, 2017 (this accounts for the good time credit), which would be October of 2025. However, the Bureau of Prisons has set Mr. Galanis' release date as August 20, 2027. This indicates that Bureau of Prisons is giving him no credit for the time he spent in jail from April 25, 2017 to March 8, 2019, which would be entirely adverse to this Court's Order issued at sentence.

It is obvious that the Bureau of Prisons is miscalculating Mr. Galanis' time because the time period from March 8, 2019 to August 20, 2027 is 96 months. Thus, it is clear that the Bureau of Prisons has made a calculation mistake. I would respectfully request that the

Honorable Ronnie Abrams
August 19, 2020
Page 2 of 2

Court issue an Order to the Bureau of Prisons requiring the Bureau of Prisons to give Mr. Galanis credit for each day he served in jail between April 25, 2017 and March 8, 2019 and restate that 72 months of Mr. Galanis' sentence on 16 CR 371 is to run current with his sentence on 15 CR 643 with only 48 months to run consecutively.

Thank you very much for your prompt attention to this matter.

Most Respectfully,

David Touger, Esq.

cc.: Rebecca Mermelstein, AUSA



U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 31, 2020

**BY ECF**

The Honorable Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *United States v. John Galanis*, 16 Cr. 371 (RA)

Dear Judge Abrams:

      The Government submits this letter response to the defendant's letter-motion requesting that the Court "clarify its sentencing terms to the Bureau of Prisons" to give him credit for time served prior to the imposition of sentence in the instant matter. (Aug. 19, 2019 Ltr. at 1). As set forth below, while the Bureau of Prison's calculation of the defendant's sentence is legally correct, the Government agrees that it does not comport with the sentence the Court intended to impose. Accordingly, the Government – with the defendant's consent – respectfully requests that the Court construe the defendant's letter as a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, grant the motion, and resentence the defendant principally to 97 months and 17 days.

Relevant Background

      On September 24, 2015, John Galanis was arrested on the basis of an Indictment (the "Gerova Indictment") charging him with one count of conspiracy to commit securities fraud in violation of Title 18, United States Code, Section 371, one count of securities fraud in violation of Title 15, United States Code, Sections 78j(b) and 78ff, Title 17, Code of Federal Regulations, Section 240.10b-5, one count of conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349, and one count of wire fraud, in violation of Title 18, United States Code, Section 1343. On July 20, 2016, Galanis pled guilty to Counts One and Two of the Gerova Indictment. On February 16, 2017, Judge Castel sentenced Galanis principally to 72 months' imprisonment (the "Gerova Sentence"). On April 25, 2017, Galanis began serving the Gerova Sentence.

      In the meantime, while the prosecution of the Gerova case was pending, on May 31, 2016 a grand jury returned an indictment (the "Wakpamni Indictment") charging Galanis with one count of conspiracy to commit securities fraud in violation of Title 18, United States Code, Section 371,

and one count of securities fraud in violation of Title 15, United States Code, Sections 78j(b) and 78ff, Title 17, Code of Federal Regulations, Section 240.10b-5, in connection with his role in the Wakpamni Fraud. Galanis proceeded to trial and on June 28, 2018, a jury found Galanis guilty on all counts.  On March 8, 2019, this Court sentenced Galanis to a term of imprisonment of 120 months and directed that "48 of those months is to be served consecutively to the sentence imposed by Judge Castel, and the remainder of the sentence is to run concurrently to the sentence imposed by Judge Castel." (Sent. Tr. at 39).  The Court also sentenced Galanis to three years supervised release.

## Discussion

A defendant who has exhausted his administrative appeals with the Bureau of Prisons ("BOP") may challenge the computation of his sentence solely through a motion pursuant to 28 U.S.C. § 2241. Pointdexter v. Nash, 333 F.3d 372, 377 (2d Cir. 2003) (explaining that section 2241 is the proper way for a federal inmate to challenge the BOP's calculation of credit to be given for other periods of detention).  Such a motion must be brought in the district in which the petitioner is confined.  See United States v. Kakar, 746 F. Supp. 369, 370 (S.D.N.Y. 1990) ("Claims for pre-sentence credit must be made by a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, and must be brought in the district in which the petitioner is confined or where his custodian is located."); accord United States v. Werber, 51 F.3d 342, 349 (2d Cir. 1995) (recognizing that a challenge to the BOP's calculation of a sentence under 18 U.S.C. § 3585 is properly raised in a § 2241 petition brought in the district where the movant is imprisoned).  Thus, because the defendant is presently incarcerated at FCI Terminal Island, in California, this Court lacks jurisdiction to adjudicate his claim.

