**MANDATE**

19-619 (L)
*United States v. John Galanis*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: <u>March 2, 2021</u>

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of February, two thousand twenty-one.

PRESENT: JOHN M. WALKER, JR.,
REENA RAGGI,
WILLIAM J. NARDINI,
    *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

    *Appellee*,

v.     Nos. 19-619, 20-395

JOHN GALANIS, also known as Yanni,

    *Defendant-Appellant*,

DEVON ARCHER, JASON GALANIS, GARY HIRST,
HUGH DUNKERLEY, MICHELLE MORTON, BEVAN COONEY,

    *Defendants*.

_____

FOR APPELLEE:      REBECCA MERMELSTEIN *for* Audrey Strauss, United States Attorney for the Southern District of New York (Negar Tekeei, Thomas McKay, *on the brief*), New York, NY

FOR DEFENDANT-APPELLANT:      DAVID TOUGER, Peluso & Touger, LLP, New York, NY

1

On appeal from a final judgment of the United States District Court for the Southern District of New York (Ronnie Abrams, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part, **VACATED** in part, and **REMANDED** for entry of judgment as modified by this order.

Defendant-Appellant John Galanis, who was found guilty, following a jury trial, of substantive and conspiratorial securities fraud, *see* 15 U.S.C. §§ 78j(b), 78ff; 18 U.S.C. § 371; 17 C.F.R. § 240.10b-5, appeals from the judgment of conviction entered on March 8, 2019. We assume the reader's familiarity with the record.

**I.     Admission of Galanis's Past Conviction for Financial Fraud in a Scheme Involving His Son and Denial of Surrebuttal**

Galanis claims that the district court committed prejudicial error when, following the defense summation, it allowed the Government to reopen its case to introduce evidence that Galanis, his son Jason, and another co-defendant had been previously convicted of securities fraud (the "Gerova conviction"). We review a district court's decision to allow the Government to reopen its case for abuse of discretion. *See United States v. Bennett*, 709 F.2d 803, 806 (2d Cir. 1983). To determine whether a district court properly admitted evidence of a defendant's past criminal conduct under Fed. R. Evid. 404(b), we consider "whether (1) it was offered for a proper purpose; (2) it was relevant to a material issue in dispute; (3) its probative value is substantially outweighed by its prejudicial effect; and (4) the trial court gave an appropriate limiting instruction to the jury if so requested by the defendant." *United States v. LaFlam*, 369 F.3d 153, 156 (2d Cir. 2004).

The Gerova conviction was offered for a proper purpose material to the charged offense,

that is, to rebut Galanis's claim of ignorance and lack of intent. *See United States v. Bautista*, 252 F.3d 141, 147 (2d Cir. 2001). Moreover, the conviction was highly probative in that regard and accompanied by a robust limiting instruction. While the district court initially excluded evidence of the Gerova conviction on Rule 403 prejudice grounds, it put defense counsel on notice that he would open the door to this evidence by arguing either that Galanis had no reason to suspect Jason Galanis of fraudulent activity or that Galanis was deceived by Jason Galanis into furthering the conspiracy. After defense counsel made both of these points in summation, the district court acted within its discretion in reopening the case to permit the Government to introduce evidence of the Gerova conviction, particularly in light of the fact that it was "accompanied by a careful and thorough instruction limiting the evidence to relevant Rule 404 grounds," namely, Galanis's knowledge and intent. *United States v. Mercado*, 573 F.3d 138, 141 (2d Cir. 2009).

Nor did the district court abuse its discretion in not allowing Galanis to present Jason Galanis or others as surrebuttal defense witnesses. A defense surrebuttal is justified only when "(1) the government's rebuttal testimony raises a new issue, which broadens the scope of the government's case, and (2) the defense's proffered surrebuttal testimony is not tangential, but capable of discrediting the essence of the government's rebuttal testimony." *United States v. Murray*, 736 F.3d 652, 657 (2d Cir. 2013). Introduction of the Gerova conviction did not broaden the Government's case; it merely rebutted Galanis's argument that his son so duped everyone as to admit an inference that Galanis unwittingly furthered the bond scheme. Assuming arguendo that Jason Galanis would have testified in surrebuttal that his father was unaware of his plans to defraud the Wakpamni and bond investors, such testimony would not have discredited the fact of

the men's common Gerova conviction—a probative threshold which the district court correctly identified as required to warrant surrebuttal. *See id.*