The Government agrees, however, that the BOP's correct legal calculation results in a sentence longer than that the Court intended to impose.  When the Court stated that it intended the defendant to serve 48 months consecutively to the Gerova Sentence and "the remainder of the sentence to run concurrently to the [Gerova Sentence]," the Court clearly contemplated that Galanis would serve only 48 months' beyond the Gerova Sentence.  But the BOP's proper calculations pursuant to 18 U.S.C. § 3585 do not permit Galanis to receive credit towards the Wakpamni sentence for time served prior to its imposition.  As a result, the 120 months imposed by this Court began to run on the date sentence was imposed, without credit for the nearly two years Galanis served in custody as a result of the Gerova Sentence.

Accordingly the Government and the defendant jointly request that the Court construe the instant motion as a motion to vacate, correct, or set aside a sentence pursuant to 28 U.S.C. § 2255.  Although defense counsel's error was understandable – indeed, both the Government and the Court operated under the same misunderstanding as defense counsel – counsel rendered ineffective assistance by failing to apprise the Court that the structure of the sentence imposed would result in the defendant's serving a sentence nearly two years longer than the Court intended.  The parties further request that the Court resentence the defendant to a term of incarceration of 97 months and 17 days, which the BOP has advised will effectuate the Court's original intent.  The parties further request that the Court reimpose the same three year term of supervised release to which the defendant was previously sentenced.

Conclusion

      For the foregoing reasons, the parties respectfully request that the Court grant the defendant's motion and resentence him to a term of imprisonment of 97 months and 17 days, to be followed by three years supervised release.

                                        Respectfully submitted,

                                        AUDREY STRAUSS
                                        Acting United States Attorney for
                                        the Southern District of New York

                          By:      /s/
                                        Rebecca Mermelstein
                                        Negar Tekeei
                                        Assistant United States Attorney
                                        (212) 637-2360/2482



U.S. Department of Justice

*United States Attorney
Southern District of New York*

*The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007*

September 2, 2020

**BY ECF**

The Honorable Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States v. John Galanis*, 16 Cr. 371 (RA)

Dear Judge Abrams:

    The parties jointly write in response to the Court's order of September 1, 2020 to apprise the Court of the parties' view with respect to (i) whether the Court has jurisdiction to grant Galanis's § 2255 Motion during the pendency of his appeal; and (ii) whether the Court can resentence Galanis by written order.

    The parties agree that the Court lacks jurisdiction to grant Galanis's § 2255 Motion during the pendency of his appeal. *See, e.g., United States v. Ransom*, 866 F.2d 574, 575–76 (2d Cir. 1989) (district court "lack[s] authority" to order "substantive modifications of judgments" during the pendency of an appeal). The parties also agree that a full resentencing is neither necessary nor warranted. Section 2255 explicitly gives a district court wide discretion in deciding the appropriate remedy after granting such a motion. *See* 28 U.S.C. § 2255(b) ("the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate"); *See, also, Carranza v. United States*, 794 F.3d 237, 241 (2d Cir. 2015) (recognizing that the remedy for a granted 2255 petition may not be a new trial or a full resentencing). Thus, where, as here, the issue is merely a correction to the structure of the sentence imposed, the Court can and should issue an amended judgment without further proceedings.

      Galanis's appeal is fully briefed and the parties are awaiting a date for oral argument. Even under his corrected sentence, Galanis has approximately 97 months imprisonment left to serve. Accordingly, because the Court presently lacks jurisdiction to decide the motion and because there is no immediate urgency, the parties respectfully suggest that they notify the Court when Galanis's appeal has been decided at which point the parties will renew their request that the Court enter an amended judgment.

                                         Respectfully submitted,

                                           AUDREY STRAUSS
                                           Acting United States Attorney for
                                           the Southern District of New York

                         By:       /s/
                                           Rebecca Mermelstein
                                           Negar Tekeei
                                           Assistant United States Attorney
                                           (212) 637-2360/2482