## II. Denied Cross-Examination on the Wakpamni's Other Lending Practices

Galanis faults the district court for precluding him from questioning a Wakpamni witness about issuing unsecured, short term, high interest loans—that is, "payday loans." We will overturn evidentiary rulings only if they are "arbitrary and irrational." *See Mercado*, 573 F.3d at 141. Here, it was neither arbitrary nor irrational to exclude questions about specific instances of conduct that did not go to the witness's character for truthfulness. *See* Fed. R. Evid. 608(b)(1). The excluded questions would have served no purpose but to cast the victims of the charged crime in an unfavorable light based on irrelevant matters. The denial of such cross-examination was within the "wide latitude" afforded a district court "to impose reasonable limits" on cross-examination likely to prejudice the jury. *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986).

## III. The Procedural and Substantive Reasonableness of Galanis's Sentence

Galanis contends that his sentence is procedurally and substantively unreasonable because it fails to account for his minor role in the offense, his advanced age, and his serious health conditions. "District judges are given considerable discretion in fashioning the proper sentence for criminal defendants." *United States v. Brooks*, 889 F.3d 95, 100 (2d Cir. 2018). "A sentence is substantively unreasonable only if it cannot be located within the range of permissible decisions." *United States v. Betts*, 886 F.3d 198, 201 (2d Cir. 2018) (internal quotation marks omitted). "A sentence is procedurally unreasonable if the district court fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails

4

adequately to explain the chosen sentence." *United States v. Smith*, 949 F.3d 60, 66 (2d Cir. 2020) (internal quotation marks omitted).

Here, the sentence was procedurally and substantively reasonable. The record shows that the district court duly considered Galanis's Guidelines range of 135 to 168 months of imprisonment, the sentencing factors in 18 U.S.C. § 3553(a), and the need to avoid unwarranted sentencing disparities. It also shows that the district court acknowledged Galanis's health issues, but it noted that most of those conditions were already present when Galanis committed his offense and observed that the Bureau of Prisons is generally capable of handling inmates with such conditions. The district court weighed Galanis's age and health against his "extraordinary" history of "defrauding people and entities for well over 40 years" and, in particular, the devastating economic harm Galanis caused to the Wakpamni and the pension fund clients, whose money Galanis spent on "jewelry, cars, hotels, and disbursements to family members." Sentencing Tr. at 36–37. It is not our role to reweigh the factors the district court considered in imposing its sentence. *See United States v. Albarran*, 943 F.3d 106, 116 (2d Cir. 2019).

**IV.     The Denial of Galanis's *Pro Se* Recusal Motion**

Finally, Galanis appeals the district court's denial of his eleventh-hour pro se motion for recusal in order to allow another judge to consider his motion to vacate the jury's guilty verdict. We review the denial of a recusal motion for abuse of discretion, *see Apple v. Jewish Hosp. & Med. Ctr.*, 829 F.2d 326, 333 (2d Cir. 1987), which we do not identify here. The district court properly denied the motion. Not only was the recusal motion untimely, coming over nine months after the entry of judgment, *see id.* at 332–33 (discussing 28 U.S.C. §§ 144, 455), but also, both the motion to recuse and the motion to vacate were completely meritless, *see id.* at 334.

5

V.   **Modification of Galanis's Restitution**

Apart from Galanis's claims, the Government took the position at oral argument that Galanis's restitution obligation to the Wakpamni should be reduced to include only the actual $150,0000 loss, spent on unfinished construction projects in reliance on the conspirators' false promises, and to exclude $357,740 in expectation damages for anticipated costs to complete those projects, *see United States v. Boccagna*, 450 F.3d 107, 119 (2d Cir. 2006). The Wakpamni have received notice of the Government's proposal and do not object. We agree, and therefore direct the district court to reduce its restitution award by $357,740 from $43,785,176 to $43,427,436.

\*     \*     \*

We have considered Galanis's remaining arguments and we find them to be without merit. We therefore **AFFIRM** the judgment of the district court in all respects, except that we **VACATE** that part awarding restitution, and **REMAND** with direction to enter a modified restitution order consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

6